ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

FILED
AUG 2 4 2009
UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

ANDREW C. BAILEY

Debtor.

Chapter 11

Case No. 2:09-bk-06979-PHX-RTBP

EMERGENCY MOTION FOR ESTABLISHMENT OF BAR DATE PURSUANT TO BANKRUPTCY CODE § 3003(c)(3)

## EMERGENCY MOTION TO ESTABLISH CLAIMS BAR DATE

**TO THE HONORABLE REDFIELD T. BAUM**
**UNITED STATES BANKRUPTCY JUDGE:**

The above-captioned Debtor and Debtor in Possession, pursuant to FED. R. BANKR. P. 3003(c)(3) hereby files this *Emergency Motion to Establish a Claims Bar Date* (the "Motion"), seeking entry of an order establishing September 25, 2009 (the "Bar Date") as the final date and time by which all entities, excluding governmental units, must file proofs of claim in this Chapter 11 case. In support of this Motion, the Debtor respectfully represents as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. PROCEDURAL & GENERAL BACKGROUND

2. On April 8th, 2009 three of the Debtor's unsecured creditors filed an involuntary petition against the Debtor for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting the Debtors' motion to convert to voluntary Chapter11 thereby commencing the above-captioned case

4. The Debtor has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

5. The United States Trustee's office has re-scheduled the initial creditors' meeting pursuant to 11 U.S.C. § 341 for September 4, 2009.

6. The Debtor continues diligently to seek informed and affordable counsel, having conducted interviews and consultations with several such attorneys, none of whom has yet agreed to represent the Debtor. Until the Debtor succeeds in retaining counsel, he is acting Pro Per.

## III. RELIEF REQUESTED

### A. Bar Date

4. By this Motion, the Debtor requests that the Court set the claims bar date as to

all parties, other than governmental entities, to **September 25, 2009.** The Debtor desires to be in a position to file his plan and disclosure statement by September 28, 2009, the last day of 120-day exclusivity period. Setting the bar date at September 25, 2009, will enable the Debtor to obtain complete and accurate information regarding the nature, validity and amount of all claims that will be asserted in this chapter 11 case. As such, the Debtor believes it will further the progression of this case to know the aggregate amount and types of claims as soon as possible.

    5. Accordingly, the requested Bar Date will give all parties in this case approximately five weeks to review the schedules and to determine whether a claim needs to be filed at all. The Debtor, therefore, submits that September 25, 2009, is a feasible and reasonable deadline. Furthermore, even with the establishment of the requested Bar Date, the relief requested herein is without prejudice to any party-in-interest to request, upon proper showing, to have the claim bar date extended as to them or to file a late claim. The Debtor is not seeking the relief set forth herein as to governmental agencies.

**B. Basis for Relief**

    6. Bankruptcy Rule 3003(c)(3) provides that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." FED. R. BANKR. P. 3003(c)(3). Other than § 502(b)(9) which provides that governmental units are provided a minimum of 180 days after the petition date to file claims, neither the Bankruptcy Code nor the Bankruptcy Rules specify a time by which proofs of claim must be filed in chapter 11 cases. The Debtor submits that the circumstances of this reorganization case justify fixing the bar date as requested herein.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, establishing the claims bar date at September 25, 2009, with respect to all claims (excluding governmental agencies) to be filed in this case.

Respectfully submitted,

DATED this 21st day of August, 2009.

Andrew C. Bailey, Debtor

By _____
Pro Per

Copy of the foregoing was
mailed on 8/21/2009, to:

Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Trustee