37

**ANDREW C. BAILEY**
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

**FILED**

OCT 0 8 2009

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Chapter 11** |
| **ANDREW C. BAILEY** | **Case #: 2:09-bk-06979-PHX-RTBP** |
| Debtor. | **MOTION FOR RE-HEARING PURSUANT TO Bankruptcy Rule § 8015 (Related to Docket #22)** Re: Real Property Located at 153 Western Avenue Glendale, CA 91201 |

## DEBTOR'S MOTION FOR RE-HEARING

**TO THE HONORABLE REDFIELD T. BAUM**
**UNITED STATES BANKRUPTCY JUDGE:**

Debtor, pursuant to Bankruptcy Rule §8015 moves the Court to rehear the matter resulting in the Order of October2, 2009, which granted the Motion of Wells Fargo Bank, NA (hereafter "Movant") for Relief from the Automatic Stay, for reasons set forth in the "Grounds For Rehearing" below.

– 1 –

This Motion (and the underlying contested matter) is supported by the attached Exhibits and Memorandum of Points and Authorities, which are incorporated herein by this reference. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Bankruptcy Rule §8015.

3. This motion is timely filed within the 10-day period following the Order of October 2, 2009.

**GROUNDS FOR REHEARING**

- Improper notice. Notice was clearly for a Preliminary Hearing.
- Movant's counsel attached incorrect Procedural order to notice. Notice was defective.
- Courtroom sound system was such that Debtor mis-heard Movant's attorney and Honorable Judge on several occasions as evidenced in courtroom transcript.
- Debtor's allegations challenging Movant's standing not examined by the court. Movant's counsel failed to satisfy Movant's standing and jurisdictional burdens*.
- Debtor was denied due process in that (i) The Order denied evidentiary hearing. (ii) The Order denied expert witness testimony. (iii) The Order denied Debtor's right to discovery.

- The Order was premature because Debtor's allegations taken as true would mean the real lender is a third party without notice because the existing parties refuse to disclose the identity of the lender(s).
- Pro Se litigant should receive some leniency from the court.
- The Order is based on Movant's unsubstantiated assertion that it is the current beneficiary. On information and belief this is false and Movant and Movant's counsel know it to be false.
- A photocopy of the original note is insufficient to prove current status of the note.
- There are unresolved Trustee Substitution issues.
- There were multiple assignments of the Deed of Trust including (Exhibit "A")
- Los Angeles County Records show US Bank NA as Trustee for WFMBS 2006-AR2 to be current beneficiary. (Exhibit "A")
- Debtor preparing Motion to enforce the QWR pursuant to RESPA for an order requiring Movant to answer the question: who owns this loan and how does Debtor get in touch with them. (Exhibit "B")

* 1. "The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate." Christopher A. Boyko, J. *In re Foreclosure Cases*, 2007 WL 3232430 (N.D.Ohio, Oct. 31, 2007) and *In re Foreclosure Actions*, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007)

2. In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. Sept.2008, Bufford. J.)

The above points are elaborated in detail below. The Debtor begs the court to consider his position, which after months of research he believes to be reasonable and well-founded.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Background Material Facts**

1. At the September 28, 2009 Preliminary Hearing the Debtor reasonably expected that the hearing would be no more than a <u>Preliminary</u> Hearing, in which each of the opposing parties would have the opportunity to present its case, after which a date for an evidentiary hearing would be set. The Debtor was unprepared for anything other than a Preliminary Hearing because that is clearly what the notice stated. The Debtor was surprised, dismayed and shocked to learn that this court found itself obliged to issue an Order lifting the Automatic Stay, despite the fact that this was only a Preliminary Hearing on the matter.

2. On or about July 9, 2009, Movant Wells Fargo Bank NA through Arizona law firm Tiffany & Bosco (hereafter T&B) filed a Motion for Relief from the Automatic Stay with respect to real property at 153 Western Avenue, Glendale, CA 91201.

3. On that same date, July 9, 2009, the same company, T&B filed a Notice of Appearance and Request for Notice.

4. The Substitute Trustee of record on that date was First American Loanstar Trustee Services, Fort Worth Texas. Substitution of Trustee was filed in Los Angeles County January 21, 2009 .

