34

**FILED**

OCT 1 4 2009

**UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA**

1  **ANDREW C. BAILEY**
2  2500 N. Page Springs Rd
   Cornville, AZ 86325
3  928 634-4335
   *Debtor in Pro Per*
4

5  ## UNITED STATES BANKRUPTCY COURT

6  ## FOR THE DISTRICT OF ARIZONA

7  In re:                          **Chapter 11**

8  **ANDREW C. BAILEY**             **Case #: 2:09-bk-06979-PHX-RTBP**

9
                Debtor.          **MOTION TO ENFORCE
10                                QUALIFIED WRITTEN REQUEST
                                  PURSUANT TO
11                                12 U.S.C. §§2605, 2609**

12

13

14
       ### MOTION TO ENFORCE RESPA QUALIFIED WRITTEN REQUEST
15

16  **TO THE HONORABLE REDFIELD T. BAUM
    UNITED STATES BANKRUPTCY JUDGE:**
17

18       The above-captioned Debtor and Debtor-in-Possession, pursuant to 12 U.S.C.

19  §§2605 and 2609, hereby moves the Court for entry of an Order (the "Order"), in

20  substantially the form attached hereto as Exhibit "A", compelling the below-named parties

21  to provide information requested of them pursuant to the Real Estate Settlement

22  Procedures Act in Debtor's qualified written request letters dated September 21, 2009.

23  Debtor further moves the court for an Order preventing the parties from taking any further

24  action against him or his properties until they comply with the requirements of the Real

25  Estate Settlement Procedures Act (RESPA).

10/15/2009

This Motion is supported by the attached Memorandum of Points and Authorities and Exhibits "B" through "D" which are incorporated herein by this reference. In further support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is 12 U.S.C. §§2605 and 2609.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. On or about September 21, 2009 the Debtor sent by certified mail, return receipt requested, Qualified Written Request and Debt Validation Letters pursuant to 12 U.S.C. §§2605 and 2609 (Federal Real Estate Settlement Procedures Act) to counsel for each of his four (4) alleged mortgage lenders. EXHIBITS "B", "C" and "D".

2. The four (4) alleged mortgage lenders are

    (a) Wells Fargo Bank, NA (Account # 0152325825)

    (b) Wells Fargo Bank, NA (Account # 0060412178)

    (c) Wells Fargo Bank, NA (Account # 65000971050001)

    (d) Countrywide Home Loans, aka BAC Home Loans Servicing, LP

    (Account # 164999184)

3. The Qualified Written Request and Debt Validation Letters require the alleged lenders to provide, at minimum, the following information to the Debtor:

- A complete life of loan transactional history;
- The Transaction Codes for the software platform of the Servicer;

10/15/2009

- The Code definitions in plain English;
- The Key Loan Transaction history, bankruptcy work sheet, or any summary of all of the accounts in Excel spreadsheet format;
- The MERS Milestone Reports and the Edgar website address for the Pooling and Servicing Agreement, Prospectus and Prospectus Supplement
- The name, address, name of a contact person and telephone number of the current holder and owner of the mortgage note;
- Copies of all collection notes and communications files;
- An itemized statement of the amount needed to fully reinstate the loan;
- All communications with any non-lawyer third-party providers; and
- All Form P-309 screen shots of all system accounts.

4. A mortgage servicer is legally obligated under federal law (Cranston Gonzales Amendment to Real Estate Settlement Procedures Act, 12 U.S.C. §2605) to respond to certain requests while it is servicing the loan and for one year thereafter.

5. Servicers try to make the argument that RESPA is preempted by the Bankruptcy Code. The answer to this argument can be found in Section 1322(e) of the Bankruptcy Code, which states that the amount necessary to cure a default shall be determined in accordance with the "underlying agreement and applicable nonbankruptcy law." Since non-bankruptcy law includes RESPA, it is clear that RESPA compliance is required for all servicers of loans involved in Chapter 11 cases.

6. The Debtor has a legal right to the requested information. He is told that despite Federal law requiring them to do so, the alleged lenders routinely ignore these requests. The Debtor is entitled to $1,000 damages for their failure to respond properly, but if he is limited to that, the alleged lenders are able to continue their unfounded, unsubstantiated and possibly fraudulent claims under color of this court's authority.

