30

**ANDREW C. BAILEY**
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

FILED

2010 JAN 12 PM 2: 11

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:
**ANDREW C. BAILEY**
Respondent/Debtor/Plaintiff

vs

WELLS FARGO BANK NA
Movant/Defendant

**Chapter 11**
**Case #: 2:09-bk-06979-PHX-RTBP**
(Associated case # 2:09-ap-01731-RTBP)

**MOTION TO CONTINUE
HEARING TO APPROVE FOR
REHEARING**

Related Docket # 7 & 74

Subject property:
2500 N. Page Springs Rd
Cornville, AZ 86325

## MOTION TO CONTINUE HEARING TO APPROVE FOR REHEARING

The above-captioned Debtor and Plaintiff, in light of Adversary Proceeding # 2:09-ap-01731-RTBP, his Motion for Expedited Discovery, his First Set of Interrogatories and First Request to Produce Documents, and for good cause, hereby requests that this matter be continued from the currently scheduled date of January 19, 2010 until such time as Adversary Proceeding 2:09-ap-01731-RTBP and/or other final hearing has been heard and a declaratory judgment entered by the Court.

This Motion is supported by the attached Declaration, Exhibits "A", "B" and "C", and Proposed Order, which are incorporated herein by this reference. In further support of this Motion, Debtor/Plaintiff respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1472.

## DECLARATION

1. On December 23, 2009, Debtor/Plaintiff/Respondent filed Adversary Proceeding 2:09-ap-01731-RTBP against Movant WELLS FARGO BANK NA to compel discovery, to enforce the Qualified Written Request and Debt Validation Letter pursuant to the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act, for an evidentiary hearing, and to stay any foreclosure or other action before and until the resolution of the complaint.

2. Debtor/Plaintiff is not seeking delay. He has filed a Motion for Expedited Discovery and has served a First Set of Interrogatories and First Request to Produce Documents on Movant. (Exhibits "A", "B" and "C"). He is seeking essential information concerning his creditor, which Movant presumably had before commencing the foreclosure action and should have no trouble providing within hours or days.

3. Debtor/Plaintiff has diligently prosecuted this matter. The record before the court shows that he has done everything in his power to pursue discovery, including but not limited to consultations with experts, forensic mortgage audits, and the serving of a Qualified Written Request and Debt Validation Letter pursuant to the Real Estate Settlement Procedures Act and the Fair Debt Collection Practices Act, the 20-day acknowledgement of which was never received although Movant/Defendant did, partially

1   and insufficiently, within the 60-day period, respond with an accounting of

2   Debtor/Plaintiff's alleged payment history accompanied by an alleged photocopy of the

3   original promissory note. The latter response, though timely, falls woefully short of the

4   answers required under the statutes. Hence Adversary Proceeding 2:09-ap-01731-RTBP.

5       4. Respondent/Debtor/Plaintiff has contacted attorneys for Movant by email and/or

6   telephone for a stipulation approving this continuance.

8       5. The Court has discretion to grant this Motion pursuant to F.R.B.P 9029 (b)

9       6. Despite diligent efforts, Debtor/Plaintiff has been unable to retain an attorney to

10  represent him. In the absence of representation, Debtor/Plaintiff is acting as self-represented

11  litigant, in pro per.

17  Respectfully submitted this 11th day of January, 2010.

21  Andrew C. Bailey, Debtor in Pro Per

**RELIEF SOUGHT**

For the above reasons Debtor/Plaintiff requests that this matter be continued from the currently scheduled hearing date of January 19, 2010 until such time as discovery has been completed and adversary proceeding 2:09-ap-01731-RTBP and/or other final hearing has been heard and a declaratory judgment entered in the matter.

**NOTICE**

No trustee or examiner has been appointed in this Chapter 11 Case. Debtor/Plaintiff has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to Movant/Defendant; (c) any party-in-interest that has requested notice pursuant to Rule 2002 of the Federal Rules. In light of the nature of the relief requested, the Debtor/Plaintiff submits that no further notice is required or needed under the circumstances.

