ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Debtor in Pro Per*

FILED
2010 FEB 16 AM 9: 23
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re:<br>**Andrew C. Bailey**<br>Debtor<br><br>ANDREW C. BAILEY<br>Respondent<br><br>Vs<br><br>WELLS FARGO BANK, NA<br>(WELLS FARGO)<br>Movant | Chapter 11<br>Case #: 2:09-bk-06979-PHX-RTBP<br><br>**SUPPLEMENTAL MEMORANDUM AND MOTION TO DENY MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>(Related to Docket # 22 and Docket # 76)<br><br>Subject property:<br>153 Western Avenue,<br>Glendale, CA 91201. |
|---|---|

Debtor moves the court to enter an order (The Order) denying Wells Fargo's Motion for Relief from the Automatic Stay of 11 U.S.C. 362(a) with prejudice, for the following reasons: 1) Movant failed to establish that it is a creditor, party-in-interest, or beneficiary; 2) Movant ceased to be the beneficiary at some point in time, at the latest December 2008, as the result of a securitization or other agreement with a third party.
3) Movant nevertheless knowingly, repeatedly and falsely represented itself in its pleadings and in Court hearings as the beneficiary; 4) Movant asserts it has no duty to respond to the QWR, an admission it is not a creditor; and 5) Movant was given an opportunity at the January 19, 2010 Preliminary Hearing (Doc#76) to file a declaration clarifying its standing and failed to do so. Therefore the motion for relief from the automatic stay should be denied with prejudice and the Order of October 2, 2009 should be vacated.

This motion is supported by the following Memorandum, the record in adversary case # 2:09-ap-01727-RTBP and Exhibits "A" through "F", which are incorporated herein by this reference. In further support of this motion, Debtor respectfully submits as follows:

**I. JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**II. MEMORANDUM OF POINTS AND AUTHORITIES**

4. On April 8th, 2009 three of Debtor's unsecured creditors filed an involuntary petition against Debtor for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting Debtor's motion to convert to Chapter 11 thereby commencing the above-captioned case.

6. Debtor is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Debtor has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

8. The United States Trustee's office conducted the initial creditors' meeting pursuant to 11 U.S.C. § 341 on September 4, 2009.

9. On or about December 30, 2008 Debtor received a package by certified mail from First American Loanstar Trustee Services LLP of Fort Worth, Texas (Loanstar), containing a Notice of Default and Election to Sell. The Notice was filed on or about December 22, 2008. (EXHIBIT "A" Notice of Default)

10. Accompanying the Notice of Default was a letter from Loanstar which states "the current creditor to whom the debt is owed is US Bank NA as Trustee for WFMBS 2006-AR2. The loan is serviced by Wells Fargo Home Mortgage." (EXHIBIT "B")
This letter establishes beyond question that US Bank was the beneficiary, not Wells Fargo as of the date of the Notice of Default. Wells Fargo was the servicer, not the beneficiary.
It is not known when Wells Fargo and US Bank NA executed the agreement defining their respective roles, rights and duties, which, on information and belief, would be the date of the undisclosed Pooling and Servicing Agreement sought in Debtor's discovery quest.

11. On or about January 27, 2009, an Assignment of Deed of Trust transferring all beneficial interest in the transaction from Wells Fargo to US Bank was filed at the Los Angeles County Recorder's Office. On or about March 23, 2009 a Notice of Trustee Sale was filed at the Los Angeles County Recorder's Office, naming US Bank NA as beneficiary. (Exhibit "C" Assignment of Deed of Trust; Exhibit "D" Notice of Trustee Sale).

12. On September 21, 2009, Debtor served on Movant's counsel a certified letter specifically stating that the record shows US Bank to be the beneficiary, not Wells Fargo. (Exhibit "E" Letter to Wells Fargo w/Mail Certification)

13. At the September 28 preliminary hearing for lift of the automatic stay one week later, Movant falsely represented itself as the current beneficiary, despite the foregoing notification and documentation and despite Debtor's oral protests. On the basis of that false representation, the Court found itself obliged to grant Movant the relief requested.

14. On October 2, 2009 the Court entered an Order granting Movant relief from the automatic stay. The Order falsely states "Wells Fargo Bank NA is the current beneficiary" contrary to the documented facts set forth above and certainly known at the time to Movant and Movant's attorney. (Exhibit "E" Order).

