

| | |
|---|---|
| ANDREW C. BAILEY<br>2500 N. Page Springs Rd<br>Cornville, AZ 86325<br>928 634-4335<br>*Debtor in Pro Per* | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**Andrew C. Bailey**<br>Debtor<br><br>ANDREW C. BAILEY<br>Respondent<br><br>Vs<br><br>WELLS FARGO BANK, NA<br>(WELLS FARGO)<br>Movant | Chapter 11<br>Case #: 2:09-bk-06979-PHX-RTBP<br><br>SUPPLEMENTAL MEMORANDUM AND MOTION TO DENY MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>(Related to Docket # 7)<br><br>Subject property:<br>2500 N. Page Springs Rd,<br>Cornville, AZ 86325 |

Debtor moves the court to enter an order (The Order) denying Wells Fargo's Motion for Relief from the Automatic Stay of 11 U.S.C. 362(a) with prejudice, for the following reasons: 1) Movant failed to establish that it is a creditor, party-in-interest, or beneficiary; 2) Movant knowingly, repeatedly and falsely represented itself in its pleadings and in Court as the current beneficiary; 3) Movant claims it inadvertently failed to disclose its true status, that of loan servicer, not beneficiary, but that "this is a fact of no consequence"; 4) Movant asserts it has no duty to respond to the QWR, an admission it is not a creditor; 5) Movant was given an opportunity at the January 19, 2009 hearings to file a declaration contradicting the foregoing and failed to do so. Therefore the motion for relief from the automatic stay should be denied with prejudice and the Order of October 2, 2009 should be vacated.

This motion is supported by the following Memorandum of Points and Authorities, and Exhibits "A" through "F", which are incorporated herein by this reference. In further support of this motion, Debtor respectfully submits as follows:

## I. JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

4. On April 8th, 2009 three of Debtor's unsecured creditors filed an involuntary petition against Debtor for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5. On May 28th, 2009 (the "Petition Date"), this Court entered an order granting Debtor's motion to convert to Chapter11 thereby commencing the above-captioned case.

6. Debtor is operating his businesses and managing his properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Debtor has subsequently filed and revised all schedules and other necessary documents, and has satisfied all of the requirements of the Bankruptcy Court and the US Trustee in the case to date.

8. The United States Trustee's office conducted the initial creditors' meeting pursuant to 11 U.S.C. § 341 on September 4, 2009.

9. On or about August 18, 2008, two documents were simultaneously filed at the Yavapai County Recorder's Office, a Notice of Trustee Sale naming Lehman Brothers Bank FSB (Lehman) as beneficiary, and an Assignment of Deed of Trust transferring all beneficial interest in the transaction from Wells Fargo to Lehman.
(Exhibit "A" Notice of Trustee Sale; Exhibit "B" Assignment of Deed of Trust).

10. On September 21, 2009, Debtor served on Movant's counsel a certified letter specifically stating that the record shows Lehman to be the beneficiary, not Wells Fargo. (Exhibit "C" Letter to Wells Fargo; Exhibit "D" Mail Certification)

11. At the September 28 preliminary hearing one week later, Movant falsely represented itself as the current beneficiary, despite the foregoing notification and documentation and despite Debtor's oral protests. On the basis of that false representation, the Court found itself obliged to grant Movant the relief requested.

12. On October 2, 2009 the Court entered an Order granting Movant relief from the automatic stay. The Order falsely states "Wells Fargo Bank NA is the current beneficiary" contrary to the documented facts certainly known at the time to Movant and Movant's attorney. (Exhibit "E" Order).

13. On December 23, 2009 Debtor filed Adversary Complaint # 2:09-ap-01731-RTBP asking the Court to enforce the QWR and other discovery. The Complaint asks for a Temporary Restraining Order to maintain the status quo while discovery is conducted.

14. At the January 19th 2010 hearings (Docket # 74 & 101), Movant's counsel once more falsely and knowingly represented Wells Fargo as the current beneficiary. The Court took note of Debtor's assertion to the contrary. In plain language, counsel lied when asked by the Judge whether or not Wells Fargo is the owner of the note. It is uncontestable that counsel knew that Wells Fargo was not the owner of the note, yet he answered affirmatively.

15. The deception is clear in the January 19th 2010 courtroom transcript:
<u>Judge Baum</u>: "Are you representing to the Court that Wells Fargo still owns this note?"
<u>Leonard McDonald, Esq</u>: "They do, your honor."
The Court asked Mr. McDonald to file a declaration proving Wells Fargo's standing by January 22. No such declaration was forthcoming.

