```
 1 │ LEONARD J. MCDONALD (SBN 014228)
   │ KEVIN P. NELSON (SBN 023381)
 2 │ TB  TIFFANY & BOSCO
   │         P.A.
 3 │ THIRD FLOOR CAMELBACK ESPLANADE II
   │ 2525 EAST CAMELBACK ROAD
 4 │ PHOENIX, ARIZONA 85016-4237
   │ TELEPHONE: (602) 255-6000
 5 │ FACSIMILE: (602) 255-0103
   │ E-MAIL:  ljm@tblaw.com
 6 │          kpn@tblaw.com
   │
 7 │ ATTORNEYS FOR DEFENDANT WELLS FARGO BANK
```

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| In re: | (Chapter 11) |
|---|---|
| ANDREW C. BAILEY, | Case No. 2:09-bk-06979-RTBP |
| Debtor. | **WELLS FARGO BANK, NA'S RESPONSE TO RESPONDENT'S SUPPLEMENTAL MEMORANDUM AND MOTION TO DENY MOVANT'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY** |
| WELLS FARGO BANK, NA (WELLS FARGO), | |
| Movant, | |
| v. | |
| ANDREW C. BAILEY, | |
| Respondent. | |

Wells Fargo Bank, NA ("Wells"), by and through counsel undersigned, hereby responds to Respondent Andrew C. Bailey's ("Bailey") Supplemental Memorandum and

Motion to Deny Movant's Motion for Relief from the Automatic Stay at Dkt. # 144 (the "Memo").

The Court should deny the Memo for the following reasons:

1. Wells has established its authority to initiate and maintain the foreclosure of the property at issue (the "Property"); and

2. Bailey's allegations regarding the "QWR" are not at issue.

This Response is supported by the following Memorandum of Points and Authorities, the entire record in this matter and the entire record in Adversary Proceeding Case No. 2:09-AP-01731-RTBP (the "Adversary Proceeding").

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  Legal Argument**

**1.  Wells has established its authority to initiate and maintain the foreclosure of the Property**

On or about June 9, 2006, Bailey executed a Promissory Note (the "Note") in favor of Wells for the purchase of the Property. (Dkt. # 7, Ex. A.) The Note was secured by the Property through a duly recorded Deed of Trust which called for the application of Arizona law. *Id.* at Ex. B, p. 11, ¶ 16. The Note and Deed of Trust are hereinafter collectively referred to as the "Loan."

On August 18, 2008, an Assignment of the Deed of Trust was executed in favor of Lehman which transferred Wells' interest in the Note and Deed of Trust to Lehman. (Adversary Proceeding, Dkt. #8, 6:1-3.) However, prior thereto, on May 1, 2006 Wells' entered into a Master Seller's Warranties and Servicing Agreement with Lehman providing Wells' with the authority to initiate and maintain a foreclosure action against the Property. (Adversary Proceeding, Dkt. #14, Ex. A.) As admitted by Bailey, Wells is the servicer of the Note. (Adversary Proceeding, Dkt. #1, ¶ 26.)

Bailey does not challenge and even admits that the evidence presented by the Defendants to support Wells' authority, specifically Adversary Proceeding, Dkt. #14, Ex. A., is a portion of the Master Seller's Warranties and Servicing Agreement executed by Wells and Lehman. (Adversary Proceeding, Dkt. #20, 12:10-11, 17:12-13.) If Bailey's only complaint is that he has not been provided with the entire Master Seller's Warranties and Servicing Agreement, it is a matter of public record easily obtainable at http://www.sec.gov/Archives/edgar/data/1372936/000112528206005786/b414911_ex99-6.txt, among other places.

The Memo is replete with mere conjecture setting forth allegation that Wells does not have standing to initiate and maintain a foreclosure action against the Property. Bailey's conjecture in the Memo does nothing to support his allegations. *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 629 (D.Nev. 2002) (citation omitted); *see also Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1062 (S.D. Cal. 2007) (citing *Estrella v. Brandt*, 682 F.2d 814, 820 (9th Cir. 1982).

