

ANDREW C. BAILEY
2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-represented Litigant*




# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>**ANDREW C. BAILEY**<br>Debtor/Respondent<br><br>Vs<br><br>**WELLS FARGO BANK NA**<br>Movant | Chapter 11<br>Case # 2:09-bk-06979-PHX-RTBP<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF EMERGENCY MOTION AND OBJECTION TO MOVANT'S RESPONSE AND EXHIBITS**<br><br>(Related to docs 22, 151, 157 & 166) |

Debtor Andrew C. Bailey, in Pro Per, objects to and rebuts Movant's Response (doc#166) and objects to Movant's Exhibits (Note and Deed of Trust) attached to Doc #22. Movant's Response is without merit as set forth below and the alleged Promissory Note and alleged Deed of Trust are defective because they identify the wrong party as the lender and beneficiary.

This Objection and Rebuttal is supported by the following Memorandum of Points and Authorities, the securitization chart attached as Exhibit "A", the entire record in adversary proceeding 2:09-ap-01727-RTBP and the entire record in 2:09-bk-06979-RTBP, which are incorporated herein by this reference:

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Introduction**

1. This matter concerns rights to real property at 153 Western Avenue, Glendale, California 91201. Debtor bases his claim to ownership of the property on a certain grant deed recorded at the Los Angeles County Recorder's Office on September 28, 2005 as instrument #05-2336464 A.P.N.: 5626-005-004.

Movant Wells Fargo Bank, NA bases its claim to rights concerning the Property on an alleged promissory note, deed of trust, limited power of attorney and notice of default.

2. Debtor has challenges and objects to ALL of Movant's statements, assertions and presumptions and questions the validity of each of the above documents. Debtor challenges the presumption of default, which is based upon an alleged Notice of Default which is fatally flawed in that it states the wrong balance and fails to account for all payments in the transaction. The alleged promissory note and deed of trust name Wells Fargo Bank, NA as the "lender" as of the dates on the documents. Wells Fargo Bank, NA was not at any time the lender as "lender" is defined in Black's Law Dictionary. The lender was an undisclosed third party. Wells Fargo Bank, NA was the nominee for an undisclosed third party but was not the lender or the beneficiary.

3. Debtor raises issues and questions of fact that include but are not limited to:

a. Was Wells Fargo Bank, NA the lender who advanced the money to the borrower as stated on the November 2005 promissory note? Debtor says they were not. Follow the money. It came from an undisclosed securities trust. Black's Law Dictionary defines a lender as: "A person or entity from which something (esp. money) is borrowed." If the "lender" listed on the Note and Deed of Trust did not advance anything of value or lend the borrower/debtor their own money, they are by the above definition not the "lender". They are merely the "loan arranger", which under applicable law is the function of a licensed and regulated mortgage broker.

b. Was Wells Fargo Bank, NA the lender and the beneficiary as stated on the December 2005 deed of trust? Pursuant to (a) above, Debtor says they were not.

c. If Debtor is incorrect as to (a) and (b) above, then precisely how and when did Wells Fargo Bank, NA become the lender?

d. If Debtor is incorrect as to (a) and (b) above, then precisely how and when did Wells Fargo Bank, NA become the beneficiary under the Deed of Trust?

e. Precisely how and when did Wells Fargo Bank, NA cease to be the beneficiary under the Deed of Trust?

f. If Wells Fargo Bank, NA was the servicer, loan arranger, nominee for the lender etc but was not the lender then is it not deceptive and misleading to name themselves the "lender" on the Promissory Note and Deed of Trust?

g. If Wells Fargo Bank, NA was never the lender and therefore never the beneficiary under the Deed of Trust, the January 29, 2009 Assignment of the Deed of Trust to US Bank, NA is defective. Wells Fargo Bank, NA had no authority to assign anything to anyone, including US Bank, NA.

i. US Bank, NA consequently had no authority to (create) an attorney in fact, aside from other defects in the Limited Power of Attorney.

j. What was the status of Wells Fargo Bank, NA at the time of the March 23, 2009 Notice of Trustees Sale? It was the servicer and not the beneficiary as claimed.

## BACKGROUND MATERIAL FACTS

1. On or about July 9, 2009 Movant Wells Fargo Bank, NA filed a Motion for Relief from the Automatic Stay with respect to Debtor's residence at 153 Western Avenue, Glendale, California (doc # 22) supported by an alleged promissory note and an alleged deed of trust (Dkt #22 Ex A, Ex B).

2. On or about February 16, 2010 Debtor filed Respondent's Supplemental Memorandum and Motion to Deny Movant's Motion for Relief from the Automatic Stay (doc #141).