5. There is no Substitution of Trustee document on record at the Los Angeles County Recorder's office that mentions T&B.

– 4 –

6. The Debtor had previously received a Notice of Default from First American Loanstar Trustee Services dated December 18, 2008, a month before the January 21, 2009 Substitution of Trustee.

7. A recent search of the Los Angeles County Records revealed an Assignment of Deed of Trust dated January 27, 2009 granting, assigning and transferring to US National Bank Association as trustee for WFMBS 2006-AR2, all beneficial interest under the certain Deed of Trust dated November 16, 2005.

8. On July 21, 2009, the Debtor wrote a letter to Mark S. Bosco of Tiffany & Bosco asking Mr. Bosco and his client Wells Fargo Bank NA "to cooperate in an attempt to work out a beneficial arrangement for all concerned". No response was ever received by the Debtor, as with all previous communications with Wells Fargo or their attorneys.

9: On or about July 23, 2009 the Debtor filed a Motion in Opposition to Movant's Motion for Relief from Stay.

10. On or about July 28, 2009, Movant filed notice of a Preliminary Hearing with respect to the motion to Lift the Automatic Stay, set for September 11, 2009.

11. The Preliminary Hearing was continued to September 28, 2009.

12. At the Preliminary Hearing on September 28, 2009, the Debtor had in hand, among other items, evidentiary documents indicating that Movant Wells Fargo Bank NA is not the owner of the subject loan or the current beneficiary. The county records show US National Bank Association as trustee for WFMBS 2006-AR2 to be the holder of record. The law arguably requires Movant to bring the original note and mortgage to the hearing, to prove its authority to pursue foreclosure. In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. Sept.2008, Bufford. J.) *In re Foreclosure Cases*, 2007 WL 3232430 (N.D.Ohio, Oct. 31, 2007) and *In re Foreclosure Actions*, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007)

13. The Debtor was preparing to bring in expert witness Neil Garfield MBA JD of Chandler,

10/09/2009

AZ at the evidentiary hearing to testify, among other things, that the subject loan was securitized and therefore paid at least as to this party, i.e the Movant.

14. The Debtor was preparing to enter into evidence, among other documents, the results of his pending Forensic Mortgage Audit and the federally-required response of Movant Wells Fargo Bank NA to his Qualified Written Request and Debt Validation Letters pursuant to the Federal Real Estate Settlement Procedures Act (RESPA) and its equivalent under Arizona State law.

15. The Debtor had difficulty in the Prescott courtroom hearing either opposing counsel or the Honorable Judge himself, as evidenced in the court transcript. This difficulty was due in large part to the poor quality of the courtroom's public address system.

16. The combination of improper notice, the fact that the September 28, 2009 proceedings granted the Movant's Motion for Lift of Stay despite the clear implication of the wording of the July 28, 2009 Notice of Preliminary Hearing that the September 28, 2009 hearing was merely a Preliminary Hearing and not a Final Hearing, the fact that the Debtor is in the midst of discovery, and the auditory difficulties in the courtroom, all contributed to denial of due process.

17. Furthermore, at the September 28, 2009 Preliminary Hearing, the Debtor was unable to answer the court's question as to equity, for good reason. That information is simply not available, opposing counsel's unsubstantiated opinion notwithstanding. Absent a court-ordered independent appraisal, current fair market value is unknown. The Debtor does not know how much is still owing on the subject loan, and the subject loan may have been paid in part or in full by third parties, including but not limited to Wall Street mortgage-backed asset trusts, credit-default insurance and Federal bailout money. Payment of the obligation would appear to be the case, according to the Debtor's expert analysts. The Debtor may therefore have a great deal of equity in the property, but has no way of

evaluating and asserting this until full disclosure and a complete accounting of the financial facts of the case have been accomplished.

18. Additionally, the subject property is essential to the Debtor's re-organization plan. It is his intention to sign over his interest in that property in satisfaction of his unsecured creditor Constance B. Marlow, who is already 50% owner of the home.