7. The Debtor is not asking for damages. He is demanding answers.

8. It is mandatory under RESPA to answer the question: who is the lender, what is the name of an authorized person at the lender, what is his/her address and telephone number,

10/15/2009

and do they have a complete record of receipts and disbursements or only the receipts from the borrower? By definition, the Debtor is told, the securitization of the loan means that there were receipts, payments, and transfers of interests, additional obligors, and additional terms and conditions added along the way.

9. On or about August 15, 2009 the Debtor retained the services of banking industry analyst Brad Keiser, BA. MBA, who is currently engaged in a full Forensic Mortgage Audit of the subject loans.

10. An estimated 80% of the information sought in the above Audit is in the possession of the above-named recipients of the Qualified Written Request and Debt Validation Letters.

11. A complete accounting is required of the subject loans from inception all the way through the chain of securitization. The accounting is necessary not only to determine the amount due or the payments due but also to identify likely stakeholders so the Debtor does not end up with double or triple liability on the same obligation, an obligation which might have been paid in whole or in part by unknown third parties who might in turn have succeeded to the claims of the original investors who put up the money and created a fund from which the funding of the Debtor's loans took place.

12. The withholding of the information requested above is to the extreme detriment of the Debtor and to the extreme benefit of the above-named parties.

**Relief Requested**

1. An Order pursuant to 12 U.S.C. §§2605 and 2609 to compel RESPA compliance as detailed above.

2. An Order that prevents the above-named parties from taking any further action against Debtor or his property until they answer the Qualified Written Request and in particular reveal the name of the real lender (i.e., the party who is currently owed money on the

-4-

obligation they are claiming to enforce), and the name, telephone and address of an authorized person at said real lender.

**Notice**

No trustee or examiner has been appointed in this Chapter 11 Case.

The Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to the Debtor's alleged mortgage lenders; (c) any party-in-interest that has requested notice pursuant to Rule 2002 of the Federal Rules.

In light of the nature of the relief requested, the Debtor submits that no further notice is required or needed under the circumstances.

**WHEREFORE** the Debtor respectfully moves the Court to enter an Order requiring the named parties to comply with the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. §§2605 and 2609. The Debtor further moves the court to enter an Order preventing the named parties from taking any further action against Debtor or his property until they have answered the RESPA Qualified Written Request specifically revealing the name of the real lender with respect to the subject loan.

**Dated:** October 12, 2009.

Signed: _____

**Andrew C. Bailey, in Pro Per**

| | |
|---|---|
| 1 | Copy of the foregoing was |
| 2 | mailed on October 13 ,2009 to: |
| 3 | |
| | Office of the US Trustee |
| 4 | 230 N. First Avenue, Suite 204, |
| | Phoenix, AZ 85003 |
| 5 | |
| | Trustee |
| 6 | |
| | Leonard McDonald, Esq |
| 7 | Tiffany & Bosco, PA |
| 8 | 2525 East Camelback Road, Suite 300 |
| | Phoenix, Arizona 85016 |
| 9 | |
| 10 | Attorney for Wells Fargo Bank NA |
| 11 | Dean Prober, Esq |
| 12 | Polk, Prober & Raphael |
| | PO Box 4365 |
| 13 | Woodland Hills, CA  91365-4365 |
| 14 | |
| | Attorney for BAC Home Loans Servicing, LP |
| 15 | |
| 16 | Ronald Horwitz, Esq |
| | Jaberg & Wilk, PC |
| 17 | 3200 N. Central Avenue |
| | Phoenix AZ 85012 |
| 18 | |
| 19 | Attorney for Wells Fargo Bank NA |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

- 6 -

**EXHIBIT "A"**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

CASE NO. **2:09-bk-06979-RTBP**

**Chapter: 11**

IN RE:

**ANDREW C BAILEY**

**2500 N. Page Springs Rd**

**Cornville, AZ 86325**

**DEBTOR**

**ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER**

**ENFORCING RESPA QUALIFIED WRITTEN REQUEST**

Upon consideration of the Debtor's motion to enforce his Qualified Written Request

pursuant to the Real Estate Settlement Procedures Act 12 U.S.C. §§2605 and 2609 (the

"Motion"); and the Court having found that notice of the Motion is proper; and it further

appearing that the relief requested in the Motion is in the best interests of the Debtor and

his estate, creditors and other parties-in-interest; and after due deliberation and sufficient

cause appearing thereof, it is hereby

1. **ORDERED,** that the Motion is granted; and it is further

2. **ORDERED,** that the named parties shall fully and timely comply with the requirements of the Real Estate Settlement Procedures Act (RESPA); and it is further

3. **ORDERED,** that the named parties are prevented from taking any further action against the Debtor or his properties until they have fully complied with the requirements of the Real Estate Settlement Procedures Act (RESPA); and it is further

4. **ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

SIGNED this ___day of _____2009.

_____

**THE HONORABLE REDFIELD T. BAUM**

10/15/2009



Andrew C Bailey
c/o 2500 N. Page Springs Road,
Cornville, AZ 86325.

Wells Fargo Bank NA
c/o Tiffany & Bosco, PA
2525 East Camelback Road
Suite 300
Phoenix, AZ 85016

Certified Mail # 7008 0810 0000 9594 2274
Date: September 21, 2009.

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # **0060412178** (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With all the news lately regarding the stories of predatory lending, you have left me feeling that there is something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original uncertificated or certificated security regarding account # **0060412178**. In the event you do not supply me

with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete exam, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny!

Please do not rely on previous servicing companies or originators records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I understand that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account #**0060412178** by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial

penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to ensure that this loan:

1-Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2-That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3-That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4-That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6-That each servicers and/or sub-servicers of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof, ;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof ;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, certified, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account #**0060412178**:

1-Any certificated or uncertificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreements" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account" between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal lender at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonge, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## In regards to Debits and Credits:

1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why?

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not

recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.


**In regards to Suspense/Unapplied Accounts:**

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Has there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.


**In regards to late fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Has any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?


**In regards to Property Inspections:**

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees as a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?


**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?


**In regards to Force-Placed Insurance:**

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.


**In regards to Servicing**:

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

3-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

4-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

5-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

7-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

9- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

10-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

11-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

12-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

13-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

14-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

15-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-Please provide me with copies of all sales contracts, servicing agreements, assignments, alonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

17-How much was paid for this individual mortgage account by you?

18-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

19-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

20-Who did you issue a check or payment to for this mortgage loan?

21-Please provide me with copies of the front and back of the canceled check.

22-Did any investor approve of the foreclosure of my property? Yes or No?

23-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

24-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an exam and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you answer this RESPA request in accordance with law and the questions, documents and validation of debt to the penny and correct abuses or schemes uncovered and documented.

### Default Provisions under this QUALIFIED WRITTEN REQUEST

Wells Fargo Bank NA or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in Andrew C. Bailey or any property or collateral connected to Wells Fargo Bank NA or account #0060412178 and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-Andrew C. Bailey's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or

appointment Wells Fargo Bank NA may have or may have had in connection with account #**0060412178** and any property and/or real estate connected with account #**0060412178**.

2- Andrew C. Bailey's right to have any certificated or uncertificated security re-registered in Andrew C. Bailey's, and only Andrew C. Bailey's name.

3- Andrew C. Bailey's right of collection via Wells Fargo Bank NA's liability insurance and/or bond.

4- Andrew C. Bailey's entitlement in filing and executing any instruments, as power of attorney for and by Wells Fargo Bank NA including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where Wells Fargo Bank NA is located.

5- Andrew C. Bailey's right to damages because of Wells Fargo Bank NA's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's asset by Wells Fargo Bank NA issuing to Andrew C. Bailey a certified check for the original value of Andrew C. Bailey's monetary instrument.