**WHEREFORE** Debtor/Plaintiff respectfully moves the Court to grant the requested relief.

Signed under penalty of perjury this 11th day of January, 2010.

By: _____
/ Andrew C. Bailey, in Pro Per

**Certificate of Notice**

Copy of the foregoing was
mailed on December 11, 2010 to:

Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Trustee

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
(Attorney for Wells Fargo Bank NA)

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA 91365-4365
(Attorney for BAC Home Loans Servicing, LP)

Ronald Horwitz, Esq
Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000
Phoenix AZ 85012
(Attorney for Wells Fargo Bank NA)

Gerald O'Meara, Esq.
Gust Rosenfeld PC
1 South Church Avenue, suite 1900
Tucson, AZ 85701-1620
(Attorney for Bank of New York Mellon)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

CASE NO. 2:09-bk-06979-RTBP
(Associated case # 2:09-ap-01731-RTBP)
Related Dkt # 7 & 74

**Chapter: 11**

IN RE:

**ANDREW C BAILEY**

**2500 N. Page Springs Rd**

**Cornville, AZ 86325**

**DEBTOR/PLAINTIFF**

## ORDER GRANTING MOTION TO CONTINUE HEARING
## TO APPROVE FOR REHEARING

Upon consideration of Respondent/Debtor/Plaintiff's Motion to Continue the Hearing
To Approve For Rehearing set for January 19, 2010 (the "Motion"); and the Court having
found that notice of the Motion is proper; and it further appearing that the relief requested in
the Motion is in the best interests of the Debtor/Plaintiff and his estate, creditors and other
parties-in-interest; and after due deliberation and sufficient cause appearing thereof, it is
hereby

1. **ORDERED,** that the Motion is granted; and it is further

2. **ORDERED,** that the hearing set for January 19, 2010 is vacated, and it is further

3. **ORDERED,** that the hearing is continued until _____,
and it is further

1

2    4. **ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from
     or related to the implementation or interpretation of this Order.

3

4

5    SIGNED this ___ day of January, 2010.

6

7

8

9

10   _____

11   **THE HONORABLE REDFIELD T. BAUM**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1   **ANDREW C. BAILEY**
2   2500 N. Page Springs Rd
    Cornville, AZ 86325
3   928 634-4335
    *Debtor in Pro Per*
4

## IN THE UNITED STATES BANKRUPTCY COURT

5

## FOR THE DISTRICT OF ARIZONA

6

| | |
|---|---|
| In re: | **Chapter 11** |
| | **Case #: 2:09-bk-06979-PHX-RTBP** |
| ANDREW C. BAILEY | Associated case # 2:09-ap-01731-RTBP |
| Debtor/Plaintiff | |
| | **MOTION FOR EXPEDITED DISCOVERY** |
| Vs | |
| | (Related to Docket # 7 & 74~~}~~-10½) |
| WELLS FARGO BANK, NA | |
| Movant/Defendant | Subject property: |
| | 2500 N. Page Springs Rd, |
| | Cornville, AZ 86325 |

7
8
9
10
11
12
13

## MOTION FOR EXPEDITED DISCOVERY

14
15   The above-captioned Debtor, Debtor-in-Possession and Plaintiff, pursuant to Federal Rule
16   of Civil Procedure 26, Bankruptcy Rule 7026, Federal Rule of Civil Procedure 34(b),
17   Bankruptcy Rule 7034 and Bankruptcy Rule 8019, and for good cause, hereby moves the
18   court to enter an order (The Order) granting expedited discovery in the referenced matter.
19
20   This motion is supported by the attached Memorandum of Points and Authorities and
21   Statutory Considerations and Exhibits "A" through "C", which are incorporated herein by
22   this reference. In further support of this motion, Debtor/Plaintiff respectfully submits as
    follows:
23
24
25                   *Exhibit A*

## I. Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. Memorandum of Points and Authorities

### Background material facts

4. On April 8th, 2009 three of Debtor/Plaintiff's unsecured creditors filed an involuntary petition against Debtor/Plaintiff for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting Debtor/Plaintiff's motion to convert to Chapter11 thereby commencing the above-captioned case.