15. On December 23, 2009 Debtor filed Adversary Complaint # 2:09-ap-01727-RTBP asking the Court to enforce the RESPA/TILA QWR and other discovery. The Complaint asks for a Temporary Restraining Order to maintain the status quo while discovery is conducted.

16. At the January 19th 2010 hearings, which included Movant's newly docketed preliminary hearing on their motion for stay relief (Docket # 74 & 101), Movant's counsel again falsely and knowingly represented Wells Fargo as the current beneficiary. The Court took note of Debtor's assertion to the contrary. Counsel answered dishonestly when asked by the Judge whether or not Wells Fargo is still the owner of the note. It is uncontestable that counsel knew that Wells Fargo was not the owner of the note, yet he answered in the affirmative.

17. The Court asked Movant's counsel to file a declaration clarifying Wells Fargo's standing by Friday, January 22, 2010. No such declaration was forthcoming.

18. On February 2, 2010, Movant responded to the adversary complaint by filing a Motion to Dismiss, completely ignoring the foregoing, and asserting that it has no statutory duty to answer the QWR. If Movant has no duty to respond, this is a binding admission that can only mean it is not a creditor. Movant is the servicer of the loan, not the beneficiary. As the loan servicer, Movant certainly has a statutory duty to respond to the QWR. Movant is in default and dishonor of the QWR, the subject of a separate action.

## III. RELIEF REQUESTED

For the foregoing reasons and for cause shown, Debtor respectfully requests that this Court

1) Deny Wells Fargo's Motion for Stay Relief with prejudice, and

2) Vacate the Stay Lift Order entered on October 2, 2009.

## IV. NOTICE

No trustee or examiner has been appointed in this Chapter 11 Case. Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to Movant; (c) any party-in-interest that has requested notice pursuant to Rule 2002 of the Federal Rules. In light of the nature of the relief requested, Debtor submits that no further notice is required.

**WHEREFORE,** Debtor requests that the Court deny Wells Fargo's Motion for Stay Relief with prejudice, and vacate the Order entered on October 2, 2009.

Respectfully submitted this 13th day of February, 2010.

_____
Andrew C. Bailey, Debtor in Pro Per

- 6 -
Case 2:09-bk-06979-RTBP    Doc 141    Filed 02/16/10    Entered 02/16/10 10:11:25    Desc
Main Document    Page 6 of 20

**Certificate of Notice**

Copy of the foregoing was mailed on February 16, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA 91365-4365

Ronald Horwitz, Esq
Janessa Koenig
Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000
Phoenix AZ 85012

Gerard O'Meara, Esq.
Gust Rosenfeld PC
1 South Church Avenue, suite 1900
Tucson, AZ 85701-1620

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

CASE NO. 2:09-bk-06979-RTBP

Chapter: 11

IN RE:

ANDREW C BAILEY

2500 N. Page Springs Rd

Cornville, AZ 86325

Debtor

### ORDER GRANTING DEBTOR'S MOTION TO DENY MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

(Relating to Docket # 22 and 76)

Upon consideration of the Debtor's Motion To Deny Wells Fargo's Motion for Relief from the Automatic Stay (the "Motion"); and the Court having found that notice of the Motion is proper; and it further appearing that the relief requested in the Motion is in the best interests of the Debtor and his estate, creditors and other parties-in-interest; and after due deliberation and sufficient cause appearing thereof, it is hereby

1. **ORDERED**, that the Motion is granted; and it is further

2. **ORDERED**, that Wells Fargo's Motion is denied; and it is further

3. **ORDERED,** that Wells Fargo's Motion is denied with prejudice; and it is further

4. **ORDERED,** that this Court's Order of October 2, 2009 is vacated; and it is further

5. **ORDERED,** that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

SIGNED this ___ day of _____, 2010.