16. On February 2, 2010, Movant responded to the adversary complaint by filing a Motion to Dismiss, completely ignoring the foregoing, and stating that it has no duty to answer the QWR. If Movant has no duty to respond, this is a binding admission that can only mean it is not a creditor.

17. In the Motion to Dismiss, Movant admits to "inadvertently" failing to inform the Court at the previous hearings of its actual role: "loan servicer", not current beneficiary as previously and repeatedly asserted. This admission is fatal to Movant's attempt to foreclose on the Property. Movant goes on to assert that the failure "is a fact of no consequence." (Exhibit "F" Page 7, Doc #14 Adv case # 2:09-ap-01731-RTBP filed 2.2.2010.)

### III. RELIEF REQUESTED

For the foregoing reasons, Debtor respectfully requests that

- 4 -

1) This Court deny Wells Fargo's Motion for Stay Relief with prejudice, and

2) This Court vacate the Order entered on October 2, 2009.

**IV. NOTICE**

No trustee or examiner has been appointed in this Chapter 11 Case. Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to Movant; (c) any party-in-interest that has requested notice pursuant to Rule 2002 of the Federal Rules. In light of the nature of the relief requested, Debtor submits that no further notice is required

**WHEREFORE,** Debtor requests that the Court deny Wells Fargo's Motion for Stay Relief with prejudice, and vacate the Order entered on October 2, 2009.

Respectfully submitted this 12th day of February, 2010.

Andrew C. Bailey, Debtor in Pro Per

**Certificate of Notice**

Copy of the foregoing was mailed on February___, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003


Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003


Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA 91365-4365

Ronald Horwitz, Esq
Janessa Koenig
Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000
Phoenix AZ 85012

Gerard O'Meara, Esq.
Gust Rosenfeld PC
1 South Church Avenue, suite 1900
Tucson, AZ 85701-1620

WHEN RECORDED MAIL TO:

**TIFFANY & BOSCO, P.A.**
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

---

0152325825/0152325825
Title No: 288648
FHA/VA No.:

---

# NOTICE OF TRUSTEE'S SALE
## File ID. #08-46763 Bailey

Notice is hereby given that **Michael A. Bosco, Jr., Attorney at Law**, as trustee (or successor trustee, or substituted trustee), pursuant to the Deed of Trust which had an original balance of **$640,000.00** executed by **Andrew C. Bailey and Constance Baxter Marlow, 2500 Page Springs, Cornville, AZ 86325**, dated **June 9, 2006** and recorded **June 23, 2006**, as Instrument No./Docket-Page **4409-655** of Official Records in the office of the County Recorder of **Yavapai** County, State of Arizona, will sell the real property described herein by public auction on **November 18, 2008 at 11:00 AM, on the front steps of the Old Yavapai County Courthouse, facing Gurley Street, Prescott, AZ.**, to the highest bidder for cash (in the forms which are lawful tender in the United States and acceptable to the Trustee, payable in accordance with ARS 33-811A), all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and more fully described as:

Parcel I: A portion of the Southeast quarter of Section 15, Township 16 North, Range 4 East of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, more particularly described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West along the Southerly boundary of said Section 15, a distance of 495.31 feet to the Westerly right of way line of the Page Springs Road and the TRUE POINT OF BEGINNING; THENCE continuing North 89°57'49" West, a distance of 414.11 feet; THENCE North 12°47'43" West, a distance of 293. 12 feet; THENCE South 89°57'49" East, a distance of 292.28 feet to a point on the Westerly right of way line of the Page Springs Road; THENCE Southeasterly, along said right of way line on a curve to the left, having a radius of 749.00 feet, through a central angle of 15°51'22", a distance of 207.33 feet; THENCE South 37°56'23" East, along said right of way, a distance of 135.61 feet to the TRUE POINT OF BEGINNING.

PARCEL II: AN EASEMENT for ingress and egress described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West, along the Southerly boundary of said Section 15, a distance of 1303.17 feet; THENCE North 07°17'21" East, a distance of 288.10 feet; THENCE South 89°57'49" East, a distance of 272.98 feet to the TRUE POINT OF BEGINNING; THENCE North 39°02'54" East, 356.01 feet; THENCE South 89°57'49" East, a distance of 31.21 feet; THENCE South 03°33'23" East, a distance of 30.06 feet; THENCE North 89°57'49" West, a distance of 18.79 feet; THENCE South 39°02'54" West, a distance of 317.40 feet; THENCE North 89°57'49" West, a distance of 38.60 feet to the TRUE POINT OF BEGINNING of said Access Easements.