Bailey takes exception to Well's counsel's representations that Well's was the beneficiary under the Loan. However, Well's counsel's statements were based upon the information and belief it had at the time. As soon as Well's counsel became aware of the inaccuracy of its statements, Well's counsel notified the Court. (Adversary Proceeding, Dkt. #14).

Bailey also takes exception to the fact that Well's did not file an affidavit with the Court to contest the affidavit filed by Bailey. However, Well's was not required to file such an affidavit and, after reviewing the broad generalities set forth in the affidavit filed by Bailey, Well's deemed it unnecessary. (Dkt. #134).

The fact is that Well's had authority to initiate the non-judicial foreclosure of the Property and has authority to maintain the action now. Therefore, the Court's October 2, 2009 Order is proper.

### 2. Bailey's allegations regarding the "QWR" are not at issue here.

Bailey asserts that Wells admitted it was not a creditor by stating it had no duty to respond to Bailey's alleged Qualified Written Request ("QWR"). To the contrary, the fact that Wells had not duty to respond to the QWR is based on the fact that Well's attorneys, and not Wells, were provided with a QWR. *Kee v. Fith Third Bank*, No. 2:06-CV-00602-CW, 2009 WL 735048, at *4 (D.Utah March 18, 2009) (*citing Griffin v. Citifinancial Mortgage Co., Inc.*, No. 3:05cv1502, 2006 U.S. Dist. LEXIS 6709, * 6-7, 2006 WL 266106 (M.D.Penn. Feb. 1, 2006). This fact is admitted by Bailey. (Adversary Proceeding, Dkt. #20, 3:6-8.) To assert that this is somehow an admission by Wells regarding its ability to foreclose on the Property is an unjustified leap in logic.

## II. Conclusion

For the foregoing reasons, Wells respectfully requests that the Court deny the Memo.

RESPECTFULLY SUMITTED this 26th day of February, 2010.

**TIFFANY & BOSCO, P.A.**

By: /s/ Leonard J. McDonald, Jr.
Leonard J. McDonald
Kevin P. Nelson
2525 E. Camelback Road, 3rd Floor
Phoenix, Arizona 85016-4237
*Attorneys for Wells Fargo Bank, N.A.*

| | |
|---|---|
| 1 | ORIGINAL filed electronically with the United States Bankruptcy Court, District of Arizona, this 26th day of February, 2010, and a copy mailed the 26th day of February to: |
| 2 | |
| 3 | |
| 4 | **ANDREW C BAILEY**<br>2500 N PAGE SPRINGS RD<br>CORNVILLE, AZ 86325<br>SSN / ITIN: xxx-xx-5378<br>*Petitioning Creditor* |
| 5 | |
| 6 | |
| 7 | **CONSTANCE B MARLOW**<br>2500 N PAGE SPRINGS RD<br>CORNVILLE, AZ 86325<br>*Petitioning Creditor* |
| 8 | |
| 9 | **TERESA J MOORE**<br>P O BOX 75217<br>HONOLULU, HI 96836<br>*Petitioning Creditor* |
| 10 | |
| 11 | |
| 12 | **JOHN L BAXTER**<br>P O BOX 1539<br>SISTERS, OR 97759 |
| 13 | *U.S. Trustee*<br>**U.S. TRUSTEE**<br>OFFICE OF THE U.S. TRUSTEE<br>230 NORTH FIRST AVENUE<br>SUITE 204<br>PHOENIX, AZ 85003 |
| 14 | |
| 15 | |
| 16 | |
| 17 | **JENNIFER A. GIAIMO**<br>OFFICE OF THE U.S. TRUSTEE<br>230 N. FIRST AVE., #204<br>PHOENIX, AZ 85003-1706<br>602-682-2600<br>Email: Jennifer.A.Giaimo@usdoj.gov |
| 18 | |
| 19 | |
| 20 | **LARRY LEE WATSON**<br>OFFICE OF THE U.S. TRUSTEE<br>230 North First Avenue, Suite 204<br>PHOENIX, AZ 85003-1706<br>602-682-2607<br>Fax : 602-514-7270<br>Email: larry.watson@usdoj.gov |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | By: Paula D. Hillock |
| 26 | 7000-003/425817 |