3. On or about February 26, 2010 Movant Wells Fargo Bank, NA filed a Response to Respondent's Supplemental Memorandum and Motion to Deny Movant's Motion for Relief from the Automatic Stay (doc #151) supported by a newly-revealed document attached to their pleading as Exhibit "A" - an alleged Limited Power of Attorney. On or about April 29, 2010, Debtor filed an Objection to alleged Limited Power of Attorney

4. On or about March 18, 2010 Debtor filed an Emergency Motion to Vacate Order Lifting Stay In Light Of New Evidence And Fraud Upon The Court And To Renew Debtor's Motion To Deny Movant's Motion For Relief From The Automatic Stay (the Emergency Motion) (doc #157)

5. On or about April 1, 2010 Movant Wells Fargo Bank, NA filed a Response to Respondent's Emergency Motion to Vacate Order Lifting Stay In Light Of New Evidence And Fraud Upon The Court And To Renew Debtor's Motion To Deny Movant's Motion For Relief From The Automatic Stay. (doc #166)

6. In "Doc # 166" Movant challenges three of the allegations (counts) in Debtor's Emergency Motion, as set forth and rebutted below:

**ARGUMENT AND REBUTTAL**

**COUNT 1:** Debtor alleges that the Court lacks jurisdiction to grant Movant relief from the automatic stay because Movant does not have standing to seek such relief.

Movant responds that it does have standing to seek relief from the automatic stay because it was the beneficiary under the Promissory Note and Deed of Trust at issue and maintains authority to prosecute the foreclosure of the Property.

**Rebuttal**

In making the foregoing assertions, Movant depends on three documents none of which have been admitted into evidence or subjected to examination in discovery:

(i) The November 2005 Promissory Note offered as Exhibit "A" at doc # 22:

The alleged Promissory Note is defective because it falsely names Movant as the lender, whereas Movant was merely the nominee for the lender, an undisclosed party in a securitization scheme. Movant was not the lender. Further, Movant was not the beneficiary and was never the beneficiary despite the fact that it named itself as such in the alleged Deed of Trust.

(ii) The December 2005 Deed of Trust offered as Exhibit "B" at doc # 22:

The alleged Deed of Trust is defective because it falsely names Movant as the lender and beneficiary, whereas Movant was merely the nominee for the lender, an undisclosed party.

(iii) The recently-produced Limited Power of Attorney: The alleged Limited Power of Attorney is without force or effect as separately set forth in Debtor's Objection to Exhibit filed on or about April 29, 2010.

(iv) Movant lacks standing for reasons adequately addressed in Debtor's earlier pleadings.

(v) In addition, Movant lacks standing because the note was securitized. There must be an allegation that the mortgagee, Movant in the foreclosure action, is the present holder and owner of the mortgage and note Edason v. Central Farmers Trust Co., 129 So. 698 (Fla.1930); but see Graham v. Fitts, 43 So. 512 (Fla.1907). See also Hotel Management Co. v. Krickl, 158 So. 118 (Fla.1934); O'Malley v. Harris, 173

So. 355 (Fla.1937); <u>Lakeland Prod. Credit Assn. v. Coachman</u>, 5 So.2d 49 (Fla.1941); Willark House v. Espinosa, 328 So.2d 514 (Fla. 3 DCA 1976); Shapiro v. Family Bank, 538 So.2d 944 (Fla. 3 DCA 1989). Owner and Holder of Mortgage Note: <u>Philogene v. ABN Amro Mortg. Group Inc.</u>, 948 So. 2d 45 (Fla. 4th DCA 2006); <u>Mortgage Electronic Registration Systems, Inc. v. Revoredo</u>, 955 So. 2d 33 (Fla. 3d DCA 2007); <u>Mortgage Electronic Registration Systems, Inc. v. Azize</u>, 965 So. 2d 151 (Fla. 2d DCA 2007).

By transferring ownership and holding of the mortgage promissory note to certificate holders of a publicly traded security, the transfer negates the ability of the trustee or servicing agent to sue as the owner or holder of the promissory note. A mortgage cannot be foreclosed on behalf of the owner and holder of a note who does not actually own or hold the note. There is a difference between what is required to enforce a note and what is required to enforce a mortgage in foreclosure. The promissory note as a note remains enforceable but not the mortgage.

(vi) There are unresolved questions as to the chain of title. Where a property's chain of title demonstrated without doubt that one defendant was the lender under the deed of trust, the lender was empowered to foreclose on the property under CC § 2932.5, and the trustee for the deed of trust was authorized to conduct foreclosure under CC §§ 2924-2924l. Adams v. SCME Mortg. Bankers, Inc. (2009, ED Cal) 2009 US Dist LEXIS 46600. Movant has not demonstrated without doubt that it is or ever was the lender, that title was properly transferred and recorded in the multiple sales of the note, or that it or any known party has the right to foreclose.