19. On or about August 15, 2009 the Debtor retained the services of expert witness Neil Garfield, MBA. JD. At the same time the Debtor retained the services of banking industry analyst Brad Keiser, BA. MBA, who has performed a Preliminary Document Review of the subject loan, and is currently engaged in a full Forensic Mortgage Audit of the subject loan.

20. The Preliminary Document Review revealed that the Debtor's obligation appears to have been paid by third parties, possibly including insurance carriers or counter-parties on credit default swaps who might have rights of subrogation

21. On information and belief Movant Wells Fargo Bank NA is not a secured creditor, and is not the Debtor's true lender, having been merely the "loan seller" at the origination of the loan and later the "loan servicer". There is no doubt that the subject loan was securitized before or at the closing, which means that Wells Fargo Bank NA did not fund the loan, and therefore had no stake in the success or otherwise of the mortgage. Wells Fargo Bank NA is not holder in due course, is not a real party in interest, is not the current beneficiary, has never provided evidence of authority to foreclose, and as such has no standing in the court. For these and other reasons Wells Fargo Bank NA has no authority to seek relief from the automatic stay or to bring an action of foreclosure in the first place.

22. Pursuant to the Federal Real Estate Settlement Procedures Act (RESPA) the Debtor has served a Qualified Written Request and Debt Validation Letter by certified mail on Movant. [EXHIBIT "A"] It is mandatory under RESPA to answer the question of who is

the lender, what is the name of an authorized person at the lender, what is his/her address and telephone number, and whether they have a complete record of receipts and disbursements or only the receipts from the borrower? By definition, the Debtor is told, the securitization of the loan means that there were receipts, payments, and transfers of interests, additional obligors, and additional terms and conditions added along the way.

23. At no time did Movant Wells Fargo Bank NA ever fund the subject loan. On the contrary, they were paid to pretend they were the lenders, thus concealing from the Debtor the true party or parties in interest and the vast profits they were making, without any disclosure either to the Debtor or to the investor/s who actually put up the money to fund the subject loan.

24. On information and belief, predatory lending practices and other violations of the Federal Truth In Lending Act (TILA) were involved in the loan origination. Contrary to law, industry-standard underwriting procedures were ignored. The borrower's Federal tax returns were never requested. The loan was a "no-document stated-income" interest-only mortgage that relied largely upon income from the borrower's prior one-time sale of a property in New York State.

25. The Debtor's case is part of the nationwide economic downturn brought about by the banks and Wall Street, including the Movant. The downturn is directly attributable to the securitization of millions of residential home loans, many of which were known at the time of closing to be "toxic assets" resulting from predatory lending practices. Countless homeowners and investors have been defrauded, while the middlemen, the banks and Wall Street, post record profits after receiving billions of dollars in TARP and other federal bailout monies.

26. Judges in many states, including Florida, New York, Massachusetts, Hawaii, Ohio, California, Illinois, Arkansas and Kansas are increasingly aware of the illegal and

10/09/2009

fraudulent nature of many if not most of the foreclosures currently threatening millions of homeowners. Decisions are being made in favor of the homeowner in numerous cases by Judges Boyko, Bufford, Schack, O'Malley and others. *In re Hwang, 396 B.R. 757 (Bankr. C.D. Cal. Sept.2008, Bufford. J.) In re Foreclosure Cases*, 2007 WL 3232430 (N.D.Ohio, Oct. 31, 2007) and *In re Foreclosure Actions*, 2007 WL 4034554 (N.D.Ohio, Nov. 14, 2007)

27. Absent from Movant's Motion was any reference to facts known to Movant at the time that the action to foreclose was filed, namely that on or about January 27, 2009 Wells Fargo Bank NA executed an Assignment of the Deed of Trust the subject of Movant's Motion recorded in the Official Records of the Los Angeles County Recorder's Office, whereby Movant granted, assigned, and transferred all of its beneficial interest in the subject Deed of Trust to an entity denominated as US Bank National Association as Trustee for WFMBS 2006-AR2. There is no allegation in Movant's Motion that US Bank National Association as Trustee for WFMBS 2006-AR2 ever re-assigned their interest in the subject Deed of Trust back to Movant in order for Movant to seek relief in this proceeding or granted Movant with any rights to seek such relief.