6- Andrew C. Bailey's right to have account #**0060412178** completely set off because Wells Fargo Bank NA's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's monetary instrument/asset by Wells Fargo Bank NA sending confirmation of set off of wrongful liability of Andrew C. Bailey and issuing a certified check for the difference between the original value of Andrew C. Bailey's monetary instrument/asset and what Andrew C. Bailey mistakenly sent to Wells Fargo Bank NA as a payment for such wrongful liability.

Wells Fargo Bank NA or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for Wells Fargo Bank NA in accordance with Wells Fargo Bank NA's Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as Wells Fargo Bank NA's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When Wells Fargo Bank NA fails by not rebutting to any part of this RESPA REQUEST Wells Fargo Bank NA agrees with the granting unto Andrew C.

Bailey's unlimited Power of Attorney and any and all full authorization in signing and endorsing Wells Fargo Bank NA's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by Wells Fargo Bank NA waives any and all claims of Andrew C. Bailey, and/or defenses and remains in effect until the satisfaction of all obligations by Wells Fargo Bank NA have been satisfied.

Sincerely,

Andrew C Bailey

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Mark S. Bosco, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 0060412178

Dear Mr. Bosco,
     Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is 153 Western Avenue, Glendale, CA 90201.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan. The originating "lender" was Wells Fargo Home Mortgage, but Los Angeles County records show US Bank as the owner of the note, just one point in the inconsistent and confusing nature of my relationship with your client.

Clearly due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

Andrew C Bailey

EXHIBIT "C-1"

**Andrew C Bailey**
2500 N. Page Springs Road
Cornville, AZ 86325

Mark S. Bosco
Tiffany & Bosco
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 0152325825

Dear Mr. Bosco,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is 2500 N Page Springs Road, Cornville, AZ 86325.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan. The originating "lender" was Wells Fargo Bank NA, but Yavapai County records show Lehman Brothers Bank as the owner of the note, just one point in the inconsistent and confusing nature of my relationship with your client. Lehman Brothers Bank is in bankruptcy, which might well affect these proceedings.

Clearly due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

Andrew C Bailey

EXHIBIT "C"

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Dean Prober, Esq
POLK, PROBER & RAPHAEL
PO Box 4365
Woodland Hills
CA 91365-4365

September 21, 2009.

## Re: Countrywide Home Loans Account #164999184

Dear Mr. Prober,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client BAC Home Loans Servicing LP and any other party in interest you may represent, directly or indirectly. The referenced property is: 2560 North Page Springs Road, Cornville, AZ 86325.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan. My originating "lender" was Countrywide Home Loans, yet Yavapai County records show MERS as the owner of my note, just one point in the inconsistent and confusing nature of my relationship with your client. Nowhere in the record is your company or " BAC Home Loans Servicing LP" mentioned.

Clearly due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

Andrew C Bailey

EXHIBIT "C-2"

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Ronald M. Horwitz
Jaburg & Wilk, PC
3200 North Central Avenue,
Phoenix, AZ 85012

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 650-650-0097105-0001

Dear Mr. Horwitz,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is: Vacant Land 407-27-005K.

As you may know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan.

Due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

Andrew C Bailey

EXHIBIT "C-3"

## First Receipt Card

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) _(signature)_  C. Date of Delivery 09-24-09

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Dean Probst
PLDK Probst; Raphael
Box 4365
Woodland Hills
CA 91365-4365

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 0820 0000 9594 2267

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1840

## Second Receipt Card

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_ ☐ Agent ☐ Addressee

B. Received by (Printed Name) DAVID LAWSE  C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Ronald Horwitz
Jaberg & Wilk PC
3200 N. Central Ave
Phoenix AZ 85012

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7009 0820 0000 9594 2250

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1840

EXHIBIT "D"

10/15/2009

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Miles_      ☐ Agent
               ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
_S Miles_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

Mark Bosco
Tiffany Bosco
2525 E. Camelback
                Ste 300
Phoenix
AZ 85016

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7009 0820 0000 9594 2274

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _Miles_      ☐ Agent
               ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
_S-Miles_

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

1. Article Addressed to:

Mark Bosco
Tiffany Bosco
2525 E Camel Back
                Ste 300
Phoenix AZ 85016

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7009 0820 0000 9594 2243

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

EXHIBIT "D-1"