6. Debtor/Plaintiff is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Debtor/Plaintiff has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

8. The United States Trustee's office conducted the initial creditors' meeting pursuant to 11 U.S.C. § 341 on September 4, 2009.

9. Debtor/Plaintiff is raising an issue of fact. He has been told by experts that Movant is not his creditor. Debtor/Plaintiff wants the name of his creditor and a full accounting.

10. Debtor/Plaintiff has completed forensic reviews of his alleged mortgage-related obligations with the goal of determining who his creditors are, and how much is owed to them.

11. Debtor/Plaintiff is not seeking delay. He has diligently prosecuted this matter, as shown by the record before the court, including but not limited to the September 21, 2009 serving of a Qualified Written Request letter and Debt Validation Letter pursuant to 12 U.S.C. §§2605 and 2609, the federal Real Estate Settlement Procedures Act and Fair Dept Collection Practices Act, on Movant/Defendant. No 20-day acknowledgement and only a minimal and insufficient 60-day response to that letter have been received from Movant/Defendant to date, in violation and dishonor of the relevant statutes.

12. As a result of the foregoing non-response and dishonor on the part of Movant/Defendant, Debtor/Plaintiff has been forced into filing a Motion to Enforce the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. §§2605 and 2609 (October 12, 2009), and to serve on Movant/Defendant WELLS FARGO BANK NA Adversary Proceeding # 2:09-ap-01731-RTBP (December 23, 2009) to compel discovery, to answer the Qualified Written Request and Debt Validation Letter pursuant to the Real Estate Settlement Procedures Act and Fair Dept Collection Practices Act 12 U.S.C. §§2605 and

2609, and to stay any foreclosure or other action before and until the resolution of the complaint. (EXHIBITS "A" and "B")

13. Debtor/Plaintiff has subsequently served his first set of interrogatories and requests to produce documents on Movant/Defendant. (EXHIBIT "C")

14. Debtor/Plaintiff cannot comply with federal mandates to modify his loan nor can he develop his reorganization Plan without knowing who his creditors are and how to communicate with them.

15. Debtor/Plaintiff needs the requested information in order to file a Plan that will work. His Chapter 11 case can be resolved swiftly once the requested information is disclosed.

## III. STATUTORY CONSIDERATIONS

Courts routinely set expedited briefing schedules where appropriate. *See e.g., LAW Utah v. Evans*, 534 U.S. 1119, 122 S. Ct. 932 (2002) (granting a motion to set an expedited schedule for briefing and oral argument); *In re Nextwave Pers. Communications, Inc.*, 200 F.3d 43, 50 (2d Cir. 1999) (case considered on expedited basis).

Federal Rule of Civil Procedure 26, incorporated by Bankruptcy Rule 7026, permits courts to allow discovery without the need for a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2046.1 (2d ed. 1994 & Supp. 2002) ("The moratorium [on discovery prior to the Rule 26(f) conference] may be removed by court order"). Federal Rule of Civil Procedure 34(b), incorporated by Bankruptcy Rule 7034, specifically provides that a court may direct that document production be completed in a "shorter or longer time" than the 30 days specified in Rule 34(b). *See* Fed. R. Civ. P. 34(b). And, Federal Rule of Civil Procedure 30, incorporated by Bankruptcy Rule 7026, contemplates circumstances where a party may take depositions on an expedited basis. *See* Fed. R. Civ. P. 30(a)(2)(c).