_____
**THE HONORABLE REDFIELD T. BAUM**

First American
LoanStar Trustee Services
PO Box 9060
Temecula, CA 92589-9060



7113 8257 1473 0012 0183

PRESORT
First-Class Mail
U.S. Postage and
Fees Paid
WSO

*Send Correspondence to:*
First American
LoanStar Trustee Services
P.O. Box 961253
Fort Worth, TX 76161-0253

CONSTANCE BAXTER MARLOW
153 WESTERN AVE
GLENDALE, CA 91201-2860

20081226-44
CA10-CM

IMPORTANT INFORMATION IS CONTAINED WITHIN THE
ATTACHED NOTICE.

**PLEASE READ CAREFULLY**

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE
ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A
DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT
PURPOSE.

******************  **ACT NOW**  ******************
**Contact your lender for options to possibly avoid foreclosure.**
Visit us at www.loanstartrustee.com for additional information.

Exhibit A

Recording Requested By:
FIRST AMERICAN TITLE INSURANCE COMPANY

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE
SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161

*THIS COPY OF "NOTICE", THE ORIGINAL OF WHICH WAS FILED FOR RECORD ON 12/22/2008 IN THE OFFICE OF THE RECORDED OF LOS ANGELES, CALIFORNIA IS SENT TO YOU IN AS MUCH AS AN EXAMINATION OF THE TITLE TO SAID TRUST PROPERTY SHOWS YOU MAY HAVE AN INTEREST IN THE TRUSTEE'S SALES PROCEEDINGS.*

Space above this line for Recorder's use only

TS No.: 20089070810770
VA/FHA/PMI No.:

Pursuant to California Code Section 2924c(b)(1) please be advised of the following:

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five days business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice).

This amount is $22,373.42 as of 12/18/2008, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your benficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by you creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

WELLS FARGO HOME MORTGAGE
c/o FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161
877-276-1894

TS No.: 20089070810770
VA/FHA/PMI No.:

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES** As Agent for the current beneficiary under a Deed of Trust dated **11/16/2005**, executed by:

**ANDREW CAMERON BAILEY,**
**CONSTANCE BAXTER MARLOW,**

as Trustor to secure certain obligations in favor of **WELLS FARGO BANK, N.A.** as Beneficiary, recorded 12/2/2005, (as Instrument No.) 05 2946072, (in Book) , (Page) of Official Records in the Office of the Recorder of LOS ANGELES County, CALIFORNIA describing land therein as:

**AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST**

said obligations including ONE NOTE FOR THE ORIGINAL sum of **$480,000.00**.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

**THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 06/01/2008 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES.**

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said agent, a written Declaration of Default and Demand for same, and has deposited with said agent such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: **December 18, 2008**

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
AS AGENT FOR THE CURRENT BENEFICIARY
By: FIRST AMERICAN TITLE INSURANCE COMPANY
   as Attorney-In-Fact

By: *ORIGINAL DOCUMENT SIGNED BY AUTHORIZED AGENT*
     (signature)

Name: _____

Title: _____

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

Name: ANDREW CAMERON BAILEY        T.S. # 20089070810770
PA:   153 WESTERN AVENUE
      GLENDALE, CA 91201

# DECLARATION OF COMPLIANCE

*(California Civil Code Section2923.5(c))*

The undersigned mortgagee, beneficiary or authorized agent hereby declares under penalty of perjury, under the laws of the State of California, as follows:

☐ The mortgagee, beneficiary or authorized agent contacted the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure in compliance with Cal. Civ. Code Section 2923.5.

☐ The mortgagee, beneficiary or authorized agent tried with due diligence but has been unable to contact the borrower to discuss the borrower's financial situation and to explore options for the borrower to avoid foreclosure as required by Cal. Civ. Code Section 2923.5. The following efforts were made:

  ☐ Sent letter by first class mail with toll free number to HUD-certified housing counseling agency.

  ☐ Attempted to contact borrower by phone at least three times at different hours and on different days unless the borrower's primary and secondary phone numbers were diconnected.

  ☐ At least two weeks after attempting telephone contacts, sent letter by certified mail, return receipt requested that included toll free number to HUD-certified housing counseling agency.

☐ The mortgagee, beneficiary or authorized agent was not required to comply with Cal. Civ. Code Section 2923.5 because:

  ☐ The real property is not an owner-occupied single family residence.

  ☐ The loan was not originated between January 1, 2003 and December 31, 2007.