Exhibit A

The street address/location of the real property described above is purported to be:

**2500 Page Springs**
**Cornville, AZ  86325**
**Tax Parcel No.: 407-27-018**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

*(Notice of Sale continued following page ..........)*

The beneficiary under the aforementioned Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note and/or Deed of Trust, immediately due and payable.

Said sale will be made in an "as is" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal balance of the Note secured by said Deed of Trust with interest thereon as proved in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Current Beneficiary:
    Lehman Brothers Bank, FSB
Care of / Servicer
    Wells Fargo Bank, N.A. successor by merger with Wells Fargo Home Mortgage, Inc.
    Attn: F/C Dept.
    3476 Stateview Boulevard
    Fort Mill, SC 29715

Current Trustee:
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
(602) 255-6000

Dated : August 14, 2008

_____
Michael A. Bosco, Jr., Attorney at Law
Trustee/Successor Trustee, is qualified per
ARS Section 33-803 (A)2 as a member of
The Arizona State Bar

STATE OF ARIZONA)
                    ) ss.
County of Maricopa  )

This instrument was acknowledged before me on 08/14/08, by MICHAEL A. BOSCO, JR., Attorney at Law, as Trustee/Successor Trustee.

My Commission Expires:

OFFICIAL SEAL
ANN ARMSTRONG
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Jan. 15, 2010

_____
Ann Armstrong, Notary Public
Commission expiration is 1/15/2010 12:00:00 AM

NOTICE: This proceeding is an effort collect a debt on behalf of the beneficiary under the referenced Deed of Trust. Any information obtained will be used for that purpose. Unless the loan is reinstated, this Trustee's Sale proceedings will result in foreclosure of the subject property.

## "EXHIBIT A"

### STATEMENT OF BREACH OR NON-PERFORMANCE
### FILE NO: 08-46763 Bailey

A breach or non-performance of the Deed of Trust referred to in the attached Notice of Trustee's Sale (which Deed of Trust is dated **06/9/06** and recorded at Recorder's Number/Docket-Page **4409-655**, in the office of the **Yavapai** County Recorder) or of the promissory note/contract secured thereby, or both, has occurred by reason of the following:

    Failure to make the monthly payments of $3,793.42 each, from 05/01/08 and all subsequent installments

    PLUS ALL ACCRUING PAYMENTS, LATE CHARGES, ADVANCES, TAXES, RENTS, PAYMENTS ONPRIOR LIENS, FEES, COSTS, INTEREST, EXPENSES, AND ANY OTHER DEFAULT THAT MAY OCCUR, ETC.

The Beneficiary under said Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note/Deed of Trust, immediately due and payable. The beneficiary has elected to sell, or cause to be sold, the property described in the Notice of Trustee's Sale.

All persons whose interest in the trust property is subordinate in priority to that of the above-mentioned Deed of Trust are hereby advised that their INTEREST MAY BE TERMINATED BY THE TRUSTEE'S SALE.

                                          Lehman Brothers Bank, FSB by Wells Fargo Bank, N.A., as atty-in-fact

                                          By: Mark S. Bosco, Attorney at Law
                                          By Limited Power of Attorney

Loan No.: 0152325825

---

State of Arizona)

County of Maricopa)

This instrument was acknowledged on August 14, 2008, before me the undersigned, Notary Public, by Mark S. Bosco, Attorney at Law by Limited Power of Attorney for the above corporation and that he executed the within instrument in behalf of said corporation as Beneficiary and being authorized so to executed.

OFFICIAL SEAL
PAULA GRUNTMEIR
NOTARY PUBLIC State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 23, 2011

Notary Public                                                                 Exp. date

Ana Wayman-Trujillo, Recorder  B-4616 P-292
OFFICIAL RECORDS OF YAVAPAI COUNTY  08/18/2008 03:51P
FIRST AMERICAN TITLE INS    AODT    14.00  4257662

B-4616 P-292
Page: 1 of 2
AODT  4257662

WHEN RECORDED MAIL TO:

TIFFANY & BOSCO, P.A.
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

AUG 14, 2008

## ASSIGNMENT OF DEED OF TRUST

Loan No. 0152325825  
Parcel No.  
T & B No.: 08-46763

For Value Received, the undersigned corporation hereby grants, assigns and transfers to **Lehman Brothers Bank, FSB** at the address of c/o ASC, 3476 Stateview Blvd, Fort Mill, SC 29715 all beneficial interest under that certain Deed of Trust dated **June 9, 2006** executed by **Andrew C. Bailey and Constance Baxter Marlow** Trustor, **First American Title Insurance Company** Trustee, **Wells Fargo Bank, N.A.**, as Beneficiary; and recorded on **June 23, 2006** as Instrument No./Docket-Page No. 4409-655 of Official Records of Yavapai County, AZ and legally describing the trust property as:

Parcel I: A portion of the Southeast quarter of Section 15, Township 16 North, Range 4 East of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, more particularly described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West along the Southerly boundary of said Section 15, a distance of 495.31 feet to the Westerly right of way line of the Page Springs Road and the TRUE POINT OF BEGINNING; THENCE continuing North 89°57'49" West, a distance of 414.11 feet; THENCE North 12°47'43" West, a distance of 293.12 feet; THENCE South 89°57'49" East, a distance of 292.28 feet to a point on the Westerly right of way line of the Page Springs Road; THENCE Southeasterly, along said right of way line on a curve to the left, having a radius of 749.00 feet, through a central angle of 15°51'22", a distance of 207.33 feet; THENCE South 37°56'23" East, along said right of way, a distance of 135.61 feet to the TRUE POINT OF BEGINNING.

PARCEL II: AN EASEMENT for ingress and egress described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West, along the Southerly boundary of said Section 15, a distance of 1303.17 feet; THENCE North 07°17'21" East, a distance of 288.10 feet; THENCE South 89°57'49" East, a distance of 272.98 feet to the TRUE POINT OF BEGINNING; THENCE North 39°02'54" East, 356.01 feet; THENCE South 89°57'49" East, a distance of 31.21 feet; THENCE South 03°33'23" East, a distance of 30.06 feet; THENCE North 89°57'49" West, a distance of 18.79 feet; THENCE South 39°02'54" West, a distance of 317.40 feet; THENCE North 89°57'49" West, a distance of 38.60 feet to the TRUE POINT OF BEGINNING of said Access Easements.

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust

Date : August 14, 2008

Wells Fargo Bank, NA

_/s/_

By : Mark S. Bosco, Attorney at Law
By Limited Power of Attorney

Exhibit B

STATE OF Arizona        )
                        )ss.
COUNTY OF Maricopa      )

On this 14th day of August, 2008, before me, the undersigned, a Notary Public for said State, personally appeared Mark S. Bosco, Attorney at Law known to me to be the By Limited Power of Attorney of the above corporation, and acknowledge execution of the above instrument on behalf of the corporation.

My Commission Expires:

_____
Notary Public



SEAL

Andrew C Bailey
2500 N. Page Springs Road
Cornville, AZ 86325

Mark S. Bosco
Tiffany & Bosco
2525 East Camelback Road, Suite 300
Phoenix, AZ 85016

September 21, 2009.

### Re: Wells Fargo Bank NA Account # 0152325825

Dear Mr. Bosco,

Please find attached a Qualified Written Request and Debt Validation Letter for the immediate attention of your client Wells Fargo Bank NA. The referenced property is 2500 N Page Springs Road, Cornville, AZ 86325.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of litigation and confusion concerning my relationship with your client, the identity of my creditor/s (who may or may not be your client) and the amount still owing on the loan. The originating "lender" was Wells Fargo Bank NA, but Yavapai County records show Lehman Brothers Bank as the owner of the note, just one point in the inconsistent and confusing nature of my relationship with your client. Lehman Brothers Bank is in bankruptcy, which might well affect these proceedings.

Clearly the process calls for full-fledged discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client, and will cost time and money to gain access to. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by Federal statute.

I am doing everything in my power to move this complex process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full Forensic Audit of my loan with your client.

Sincerely,

*[signature]*

Andrew C Bailey

Exhibit C



Exhibit D

SO ORDERED.