**COUNT 2**: Debtor alleges that Wells committed fraud upon the Court by (falsely) stating that it was the beneficiary of the Promissory Note and Deed of Trust at issue concerning real property located at 153 Western Avenue, Glendale, CA 91201(the "Property") (at the two hearings on the matter.) (Parenthetical phrases omitted by Movant)

Movant responds that it did not commit fraud upon the court because its assertions were fundamentally accurate.

**Rebuttal**

The false assertion made at both hearings was that "Wells Fargo is the current beneficiary". This was untrue and known to be untrue by Movant. The court relied upon the truth of the assertion in issuing and re-confirming its order lifting the automatic stay, to the extreme detriment of the Debtor. Movant's assertions were anything but "fundamentally accurate". Movant's claim that their misrepresentations were based on "information and belief it had at the time and were not intended to deceive or mislead the Court" has no merit. They knew very well that the assertions were false. Debtor alleges that all the elements of fraud are present.

> (i) Movant until recently claimed to be the "current beneficiary". Movant has now conceded that it is not the "current beneficiary", but is the servicing agent. The servicing agent may have standing if acting as an agent for the holder, assuming that the agent can both show agency status and that the principal is the holder. *See, e.g., In re Vargas*, 396 B.R. 511 (Bankr. C.D. Cal. 2008) at 520. Movant alleged that Movant was the holder of the note or beneficiary for purposes of standing to bring an action of foreclosure. This is a legal impossibility and, accordingly, a false assertion. Movant was instrumental in the issuance and sale of the certificates to certificate holders. This means the Movant knew

Case 2:09-bk-06979-RTBP    Doc 176    Filed 05/04/10    Entered 05/05/10 07:54:14    Desc
Main Document    Page 8 of 15

05/04/2010

all along that it was not the holder of the note or the beneficiary. The holder or holders remain unidentified.

This motion should be dismissed because Movant lacks standing and because Movant made false representations that Movant was the lender or the beneficiary, which it knew to be false and upon which it expected the Court to rely and upon which the Court did rely in granting relief to Movant.

**COUNT 3:** Debtor alleges that new evidence shows that Wells does not have the authority to pursue relief from the automatic stay on behalf of U.S. Bank as Trustee for WFMBS 2006-AR2 ("U.S. Bank") and that there are "previously undisclosed parties" who may have rights and responsibilities associated with the property.

Movant responds that Debtor's conjecture regarding the alleged new evidence should not be considered, and that the securitization of Debtor's Note and Deed of Trust is "a fact of no consequence".

**Rebuttal**

(i) The securitization of Debtor's Note and Deed of Trust is anything but "a fact of no consequence". On the contrary, the consequences are highly significant.
Specifically

    (a) The existence of a pooling and servicing or other agreement means that Debtor entered a contract or was about to enter a contract with parties unknown to him at the

November 2005 closing. Thus there was no meeting of the minds, a threshold requirement under contract law. The contract is thus void or voidable.

(b) Movant was the nominee for an undisclosed principal (the lender) pursuant to pre-existing agreements and immediately upon closing sold or transferred all beneficial interest in Debtor's note and deed of trust to a third party or parties unknown to Debtor. From that moment, Movant retained no beneficial interest, if it ever had any. The third party was not disclosed in the note or the deed of trust. The transfer was not recorded until a much later date.

(c) At the time of the "closing" in November 2005, Debtor could not possibly have known or understood the details or the consequences of the pooling and servicing agreement and other prior and subsequent contractual agreements among and between the securitization parties.

(ii) Movant's position relies upon four documents: the Note, the Deed, the Limited Power of Attorney and the Notice of Defualt. As set forth herein, Debtor challenges the validity of each of the documents. None of these documents is effective for the reasons set forth.

(iii) The "previously undisclosed parties" include but are not limited to Lehman Brothers Inc and Wells Fargo Asset Securities Corporation. (see Exhibit "A")

**4:** Finally, Movant recites that "the core facts remain undisputed; Bailey has no equity in the Property etc."

**Rebuttal**

On the contrary, Debtor has always disputed and continues to dispute the unsupported presumption of zero equity, the unsupported presumption of default and other presumptions. There is no way to prove the existence or otherwise of equity or default in the Property absent a full accounting and an independent appraisal of the Property. The December 22, 2008 Notice of Default is fatally flawed under U.C.C. Article 3.