28. Movant has failed to demonstrate, and cannot demonstrate, that it had legal standing to request relief from the automatic stay to pursue a foreclosure and Trustee's Sale of the Debtor's property at the time that it filed its action of foreclosure and Motion, which were devoid of any allegations that Movant's previously assigned interest in the Deed of Trust to US Bank National Association as Trustee for WFMBS 2006-AR2 were either re-assigned back to Movant or that Movant had been provided with any legal authority by US Bank National Association as Trustee for WFMBS 2006-AR2 to pursue relief from the automatic stay. As in the referenced decision of Judge Boyko, "...*none of the Assignments show the named Plaintiff to be the owner of the rights, title, and interest under the Mortgage at issue as of the date of the Foreclosure Complaint.*"

10/09/2009

29. If the Order of October 2, 2009 is permitted to stand, the Debtor will suffer irreparable harm, a miscarriage of justice will have occurred, and Wells Fargo Bank NA will be unjustly enriched.

## II. Procedural Issues

1. The Debtor is concerned that he may have misunderstood the Court's Procedural Order (Procedures in Relief of Stay Matters) and thus inadvertently have failed to follow the correct Procedures.

2. The Debtor received an incorrect Procedural Order from T&B which resulted in a period of confusion. On or about August 17, 2009 Courtroom Deputy Lorraine Davis directed the Debtor to the Court's website where he was able to download the correct Procedural Order (Procedures in Relief of Stay Matters).

3. The Order contains clear instructions to both parties to engage in negotiations.

4. The Debtor attempted to engage T&B by telephone. Evelyne David at T&B made it clear that Mr. McDonald would not speak to the Debtor as that would constitute a "conflict of interest". Attempts to engage T&B by letter met with no response.

5. T&B made no attempt to contact the Debtor pursuant to the Procedural Order (Procedures in Relief of Stay Matters) which requires counsel for both parties to have personally consulted about all issues regarding the Motion.

6. As the Debtor is acting Pro Se, the Debtor is in fact his own counsel. Therefore it was required of T&B to "personally consult" with the Debtor. As T&B knows the Procedures far better than the Debtor, they should have either initiated the consultation/s or at the very least have responded to the Debtor's communications. They did not do so, to the Debtor's detriment.

7. In their July 9, 2009 Notice of Filing Motion T&B states "FINALLY, Movant's counsel

certifies that a letter was not sent seeking to resolve the issues necessitating the motion, as the Debtor has indicated they are surrendering their interest in the property or the property is not the Debtor's main residence." This is not true. The Debtor has never indicated any intention to surrender the property, their son lives full-time at the property, and the Debtor and his partner, who divide their time between California and Arizona, occupy the property whenever they are in Los Angeles.

8. The Debtor, a Pro Se litigant despite his diligent search for counsel, appeals to the court's traditional disposition of leniency toward pro se litigants. *See Gallegos v. Louisiana Code of Criminal Procedure Art. 658* , 858 F.2d 1091, 1092 (5th Cir. 1988) (holding that leniency should be accorded to pro se litigants when the defect in a complaint is merely procedural and there are potential grounds for relief); *Moawad v. Childs* , 673 F.2d 850, 851 (5th Cir. 1982) (holding that "[a] pro se complaint . . . should not be dismissed unless it appears that the plaintiff can prove no set of facts which would entitle him to relief").

### III. Applicable Law and Relief Sought

Bankruptcy Rule §8015: Motion for Rehearing: Unless the district court or the bankruptcy appellate panel by local rule or by court order otherwise provides, a motion for rehearing may be filed within 10 days after entry of the judgment of the district court or the bankruptcy appellate panel. If a timely motion for rehearing is filed, the time for appeal to the court of appeals for all parties shall run from the entry of the order denying rehearing or the entry of a subsequent judgment

### IV. Notice

No trustee or examiner has been appointed in this Chapter 11 Case. The Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to the

10/09/2009

the Movant.. In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

**WHEREFORE** the Debtor respectfully moves the Court to grant a rehearing for the above-specified reasons. The Debtor further requests that the Court allow an evidentiary hearing on the Motion at a future date with sufficient time for Movant Wells Fargo Bank NA to respond to the RESPA qualified written request and Debt Validation Letter, for the Debtor's mortgage analysts to complete the Forensic Mortgage Audit, and for the Debtor's expert witness to prepare and present his testimony.