In deciding a request to expedite discovery, courts in this circuit have determined "it makes

sense to examine the discovery request . . . on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Ayyash v. Bank Al- Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005) quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *O'Connor*, 194 F.R.D. 618, 623-24 (N.D. Ill. 2000) (setting forth a flexible standard of reasonableness and good cause in assessing application for expedited discovery); *see also In re United Pan-Europe Communications N.V.*, 2003 WL 221819, at *3 (S.D.N.Y. Jan. 30, 2003) (reading Bankruptcy Rule 8019's (concerning bankruptcy court appeals) requirement of showing "good cause" to mean a showing of potential irreparable harm).

## IV. GROUNDS FOR REQUEST

16. Debtor/Plaintiff, seeking emergency provisional relief, has shown that "good cause" exists to warrant expedition.

17. Movant/Defendant WELLS FARGO BANK NA, having initiated foreclosure proceedings months ago, presumably has the requested information and documents ready at hand, and will have no trouble providing them in a matter of hours or days.

18. Absent this Court's intervention, premature and improper foreclosure on the subject property could occur, destroying Debtor/Plaintiff's businesses and leaving Debtor/Plaintiff and his creditors and other parties in interest with few prospects for an equitable Plan. Should this occur, Debtor/Plaintiff will not be able to emerge from bankruptcy as intended.

19. Debtor/Plaintiff has a compelling and immediate need to resolve this dispute. Moreover, the irreparable harm that Debtor/Plaintiff will face if this case is not expedited qualifies as "good cause" to grant Debtor/Plaintiff the requested relief.

## V. RELIEF REQUESTED

20. Expedited discovery as set forth above, and

21. An Order compelling Movant/Defendant to answer Debtor/Plaintiff's interrogatories and produce the requested documents by a date to be specified by the Court, and

21. A continuance of the related matters before the Court, to wit, Debtor/Plaintiff's Motion for Re-Hearing (docket#74)+101

**WHEREFORE,** for the above reasons and for good cause shown, Debtor/Plaintiff requests that the Court grant the relief requested, to wit, expedited discovery in the referenced matter, an Order compelling Movant/Defendant to answer Debtor/Plaintiff's interrogatories and produce the requested documents by a date to be specified by the Court and a continuance of Debtor/Plaintiff's Motion for Re-Hearing currently scheduled for January 19, 2010.

Signed this 11th day of January, 2010.

_____
Andrew C. Bailey, Debtor/Plaintiff in Pro Per

1

2 **Certificate of Notice**

3 Copy of the foregoing was

4 mailed on January 11, 2010 to:

5 Office of the US Trustee
230 N. First Avenue, Suite 204,

6 Phoenix, AZ 85003

7 Trustee

8 Leonard McDonald, Esq

9 Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300

10 Phoenix, Arizona 85016
(Attorney for Wells Fargo Bank NA)

11

12 Dean Prober, Esq
Polk, Prober & Raphael

13 PO Box 4365
Woodland Hills, CA 91365-4365

14 (Attorney for BAC Home Loans Servicing, LP)

15 Ronald Horwitz, Esq

16 Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000

17 Phoenix AZ 85012
(Attorney for Wells Fargo Bank NA)

18

19 Gerald O'Meara, Esq.
Gust Rosenfeld PC

20 1 South Church Avenue, suite 1900
Tucson, AZ 85701-1620

21 (Attorney for Bank of New York Mellon)

22

23

24

25

1
2
3
# IN THE UNITED STATES BANKRUPTCY COURT
4
## FOR THE DISTRICT OF ARIZONA
5
6

**CASE NO. 2:09-bk-06979-RTBP**
7
**(Associated case # 2:09-ap-01731-RTBP)**

8
**Chapter: 11**

IN RE:
9

**ANDREW C BAILEY**
10
**2500 N. Page Springs Rd**
11
**Cornville, AZ 86325**
12

13
**Debtor/Plaintiff**
14

15
## ORDER GRANTING DEBTOR/PLAINTIFF 'S MOTION
16
## FOR EXPEDITED DISCOVERY
17
### (Relating to Docket # 7 & 74 (+ 101)
18