  ☐ The borrower has surrendered the property as evidenced by either a letter confirming the surrender or delivery of the keys to the property to the mortgagee, trustee, beneficiary or authorized agent.

  ☐ The borrower has contracted with someone whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their loan obligations.

  ☐ The borrower has filed for bankruptcy, and proceedings have not yet been finalized.

                                                    WELLS FARGO HOME MORTGAGE

Date: _____                    *Original document executed by authorized agent*



ATTACHMENT TO NOTICE OF DEFAULT

**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**
P.O. BOX 961253
FORT WORTH, TX 76161
Telephone: 877-276-1894
Telecopier: 817-699-1484

December 24, 2008

FILE NUMBER: 20089070810770
CONSTANCE BAXTER MARLOW
153 WESTERN AVENUE
GLENDALE, CA 91201

Re: Loan No.: 0060412178
TS #: 20089070810770

The current creditor to whom the debt is owed is: **US Bank National Association, as Trustee for WFMBS 2006-AR2**. The loan is serviced by **WELLS FARGO HOME MORTGAGE**. FIRST AMERICAN LOANSTAR TRUSTEE SERVICES has been authorized by the Servicer/Creditor to initiate foreclosure proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan.

The amount of the debt as of the date of this Notice according to the records of our client is $499,207.60. The amount necessary to bring the loan into good standing and reinstate your mortgage is set forth in the enclosed Notice of Default and Election to Sell Under Deed of Trust. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above or in the enclosed Notice of Default and Election to Sel Under Deed of Trust, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. For further information, write the undersigned or call 877-276-1894.

Please be advised that FIRST AMERICAN LOANSTAR TRUSTEE SERVICES may be considered a debt collector attempting to collect the above referenced debt. Any information obtained from you may be used for that purpose. Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will assume that it's valid. If you do dispute it - - by notifying FIRST AMERICAN LOANSTAR TRUSTEE SERVICES in writing to that effect - - FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES will furnish you with that information too.

The law does not require FIRST AMERICAN LOANSTAR TRUSTEE SERVICES to wait until the end of thirty-day period before taking action to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within thirty days of receipt of this letter, the law requires LoanStar to suspend its efforts (through litigation or otherwise) to collect the debt until FIRST AMERICAN LOANSTAR TRUSTEE SERVICES mails the requested information to you.

The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftd.gov.

Sincerely,

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

Exhibit B

Recording Requested By:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FT WORTH, TX 76161-0253

01/29/2009

*20090117288*

APN: 5626-005-004
TS No.: 20089070810770        Title Order No.: 3945036

Space above this line for Recorder's use only

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

**US BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR WFMBS 2006-AR2**

all beneficial interest under that certain Deed of Trust dated: 11/16/2005 executed by

**ANDREW CAMERON BAILEY CONSTANCE BAXTER MARLOW**

Trustor(s), to FIDELITY NATIONAL TITLE INS CO, as Trustee, and recorded on 12/2/2005 as Instrument No. 05 2946072, in Book , Page in the office of the County Recorder of LOS ANGELES County, CALIFORNIA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated: 1/27/09

WELLS FARGO BANK, N.A. BY FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC, ITS ATTORNEY IN FACT

By: Chet Sconyers, Certifying Officer

State of  TEXAS

County of  TARRANT

Before me **Shaunte D. Williams**, on this day personally appeared, Chet Sconyers, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that this person executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 27 day of Jan, A.D. 2009

(Notary Seal)

Shaunte D. Williams

SHAUNTE D. WILLIAMS
Notary Public, State of Texas
My Commission Expires
May 23, 2012

Exhibit C    21

Requested and Prepared by:

FIRST AMERICAN TITLE INSURANCE COMPANY

When Recorded Mail To:
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
P.O. BOX 961253
FORT WORTH, TX 76161          877-276-1894

TSG No.:        3945036
TS No.:         20089070810770
FHA/VA/PMI No.:

Space above this line for Recorder's use only

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 11/16/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On 4/13/2009 at 11:30 AM, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, as duly appointed Trustee under and pursuant to Deed of Trust recorded 12/2/2005, as Instrument No. 05 2946072, in book , page , of Official Records in the office of the County Recorder of LOS ANGELES County, State of CALIFORNIA. Executed by:

ANDREW CAMERON BAILEY,
CONSTANCE BAXTER MARLOW,

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by 2924h(b), (Payable at time of sale in lawful money of the United States) AT THE FRONT ENTRANCE TO THE POMONA SUPERIOR COURTS BUILDING, 350 W. MISSION BLVD., POMONA, CA

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as: AS MORE FULLY DESCRIBED IN THE ABOVE MENTIONED DEED OF TRUST APN# 5626-005-004

The street address and other common designation, if any, of the real property described above is purported to be:

### 153 WESTERN AVENUE

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $506,667.55. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

First American LoanStar Trustee Services
3 First American Way
Santa Ana, CA 92707

Original document signed by Authorized Agent
_____
— FOR TRUSTEE'S SALE
INFORMATION PLEASE CALL 530-672-3033

Date:    3/23/2009

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.



Exhibit D

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville, AZ 86325

Mark S. Bosco, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

September 21, 2009.

## Re: Wells Fargo Bank NA Account # 0060412178

Dear Mr. Bosco,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is 153 Western Avenue, Glendale, CA 90201.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan. The originating "lender" was Wells Fargo Home Mortgage, but Los Angeles County records show US Bank as the owner of the note, just one point in the inconsistent and confusing nature of my relationship with your client.

Clearly due process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

Andrew C Bailey

Exhibit E

**U.S. Postal Service**
**CERTIFIED MAIL. RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

PHOENIX AZ 85016

| | | |
|---|---|---|
| Postage | $ | $1.56 |
| Certified Fee | | $2.80 |
| Return Receipt Fee (Endorsement Required) | | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $6.66 |

Postmark: COTTONWOOD AZ 86326 — 09/21/2009

Sent To: Mark Bosco (153 W 4th A)
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006

7009 0820 0000 4594 2274

```
                              SO ORDERED.

      TIFFANY & BOSCO      Dated: October 02, 2009
              P.A.
 1    2525 EAST CAMELBACK ROAD
 2    SUITE 300
      PHOENIX, ARIZONA 85016                    
 3    TELEPHONE: (602) 255-6000      _____
                                     REDFIELD T. BAUM, SR
 4    FACSIMILE: (602) 255-0192      U.S. Bankruptcy Judge

 5    Mark S. Bosco
      State Bar No. 010167
 6    Leonard J. McDonald
      State Bar No. 014228
 7    Attorneys for Movant

 8    09-14716/0060412178

 9
                    IN THE UNITED STATES BANKRUPTCY COURT
10
                          FOR THE DISTRICT OF ARIZONA
11

12    IN RE:                              No. 2:09-bk-06979-RTBP

13    Andrew C. Bailey                    Chapter 11
               Debtors.
14    _____            O R D E R

15    Wells Fargo Bank, N.A.              (Related to Docket #22)
               Movant,
16        vs.

17    Andrew C. Bailey, Debtors; Office of the US
      Trustee, Trustee.
18
               Respondents.
19

20

21         This matter having come before the Court for a Preliminary Hearing on September 28, 2009,

22    Movant appearing by and through its attorney, Tiffany & Bosco, P.A., Debtor appearing by and through

23    their counsel, pro se, and good cause appearing,

24         **IT IS HEREBY ORDERED** that all stays and injunctions, including the automatic stays

25    imposed by U.S. Bankruptcy Code 362(a) are hereby terminated as to Movant with respect to that certain

26    real property which is subject of a Deed of Trust dated November 7, 2005, and recorded on December 2,
```

2005 in 05-2946072, in the office of the Los Angeles County Recorder at wherein Wells Fargo Bank, N.A. is the current beneficiary and Andrew C. Bailey have an interest in, further described as:

Lot 4, Block 6 Tract No. 10116, in the City of Glendale, County of Los Angeles, State of California, as shown by Map on file in Book 143 pages 98 and 99 of Maps, in the office of the County Recorder of said County.

IT IS FURTHER ORDERED that this Order vacating the automatic stay imposed by U.S. Bankruptcy Court Code 362(a) shall be binding and effective in the event the Debtor converts this case to another chapter under the U.S. Bankruptcy Code.

DATED this ____ day of _____, 2009.

_____
JUDGE OF THE U.S. BANKRUPTCY COURT