# TIFFANY & BOSCO
### P.A.

Dated: October 02, 2009



/s/ Redfield T. Baum
REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge

2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-11527/0152325825

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:09-bk-06979-RTBP |
| Andrew C. Bailey<br>Debtors. | Chapter 7 |
| Wells Fargo Bank, N.A.<br>Movant,<br>vs.<br>Andrew C. Bailey, Debtors; Office of the US Trustee, Trustee.<br>Respondents. | O R D E R<br>(Related to Docket #7) |

This matter having come before the Court for a Preliminary Hearing on September 28, 2009, Movant appearing by and through its attorney, Tiffany & Bosco, P.A., Debtor appearing by and through their counsel, pro se, and good cause appearing,

**IT IS HEREBY ORDERED** that all stays and injunctions, including the automatic stays imposed by U.S. Bankruptcy Code 362(a) are hereby terminated as to Movant with respect to that certain real property which is subject of a Deed of Trust dated June 9, 2006, and recorded on June 23, 2006,

Exhibit E

B4409 P655 in the office of the Yavapai County Recorder at wherein Wells Fargo Bank, N.A. is the current beneficiary and Andrew C. Bailey have an interest in, further described as:

Parcel I: A portion of the Southeast quarter of Section 15, Township 16 North, Range 4 East of the Gila and Salt River Base and Meridian, Yavapai County, Arizona, more particularly described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West along the Southerly boundary of said Section 15, a distance of 495.31 feet to the Westerly right of way line of the Page Springs Road and the TRUE POINT OF BEGINNING; THENCE continuing North 89°57'49" West, a distance of 414.11 feet; THENCE North 12°47'43" West, a distance of 293.12 feet; THENCE South 89°57'49" East, a distance of 292.28 feet to a point on the Westerly right of way line of the Page Springs Road; THENCE Southeasterly, along said right of way line on a curve to the left, having a radius of 749.00 feet, through a central angle of 15°51'22", a distance of 207.33 feet; THENCE South 37°56'23" East, along said right of way, a distance of 135.61 feet to the TRUE POINT OF BEGINNING.

PARCEL II: AN EASEMENT for ingress and egress described as follows: COMMENCING at the Southeast corner of said Section 15; THENCE North 89°57'49" West, along the Southerly boundary of said Section 15, a distance of 1303.17 feet;
THENCE North 07°17'21" East, a distance of 288.10 feet; THENCE South 89°57'49" East, a distance of 272.98 feet to the TRUE POINT OF BEGINNING; THENCE North 39°02'54" East, 356.01 feet; THENCE South 89°57'49" East, a distance of 31.21 feet;
THENCE South 03°33'23" East, a distance of 30.06 feet; THENCE North 89°57'49" West, a distance of 18.79 feet; THENCE South 39°02'54" West, a distance of 317.40 feet; THENCE North 89°57'49" West, a distance of 38.60 feet to the TRUE POINT OF BEGINNING of said Access Easements.

IT IS FURTHER ORDERED that this Order vacating the automatic stay imposed by U.S. Bankruptcy Court Code 362(a) shall be binding and effective in the event the Debtor converts this case to another chapter under the U.S. Bankruptcy Code.

DATED this ____ day of _____, 2009.

_____

JUDGE OF THE U.S. BANKRUPTCY COURT

1 those issues as they "were actually and necessarily decided in prior litigation between the
2 parties." *See Vitreous Steel Products Co. v. Miller*, 911 F.2d 1223, 1234 (7th Cir. 1990)
3 (*citing White v. Elrod*, 816 F.2d 1172, 1174 (7th Cir.), *cert. denied*, 484 U.S. 924, 108
4 S.Ct. 286, 98 L.Ed.2d 246 (1987).

Wells admits that it inadvertently failed to identify itself as the Loan servicer in its Motion for Relief From Stay Re: Real Property Located at 2500 Page Springs, Cornville, AZ 86325. However, this is a fact of no consequence. Wells still has authority to initiate and maintain a foreclosure proceeding against the Property. *See* Ex. A. Further, Lehman has not objected to Wells' actions. And Bailey has not and cannot claim that he has paid his obligations imposed upon him by the Loan.

Therefore, Bailey's allegations regarding Wells' standing to initiate the foreclosure and Wells' possession of the original Note fail to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, Wells and Lehman respectfully requests that the Court dismiss them from the Complaint with prejudice.

RESPECTFULLY SUMITTED this 2nd day of February, 2010.

TIFFANY & BOSCO, P.A.

By: /s/ Leonard J. McDonald, Jr.
Leonard J. McDonald
Kevin P. Nelson
2525 E. Camelback Road, 3rd Floor
Phoenix, Arizona 85016-4237
*Counsel for Wells Fargo Bank, N.A.*

Exhibit F