> The requirements for suing to collect a debt upon a promissory note are defined by Article 3 of the U.C.C. Article 3 governs negotiable instruments – it defines what a negotiable instrument is and defines how ownership of those pieces of paper is transferred. For the precise definition, see § 3-104(a) ("an unconditional promise or order to pay a fixed amount of money, with or without interest . . . .") The instrument may be either payable to order or bearer and payable on demand or at a definite time, with or without interest. Ordinary negotiable instruments include notes and drafts (a check is a draft drawn on a bank). See § 3-104(e). Negotiable paper is transferred from the original payor by negotiation. §3-301. "Order paper" must be endorsed; bearer paper need only be delivered. §3-305. However, in either case, for the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument. *See* UCC § 1-201 (20) and comments. The original and subsequent transferees are referred to as holders. Holders who take with no notice of defect or default are called "holders in due course," and take free of many defenses. See §§ 3-305(b).

The UCC says that a payment to a party "entitled to enforce the instrument" is sufficient to extinguish the obligation of the person obligated on the instrument. Clearly, then, only a holder – a person in possession of a note endorsed to it or a holder of bearer paper – may

seek satisfaction or enforce rights in collateral such as real estate. Movant has not established standing as a holder, nor has it provided an accounting of all payments and debits which might prove whether or not the obligation has been paid.

**CONCLUSION**

As set forth above, Debtor has raised a number of genuine questions and issues of fact that can only be resolved by due process including discovery. Movant's motion for relief from the automatic stay should be dismissed with prejudice or the stay re-instated because the mortgage is unenforceable and because Movant lacks standing. In the alternative, Debtor should be granted a Temporary Restraining Order until discovery and a hearing have been conducted.

A. The note and mortgage are unenforceable because:

1. Securitization removed the note holder from the note thereby rendering the note unenforceable.
2. The note cannot be severed from the mortgage to attempt to enforce the mortgage without the note holder.
3. The note and mortgage are unenforceable because the mortgagor never consented to the securitization of the mortgage.
4. The mortgagor never consented to the restrictions placed upon the note and mortgage by the Pooling and Servicing Agreement.
5. The incidence of financial loss is separated from the authority to modify the loan and foreclose.

6. A transferee of the mortgage, subsequent to its origination, caused others to modify the mortgage contract without the consent of the mortgagor and without consideration.

7. A subsequent transferee of the mortgage converted the mortgage by restricting its transferability and dividing incidence of loss from authority to foreclose without the consent of the mortgagor.

8. The relief sought does not provide a windfall to the Debtor.

B. Movant lacks standing to foreclose because:

(1) Movant does not own or hold the note; and

(2) Movant does not and cannot act as the agent for the certificate holders for purposes of foreclosure.

(3) There is no case or controversy between Movant and Debtor.

**WHEREFORE**, Debtor requests that this Court dismiss the Movant's motion with prejudice, allow discovery in the contested matter, grant a Temporary Restraining Order as requested, and grant all other relief as may be just and proper.

Respectfully submitted this 3rd day of May, 2010.

_____
**Andrew C. Bailey,** *Pro Per*

**Certificate of Notice**

Copy of the foregoing was mailed on May 3rd, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA  91365-4365

Ronald Horwitz, Esq
Jaberg & Wilk, PC
3200 N. Central Avenue, suite 2000
Phoenix AZ 85012

Kyle Hirsch, Esq
Bryan Cave, LLP
Two North Central Ave. Suite 2200
Phoenix, AZ 85004

# Bailey 153 Western Ave – Securitization

**ARROW LEGEND**
Blue – Mortgage Documents
Red – Securities Certificates

```
                    Andrew Bailey
                         │
                         │ Related Documents
                         ▼
                  Wells Fargo Bank
                        NA
                         │
                         │ Loan Purchasing Price
                         ▼
                  Wells Fargo Bank
                  NA & Lehman
                  Bros, Inc. (NY)
                         │
                         │ Net Offering Proceeds
                         ▼
                  Wells Fargo Asset      ◄── Certificates ── Wells Fargo Asset Securities Corp.
                  Securities Corp.
                         │
                         │ Related Documents          Net Offering Proceeds
                         ▼
                  Wells Fargo
                  Mortgage Backed        Certificates ──► Lehman Brothers
                  Securities Trust                       Inc. and other
                  2006-AR2(NY)                           Investors
                         │
                         ▼
                  U.S. Bank N.A.         Monthly Distributions
                                         Return on Investment
```

Wells Fargo Bank NA (Master Servicer) — Monthly Payments

FORECLOSURE DEFENSE INSTITUTE

exhibit A

05/04/2010