**Dated:** October 7, 2009.

Signed: _____

**Andrew C. Bailey, in Pro Per**

Copy of the foregoing was
mailed on October 7, 2009 to:

Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Trustee

Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Attorneys for Wells Fargo Bank NA

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

CASE NO. 2:09-bk-06979-RTBP

Chapter: 11

IN RE:

ANDREW C BAILEY

2500 N. Page Springs Rd

Cornville, AZ 86325

Debtor

## ORDER GRANTING DEBTOR'S MOTION FOR REHEARING
### (Relating to Docket # 22)

Upon consideration of the Debtor's Motion to rehear the matter previously heard in the preliminary hearing on September 28, 2009, which granted the motion of Wells Fargo Bank, NA for Relief from the Automatic Stay, pursuant to Bankruptcy Rule §8015, title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), (the "Motion"); and the Court having found that notice of the Motion is proper; and it further appearing that the relief requested in the Motion is in the best interests of the Debtor and his estate, creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing thereof, it is hereby

1. **ORDERED,** that the Motion for rehearing is granted; and it is further

2. **ORDERED,** that in the event the contested matter cannot be resolved at the rehearing, an evidentiary hearing shall be scheduled at an appropriate future date; and it is further

3. **ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

SIGNED this ___day of _____2009.


_____

**THE HONORABLE REDFIELD T. BAUM**

10/09/2009

2

 *20090117288*

Recording Requested By:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FT WORTH, TX 76161-0253

| APN: | 5626-005-004 | | Space above this line for Recorder's use only |
| TS No. : | 20083070810770 | Title Order No. : | 3945036 |

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2006-AR2

all beneficial interest under that certain Deed of Trust dated: 11/16/2005 executed by

ANDREW CAMERON BAILEY CONSTANCE BAXTER MARLOW

Trustor(s), to FIDELITY NATIONAL TITLE INS CO, as Trustee, and recorded on 12/2/2005 as Instrument No. 05 2946072, in Book , Page in the office of the County Recorder of LOS ANGELES County, CALIFORNIA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated : 1/27/09

WELLS FARGO BANK, N.A. BY FIRST AMERICAN
LOANSTAR TRUSTEE SERVICES, LLC, ITS ATTORNEY IN
FACT

By: Chet Sconyers, Certifying Officer

State of     TEXAS

County of     TARRANT

Before me _____ Shaunte D. Williams _____ , on this day personally appeared,
Chet Sconyers _____ , known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 27 day of Jan A.D. 2009

(Notary Seal)

Shaunte D. Williams


SHAUNTE D. WILLIAMS
Notary Public, State of Texas
My Commission Expires
May 23, 2012

21
EXHIBIT "A"

10/09/2009

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Mark S. Bosco, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 0060412178

Dear Mr. Bosco,
　　　　Please find attached a Qualified Written Request and Debt Validation Letter for
the immediate attention of your client Wells Fargo Bank NA. The referenced property is
153 Western Avenue, Glendale, CA 90201.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of
litigation and confusion concerning my relationship with your client, the identity of my
creditor/s (who may or may not be your client) and the amount still owing on the loan.
The originating "lender" was Wells Fargo Home Mortgage, but Los Angeles County
records show US Bank as the owner of the note, just one point in the inconsistent and
confusing nature of my relationship with your client.

Clearly due process calls for full-fledged discovery followed by evidentiary hearings
involving all of the stakeholders. Most of the required information is in the possession of
your client, and will cost time and money to gain access to. It is to the advantage of all
parties in interest that the requested information be disclosed as soon as possible, as
required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end,
among other actions, I have retained the services of an expert witness and a team of
professionals who are in the process of performing a full Forensic Audit of my loan with
your client.