19
Upon consideration of the Debtor/Plaintiff's Motion for Expedited Discovery (the
20
"Motion"); and the Court having found that notice of the Motion is proper; and it further
21
appearing that the relief requested in the Motion is in the best interests of the
22
Debtor/Plaintiff and his estate, creditors and other parties-in-interest; and after due
23
deliberation and sufficient cause appearing thereof, it is hereby
24
1. **ORDERED,** that the Motion is granted; and it is further
25
2. **ORDERED,** that Movant/Defendant shall answer Debtor/Plaintiff's interrogatories and

produce the requested documents on or before _____, 2010; and it is further

3. **ORDERED,** that the preliminary hearing currently scheduled for January 19, 2010 is vacated; and it is further

4. **ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

SIGNED this ___day of January, 2010.

_____
**THE HONORABLE REDFIELD T. BAUM**

**ANDREW C. BAILEY**
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | **Chapter 11**<br>**Case #: 2:09-bk-06979-PHX-RTBP**<br>(Associated Case # 2:09-ap-01731-RTBP) |
| ANDREW C. BAILEY<br>Debtor/Plaintiff | **DEBTOR'S FIRST SET OF** |
| | **INTERROGATORIES AND FIRST** |
| Vs | **REQUEST FOR PRODUCTION OF** |
| | **DOCUMENTS** |
| WELLS FARGO BANK, NA<br>Movant/Defendant | (Related to Docket #7) |
| | <u>Subject Property:</u><br>2500 N Page Springs Rd<br>Cornville, AZ 86325 |

## DEBTOR'S FIRST SET OF INTERROGATORIES

## AND FIRST REQUEST FOR

## PRODUCTION OF DOCUMENTS

Pursuant to Rule 33 and Rule 34 of the Federal Rules of Civil Procedure, Debtor requests that Movant answers the following Interrogatories and produces documents in accordance with the following Request for Production of Documents.

## DEFINITIONS

1. WELLS FARGO BANK NA includes any and all persons and entities presently or

Exhibit B & C

formerly acting for or in concert with WELLS FARGO BANK NA.

2. LEHMAN BROTHERS BANK FSB includes any and all persons and entities presently or formerly acting for or in concert with LEHMAN BROTHERS BANK FSB.

3. "Document" includes each record held in WELLS FARGO BANK NA's possession or generated by WELLS FARGO BANK NA.

4. The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "Document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

5. The word "person(s)" includes not only natural persons, but also firms, partnerships,

associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

6. As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

7. The words "you," "your", "defendants" or "movants" refer to defendants, defendant-intervenors, movants, and their agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Movants.

8. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

9. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

10. The word "each" shall be construed to include "every" and vice versa.

11. The word "any" shall be construed to include "all" and vice versa.

12. The present tense shall be construed to include the past tense and vice versa.

13. The masculine shall be construed to include the feminine and vice versa.

14. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

15. The word "including" shall have its ordinary meaning and shall mean "including but not limited to" and shall not indicate limitation to the examples or items mentioned.

16. The phrase "reflect, refer, or relate to" means reflecting, referring, relating to,

regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

17. The words "to present" mean to the date on which you respond to these interrogatories and requests.

## INSTRUCTIONS

1. Unless otherwise specified, if your response in regard to a portion of the time period addressed in any interrogatory differs from your response in regard to another portion of such period, provide a response for each such portion and indicate the period of time to which each response relates.

2. Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

3. When an interrogatory asks you to "describe" or "identify" a document, provide the following information with respect to each such document:

a. The date appearing on such document; or if it has no date, so state and give the date or approximate date such document was prepared, produced, created, or came into being;

b. Any identifying or descriptive code number, file number, title or label of such document;

c. The general nature or description of such document;

d. The name of the person(s) who signed, authored, produced or created such document;

e. The name of the person(s) who prepared such document if different from the name provided pursuant to subpart (d) of this instruction;

f. The name of the person(s) to whom such document was addressed and the name of each such person other than the addressee to whom such document, or copy or reproduction thereof, was given or sent;

g. The name of the person or entity having present possession, custody and/or control of such document;

h. The present location of such document;

i. If such document was, but is no longer in your possession or control, state what disposition was made of such document, the reason for such disposition, and the date thereof.

j. Whether or not any draft, copy, or reproduction of such document contains any script, notation, change, addendum, or the like, not appearing on such document itself, and if so, the answer shall give the description and identification of each such draft, copy or reproduction in accordance with the above subparts (a) through (i).

4. The above information shall be given in sufficient detail to enable any person or party to whom a subpoena or request for production is directed to identify the documents sought to be produced and to enable counsel to determine whether such document, when produced, is in fact the document so described and identified.

5. Notwithstanding any other instruction in this First Set of Interrogatories that is or may be to the contrary, if a document has already been produced by you to the Plaintiff, such document may be identified by specifying the Bates numbers for all pages of such document.

6. A request that you identify a document is not limited to documents within your possession, and such requests shall extend to all documents under your control.

7. When an interrogatory asks you to "identify" a person, the answer shall contain the following information with respect to each such person:

a. The full name, current or last known business and residence addresses, and business and residence phone numbers of such person;

b. The name and address of the agency, employer or entity at which such person worked and/or to which such person reported;

c. The title(s) and related periods of service for such person with each such agency,

employer or entity.

8. When an interrogatory calls for the "description" or "identity" of any "document" you contend to be subject to a privilege against disclosure in response to these interrogatories, provide with respect to each such document or communication the following:

a. The nature of the document you contend is privileged (*e.g.*, letter, memorandum, chart, picture, report, etc.);

b. The number of pages comprising the document and a description of any identifying marks or designations (*e.g.* Bates numbers) if any, on the document;

c. The date of the document which you contend is privileged;

d. The name(s) of the author(s) and of any recipient(s) of the document;

e. The name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the document that you contend to be privileged; and

f. The nature of the privilege asserted.

9. In answering each of these interrogatories, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your employees, agents, officers, or representatives. If you are unable to answer these interrogatories in full after exercising due diligence to supply a complete answer, so state and answer to the extent possible. Specify the reasons for your inability to answer and state whatever information or knowledge you have concerning the unanswered portions.

10. For each interrogatory or part of an interrogatory that you refuse to answer on grounds of burdensomeness, explain in as much detail as possible the basis for your refusal.

11. These interrogatories are deemed to be continuing; as such, you are requested to file and

serve by way of supplemental answers thereto such additional information as may be
required to complete your answers to these interrogatories.

**INTERROGATORIES**

Where applicable, with respect to your answer to each of these interrogatories, please:

A. identify each person on whose testimony you will or may rely in support of your answer;

B. identify each document on which you will or may rely in support of your answer.

1. State the name, job title and business address of each person providing information in response to these discovery requests:

2. State the type of business organization WELLS FARGO BANK NA is, and name each State of the Union in which WELLS FARGO BANK NA is chartered or registered:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3. State the name, job title, and business address of each person who has first-hand personal knowledge of the time and circumstances under which the promissory note obligating Andrew C. Bailey and/or alienable in this instant case was created, sold, transferred and/or assigned for value:

4. State the name and contact information of the creditor in the instant case.
   (NOTE: The creditor is the person who actually provided the money for the Debtor's table-funded loan in expectation of payment, and who stands to lose money in the event of default.)