Sincerely,

Andrew C Bailey

EXHIBIT "B"

Andrew C Bailey
c/o 2500 N. Page Springs Road,
Cornville, AZ 86325.

Wells Fargo Bank NA
c/o Tiffany & Bosco, PA
2525 East Camelback Road
Suite 300
Phoenix, AZ 85016

Certified Mail #
Date: September 21, 2009.

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # **0060412178** (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # **0060412178**. In the event you do not supply me

with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account #**0060412178** by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial

penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account #**0060412178**:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

**In regards to Debits and Credits:**

1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why?

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not

recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.

**In regards to Suspense/Unapplied Accounts:**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

**In regards to late fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?

**In regards to Property Inspections:**

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?

**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?

### In regards to Force-Placed Insurance:

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.

**In regards to Servicing:**

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

3-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

5-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

9- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

10-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

11-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

15-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

17-How much was paid for this individual mortgage account by you?

18-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

19-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

20-Who did you issue a check or payment to for this mortgage loan?

21-Please provide me with copies of the front and back of the canceled check.

22-Did any investor approve of the foreclosure of my property? Yes or No?

23-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24-Please identify all persons who approved the foreclosure of my property.

Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

### Default Provisions under this QUALIFIED WRITTEN REQUEST

Wells Fargo Bank NA or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in Andrew C. Bailey or any property or collateral connected to Wells Fargo Bank NA or account #0060412178 and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-Andrew C. Bailey's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or

appointment Wells Fargo Bank NA may have or may have had in connection with account #0060412178 and any property and/or real estate connected with account #0060412178.

2- Andrew C. Bailey's right to have any certificated or uncertificated security re-registered in Andrew C. Bailey's, and only Andrew C. Bailey's name.

3- Andrew C. Bailey's right of collection via Wells Fargo Bank NA's liability insurance and/or bond.

4- Andrew C. Bailey's entitlement in filing and executing any instruments, as power of attorney for and by Wells Fargo Bank NA including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where Wells Fargo Bank NA is located.

5- Andrew C. Bailey's right to damages because of Wells Fargo Bank NA's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's asset by Wells Fargo Bank NA issuing to Andrew C. Bailey a certified check for the original value of Andrew C. Bailey's monetary instrument.

6- Andrew C. Bailey's right to have account #0060412178 completely set off because Wells Fargo Bank NA's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's monetary instrument/asset by Wells Fargo Bank NA sending confirmation of set off of wrongful liability of Andrew C. Bailey and issuing a certified check for the difference between the original value of Andrew C. Bailey's monetary instrument/asset and what Andrew C. Bailey mistakenly sent to Wells Fargo Bank NA as a payment for such wrongful liability.

Wells Fargo Bank NA or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for Wells Fargo Bank NA in accordance with Wells Fargo Bank NA's Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as Wells Fargo Bank NA's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When Wells Fargo Bank NA fails by not rebutting to any part of this RESPA REQUEST Wells Fargo Bank NA agrees with the granting unto Andrew C.

Bailey's unlimited Power of Attorney and any and all full authorization in signing and endorsing Wells Fargo Bank NA's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by Wells Fargo Bank NA waives any and all claims of Andrew C. Bailey, and/or defenses and remains in effect until the satisfaction of all obligations by Wells Fargo Bank NA have been satisfied.

Sincerely,

Andrew C Bailey

153

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Miles_  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery
_S. Miles_

D. Is delivery address different from Item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Mark Bosco
Tiffany Bosco
2525 E. Camelback
              Ste 300
Phoenix
AZ 85016

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )  ☐ Yes

2. Article Number
   (Transfer from service label)    7009 0820 0000 9594 2274

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Miles_  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery
_S. Miles_

D. Is delivery address different from Item 1?  ☑ Yes
   If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

Mark Bosco
Tiffany Bosco
2525 E. Camelback
              Ste 300
Phoenix AZ 85016

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )  ☐ Yes

2. Article Number
   (Transfer from service label)    7009 0820 0000 9594 2243

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

10/09/2009