5. State the names and contact information of all persons or entities, in order of assignment, who at any time were constructive holders or holders in due course of the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

6. State the name and contact information of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case:

7. If the name of the current beneficiary under the promissory note obligating Andrew C. Bailey and/or alienable in this instant case in Item (6) above is different from your name (WELLS FARGO BANK NA), explain why the Order signed by Honorable Judge Redfield T. Baum on October 2, 2009 states, inter alia, words to the effect that "the current beneficiary under the promissory note is WELLS FARGO BANK NA":

1

2  8. Explain why the alleged copy of the promissory note submitted as Exhibit "A"
3     attached to Movant's Motion for Lift from Stay includes no allonge or endorsement
       showing any assignment of the note to WELLS FARGO BANK NA:
4

5

6

7

8

9

10

11

12

13  9. If WELLS FARGO BANK NA did not keep or cannot produce a copy of an allonge
14     or other paper showing assignment to WELLS FARGO BANK NA of the
       promissory note obligating Andrew C. Bailey and/or alienable in this instant case,
15     explain why.

16

17

18

19

20

21

22

23

24

25

10.     Identify the name, address and telephone number of each person or entity likely to have discoverable information relevant to the foregoing or that you may use to support your action.

## REQUEST FOR PRODUCTION OF DOCUMENTS

DebtorPlaintiff hereby requests that Movant/Defendant WELLS FARGO BANK NA produce the following documents for inspection and copying within 30 days of service of this request, or any earlier date on which the parties agree, subject to the foregoing Definitions and Instructions set forth above, at the offices of the Yavapai County Recorder, 6th Street, Cottonwood, AZ or at another location agreeable to the parties hereto.

1. Produce the original promissory note signed by Andrew C. Bailey and/or alienable in this instant case. If none, state "none."

2. Produce all documents identified by you in response to each interrogatory set forth above. If none, state "none".

3. Produce all documents associated with WELLS FARGO BANK NA's August 14, 2008 transfer and assignment of all beneficial interest in the promissory note alienable in this instant case to LEHMAN BROTHERS BANK FSB. If none, state "none".

4. Produce a copy of the allonge or endorsement attached to the promissory note obligating Andrew C. Bailey and/or alienable in this instant case showing an assignment of the promissory note from LEHMAN BROTHERS BANK FSB or another person back to WELLS FARGO BANK NA. If none, state "none."

5. Produce any and all Pooling and Servicing Agreement or other contractual agreement or memo involved in the "securitization" of the subject promissory note. If none, state "none".

6. Produce the account and general ledger statement of each transaction WELLS FARGO BANK NA alleges Andrew C. Bailey has made with WELLS FARGO BANK NA with respect to the promissory note alienable in this instant case, showing all receipts and disbursements. If none, state "none".

7. Produce all bills of sale and allonges and agreements illustrating where the promissory note alienable in this instant case was sold or assigned for value, from inception to the present. If none, state "none".

8. Produce all insurance claim information and credit default claim or settlement or payment records relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

9. Produce all information pertaining to Federal TARP or other bailout settlements or payments relative to any alleged default under the promissory note alienable in this instant case. If none, state "none".

10. Produce all contracts, agreements, and/or memos illustrating that law firm Tiffany & Bosco, PA has authority to represent WELLS FARGO BANK NA in this instant case. If none, state "none".

11. Produce all contracts, agreements, and/or memos illustrating that WELLS FARGO BANK NA or its attorney law firm Tiffany & Bosco, PA has authority to represent the creditor in this instant case. If none, state "none".

12. Produce all documents or data compilations that are in your possession, custody or control that you may use in support of your action.

Respectfully submitted this 11th day of January, 2010

Signed _____

Andrew C. Bailey, *Debtor in Pro Per*

**CERTIFICATE OF SERVICE**

I, Andrew C. Bailey, certify that on the 11th day of January, 2010, a true and correct copy of Debtor/Plaintiff's First Set of Interrogatories and First Request for Production of Documents was served upon the attorney for Movant/Defendant by both certified mail and facsimile transmission to:

Leonard McDonald, Esq,

Tiffany & Bosco, PA

2525 East Camelback Road, Suite 300

Phoenix, AZ 85016

(Attorney for Wells Fargo Bank NA)

Signed this 11th day of January, 2010.

Andrew C. Bailey, *Debtor in Pro Per*