Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Movants

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP; and MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>Movants,<br><br>vs.<br><br>ANDREW C. BAILEY,<br><br>Respondent. | **RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY LOCATED AT 2560 N. PAGE SPRINGS ROAD, CORNVILLE, ARIZONA**<br><br>Hearing Date: Not yet set.<br>Hearing Time: Not yet set. |

The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 ("BNY Mellon"); BAC Home Loans Servicing, LP ("BAC"); and Mortgage Electronic Registration Service ("MERS") (collectively, "Movants") hereby file this motion for relief from the automatic stay in order to take all steps necessary to commence, conduct, and complete a non-judicial foreclose

sale of that certain real property located at 2560 North Page Springs Road, Cornville, Arizona ("Trust Property") in which the debtor and debtor-in-possession, Mr. Andrew Bailey ("Debtor"), asserts an ownership interest.

Movants seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor has no equity in the Trust Property and the Trust Property is not necessary to an effective reorganization, and for cause pursuant to 11 U.S.C. § 362(d)(1) for the Debtor's inability to adequately protect Movants' interest in the Trust Property. Movants file this Motion without prejudice to seeking stay relief on alternative grounds of "cause" that exist which justify relief, and expressly seek a waiver of the fourteen-day stay of the effectiveness of an order granting relief from the automatic stay pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

In support of this Motion, Movants submit (i) the following Memorandum of Points and Authorities; (ii) the <u>Declaration Of Thomas Cerchio In Support Of Renewed Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> ("Cerchio Declaration") filed contemporaneously herewith, which is hereby incorporated by this reference; (iii) the <u>Declaration of Susan Elsner In Support Of Renewed Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> ("Elsner Declaration") filed contemporaneously herewith, which is hereby incorporated by this reference; (iv) the <u>Declaration of Jacqui Whitney In Support Of Renewed Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> ("Whitney Declaration") filed contemporaneously herewith and the exhibits attached thereto, all of which is hereby incorporated by this reference; and (v) the entire record before the Court in this Chapter 11 case.

RESPECTFULLY SUBMITTED this 14th day of May, 2010.

BRYAN CAVE LLP

By: _____
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Movants

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION AND VENUE.

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

2. Venue of these proceedings and the Motion is proper in this District pursuant to 28 U.S.C. § 1409.

3. The statutory bases for the relief requested are 11 U.S.C. §§ 105 and 362(d).

## II. FACTUAL BACKGROUND.

4. On April 8, 2009 ("Petition Date"), an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code ("Code") was filed against Andrew Cameron Bailey, the debtor and debtor-in-possession in the above-captioned bankruptcy case ("Debtor"), thereby commencing this bankruptcy case. On May 28, 2009, the Court entered an order granting the Debtor's motion to convert this case to one under Chapter 11 of the Code.

5. The Debtor has not filed a plan or disclosure statement in this bankruptcy case to date.

### A. History Of The Loan Transaction.

6. On or about March 29, 2007, the Debtor obtained a loan in the original principal amount of $425,000 ("Loan") from Countrywide Bank, FSB ("Countrywide"). See Whitney Declaration, para. 6.

7. The Loan is evidenced by, among other things, that certain InterestOnly ADJUSTABLE RATE NOTE dated March 29, 2007 in the original principal amount of $425,000 executed by the Debtor and payable to the order of Countrywide, ("Note"). See Whitney Declaration, paras. 6-7 & Ex. A.

8. Pursuant to the Note, the Debtor agreed to make monthly principal and interest payments on the first day of every month, beginning on May 1, 2007, until maturity of the Note ("Monthly Payments"). See Whitney Declaration, Ex. A.

9. The Debtor's payment and performance obligations under the Note are secured by

4

665354.2 [0307032]
Case 2:09-bk-06979-RTBP   Doc 178   Filed 05/14/10   Entered 05/14/10 14:33:38   Desc
Main Document    Page 4 of 14

a first-position deed of trust on the Trust Property, as evidenced by that certain DEED OF TRUST dated March 29, 2007 and recorded on May 4, 2007 in the Official Records of Yavapai County, Arizona at Book 4504, Page 231 ("Deed of Trust"). See Whitney Declaration, para. 9-10 & Exhibit B.

10. The Deed of Trust identifies the Debtor (identified as "Andrew C. Bailey") and Constance Baxter Marlow, an unmarried woman, as the borrowers, Countrywide as the lender, and MERS, acting solely as nominee for Countrywide and Countrywide's successors and assigns, as the beneficiary. See Whitney Declaration, para. 11 & Ex. B.

### B. Present Rights In And To The Loan.

11. After the date of the Loan, Countrywide transferred its rights in and to the Note by assignment to Countrywide Home Loans, Inc. ("CHL"), as evidenced, among other places, by a stamp on the last page of the Note. See Whitney Declaration, para. 8 & Ex. A.

12. BNY Mellon is the trustee of a trust known as "Alternative Loan Trust 2007-HY4" ("Trust"). Pursuant to that certain Pooling and Servicing Agreement dated May 1, 2007 ("PSA"), which PSA is available through the Securities and Exchange Commission's EDGAR service, the Loan was one of several loans transferred to BNY Mellon as trustee of the Trust. See Cerchio Declaration, paras. 4-5.

13. BNY Mellon, by and through its designated custodian for all of the collateral documents conveyed under the PSA, The Bank of New York Trust Co., is in possession of the Note. See Cerchio Declaration, paras. 6-8; Elsner Declaration, paras. 4-5.

14. Pursuant to the PSA, Countrywide Home Loans Servicing LP is the master servicer of the Loan. See Whitney Declaration, paras. 12-13; Cerchio Declaration, para. 5. Countrywide Home Loans Servicing LP is now known as "BAC Home Loans Servicing LP." See Whitney Declaration, paras. 5, 14.

15. Accordingly, BNY Mellon is the holder in due course of the Note; BAC is the master servicer pursuant to the PSA; and MERS remains the beneficiary under the Deed of Trust.

5

C. **Debtor's Failure To Perform Under The Loan And Outstanding Balance Thereof.**

16. The Debtor has failed to make the Monthly Payments due under the Loan since his failure to make the payment that was due on May 1, 2008. See Whitney Declaration, para. 16. Effectively, the Debtor has not made any payments pursuant to the Loan for approximately 24 months.

17. The Debtor has made no payments to Movants on account of the Loan since the Petition Date. See Whitney Declaration, para. 16.

18. As of April 28, 2010, the outstanding balance due and owing under the Note was no less than $491,698.93, consisting of $456,390.66 in outstanding unpaid principal, $29,227.20 in unpaid accrued interest (including interest accrued through May 10, 2010), $12,090 in fees, $4,756.57 in negative escrow, and $34.00 in other charges. See Whitney Declaration, para. 17.

19. The outstanding balance after April 28, 2010 continues to increase based on, among other things, continued accrual of interest, fees and charges, and attorneys' fees and legal expenses, for which the Debtor is liable pursuant to the Note, the Deed of Trust, and applicable law. See Whitney Declaration, para. 18.

D. **The Debtor's Lack Of Equity In The Trust Property.**

20. As set forth in Schedule A filed by the Debtor at Docket Entry # 27, the Debtor has asserted that as of July 10, 2009, the value of the Debtor's interest in the Trust Property is $325,000[1].

21. Although the Debtor subsequently amended his statements and schedules on August 4, 2009 (filed August 5, 2009 and August 7, 2009), September 26, 2009 (filed September

---

[1] Inexplicably, the Debtor scheduled the value of the property securing the Loan in Schedule D at $542,000. In subsequent amendments to his statements and schedules, the Debtor identifies the indebtedness arising from the Loan as a general unsecured claim, listed on Schedule E, not Schedule D. Because Schedule E lists unsecured claims asserted by the Debtor, Schedule E does not provide an assertion of value for the property securing the Loan. Thus, subsequent amendments to the Debtor's statements and schedules only present the Debtor's assertion of value of the Trust Property in Schedule A, which value is $325,000 and which value Movants do not challenge for purposes of this Motion only.

6

28, 2009) and December 16, 2009 (filed December 17, 2009), the Debtor has not amended his assertion as to the value of his interest in the Trust Property set forth in Schedule A.

22. The Debtor admits the existence of an additional encumbrance against the Trust Property – a home equity line of credit in the amount of approximately $61,000.

### III. LEGAL ARGUMENT.

The automatic stay prevents any party from, among other things, commencing or continuing any action against the debtor or property of the estate to recover a claim against the debtor that arose before the petition date. 11 U.S.C. § 362(a)(1).

Under Section 362(d) of the Bankruptcy Code, however, stay relief must be granted

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if – (A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Movants have the burden of proof only on the issue of the Debtor's equity in the Trust Property. 11 U.S.C. § 362(g)(1). The Debtor has the burden of proof on all other issues raised by the Motion. 11 U.S.C. § 362(g)(2).

Applying the law to the facts of this case, Movants are entitled to stay relief to enforce their state law rights with respect to the Trust Property, including but not limited to commencing, conducting, and completing a non-judicial foreclosure of the Trust Property. The Debtor lacks equity in the Trust Property, as the outstanding balance of the Loan exceeds the Debtor's asserted value of the Trust Property. The Debtor lacks any prospect for reorganizing within a reasonable time, and because there is no reorganization in prospect, the Debtor cannot establish that the Trust Property is necessary to an effective reorganization.

Furthermore, the Debtor has no source of income that can be committed to making adequate protection payments on account of the Loan, and while interest on the unpaid principal

7

665354.2 [0307032]
Case 2:09-bk-06979-RTBP    Doc 178    Filed 05/14/10    Entered 05/14/10 14:33:38    Desc
Main Document    Page 7 of 14

balance of the Note continues to accrue, the Debtor's own admissions reflect no increase in the value of the Trust Property during the course of this bankruptcy case.

### A. Movants Are Entitled To Stay Relief Because The Debtor Has No Equity In The Trust Property And The Trust Property Is Not Necessary To An Effective Reorganization Of The Debtor.

The Court shall grant stay relief where (i) there is no equity in the property and (ii) the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). These conditions having been satisfied, Movants are entitled to stay relief.

#### 1. The Debtor has no equity in the Trust Property.

All encumbrances, costs and fees are considered in determining whether there is equity in the property of the debtor. Stewart v. Gurley, 745 F.2d 1194, 1169 (9th Cir. 1984). The outstanding balance due under the Note is no less than $491,698.93 and growing based on (i) accruing interest and (ii) attorneys' fees, legal expenses, and other fees and charges incurred by Movants, which amounts are rightfully added to the amounts due and owing under the Note. The Debtor admits that the value of his interest in the Trust Property is no more than $325,000, and solely for purposes of seeking stay relief, Movants do not dispute the Debtor's admission as to value. Even without calculating any other encumbrance against the Trust Property, Movants have satisfied their burden of proving that the Debtor lacks equity in the Trust Property by no less than $250,000. Adding the lien securing the Debtor's liability on the home equity line of credit in the scheduled amount of approximately $60,000 further increases the Debtor's equity gap.

#### 2. The Trust Property is not necessary to an effective reorganization of the Debtor.

In order for the Trust Property to be considered necessary to an effective reorganization, the Debtor must establish that the Trust Property is necessary to effect reorganization and that there is a likelihood of a successful reorganization *in prospect*. See United Savings Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375-76, 108 S.Ct. 626, 632-33 (1988). In the present case, no successful reorganization is likely.

665354.2 [0307032]
Case 2:09-bk-06979-RTBP    Doc 178    Filed 05/14/10    Entered 05/14/10 14:33:38    Desc
Main Document    Page 8 of 14

There is no evidence that the Debtor could propose, much less successfully implement, a plan of reorganization in a reasonable amount of time. First, there is no evidence in the record that the Debtor has taken any steps to formulate a plan of reorganization. Second, almost a full year has passed since the Petition Date, and the Debtor has failed to retain counsel. While retaining counsel is not a prerequisite to plan confirmation, the absence of experienced, competent counsel to guide the Debtor severely hinders the Debtor's ability to draft and effectively solicit votes in favor of a confirmable plan of reorganization that satisfies the Code's complex confirmation requirements and that will garner the approval of the necessary creditor contingency. Thus, based on the record before the Court, there is no reasonable prospect of a successful reorganization within a reasonable time, and therefore, the Trust Property is not necessary to an effective reorganization.

### B. Stay Relief For Cause Is Warranted.

Because "cause" is not defined in the Code, courts may exercise discretion in discerning whether cause exists. In re Beguelin, 220 B.R. 94, 98 (9th Cir. B.A.P. 1998) (citing In re Tucson Estates, Inc., 912 F.2d 1162, 1199 (9th Cir. 1990)). Movants are entitled to stay relief for cause because their respective interests in the Loan and the Trust Property are not being adequately protected.

The Debtor has made no payments on account of the Loan for approximately twenty-four months – including the twelve months since the Petition Date. With each passing day, interest accrues and the amount of the claim arising from the Loan increases. Movants should be allowed to "stop the bleeding" and recover from the Trust Property as much as possible, as soon as possible. Movants must be permitted to proceed with enforcement of their collective right to enforce remedies available pursuant to the Note, the Deed of Trust, and applicable law, namely by commencing, conducting, and completing a non-judicial foreclosure of the Trust Property, to reduce the amount of the potential unsecured deficiency and the amount of interest accruing on a daily basis.

## IV. CONCLUSION

Based on the foregoing, Movants respectfully request the Court enter an Order:

    a. Granting this Motion in its entirety;

    b. Granting Movants immediate and presently effective relief from the automatic stay as provided under 11 U.S.C. § 362(d), in rem, to allow Movants to enforce their state law rights with respect to the Trust Property, including but not limited to commencing, conducting, and completing a non-judicial foreclosure of the Trust Property;

    c. Granting Movants a waiver of the fourteen-day stay of an order granting stay relief as provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) so that Movants may commence foreclosure efforts immediately; and

    d. Granting Movants such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 14th day of May, 2010.

BRYAN CAVE LLP

By: /s/ [signature]
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Movants

COPY of the foregoing served via email this 14th day of May, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
andrew@cameronbaxter.net
Debtor in Pro Per

Larry Watson
Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85004
larry.watson@usdoj.gov

10

665354.2 [0307032]
Case 2:09-bk-06979-RTBP   Doc 178   Filed 05/14/10   Entered 05/14/10 14:33:38   Desc
Main Document   Page 10 of 14

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

COPY of the foregoing served via U.S. Mail this 14th day of May, 2010, upon:

Constance B. Marlow
2500 N. Page Springs Road
Cornville, AZ 86325

Countrywide Bank FSB
Acct. 169656774
P.O. Box 650070
Dallas, TX 75265-0070

Yavapai County Treasurer
1015 Fair St.
Prescott, AZ 86305

Wells Fargo Home Mortgage
Acct. 0152325825
P.O. Box 30427
Los Angeles, CA 90030-0427

Wells Fargo Home Mortgage
Acct. 0060412178
P.O. Box 30427
Los Angeles, CA 90030-0427

Leonard McDonald
Tiffany & Bosco, PA
2525 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
Attorneys for Wells Fargo Home Mortgage

Countrywide Home Loans
Acct. 164999184
P.O. Box 650070
Dallas, TX 75265-0070

Dean Prober
Polk, Prober & Raphael
P.O. Box 4365
Woodland Hills, CA 91365-4365
Attorneys for BAC Home Loans Servicing, LP

Wells Fargo Bank, N.A.
Acct. 65000971050001
P.O. Box 54180
Los Angeles, CA 90054-0180

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| | |
|---|---|
| 1 | Ronald Horwitz<br>Jaburg & Wilk |
| 2 | 3200 N. Central Avenue<br>Phoenix, AZ 85012 |
| 3 | Attorneys for Wells Fargo Bank, N.A. |
| 4 | Wells Fargo Home Equity |
| 5 | Acct. 65043407821998<br>P.O. Box 54780 |
| 6 | Los Angeles, CA 90054-0780 |
| 7 | Washington Mutual<br>Acct. 0735431678 |
| 8 | P.O. Box 78065 |
| 9 | Phoenix, AZ 85062-8065 |
| 10 | Countrywide Bank<br>Acct. 169656774 |
| 11 | P.O. Box 650070<br>Dallas, TX 75265-0070 |
| 12 | |
| 13 | John L. Baxter<br>P.O. Box 1539 |
| 14 | Sisters, OR 97759 |
| 15 | Teresa J. Moore<br>P.O. Box 75217 |
| 16 | Honolulu, HI 96836 |
| 17 | |
| 18 | CITI Cards<br>Acct. 5082290050153821 |
| 19 | P.O. Box 6077<br>Sioux Falls, SD 57117-6077 |
| 20 | LTD Financial Services |
| 21 | Acct. 5082290050153821<br>7322 Southwest Freeway, Suite 1600 |
| 22 | Houston, TX 77074 |
| 23 | CITI Aadvantage World Mastercard |
| 24 | Acct. 5466160232589190<br>P.O. Box 6403 |
| 25 | The Lakes, NV 88901-6403 |
| 26 | United Recovery Systems<br>Acct. 5466160232589190 |
| 27 | P.O. Box 722929<br>Houston, TX 77272-2929 |
| 28 | |

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

12

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| | |
|---|---|
| 1 | Chase Bank |
| 2 | Acct. 4147202029863303 |
|   | P.O. Box 94014 |
| 3 | Palatine, IL  60094-4014 |
| 4 | Creditors Interchange |
|   | Ref. PC0130873CNC |
| 5 | P.O. Box 94014 |
|   | Palatine, IL  60094-4014 |
| 6 | |
| 7 | National Exterprises Systems |
|   | Ed. 4147202029863303 |
| 8 | 29125 Solon Rd. |
|   | Solon, OH  44139-4332 |
| 9 | |
| 10 | Capital One Bank |
|    | Acct. 4003447009126709 |
| 11 | P.O. Box 60599 |
|    | City of Industry, CA  91716-0599 |
| 12 | |
| 13 | NCO Financial Systems, Inc. |
|    | P.O. Box 60024 |
| 14 | City of Industry, CA  91716-0024 |
| 15 | American Express |
|    | Acct. 372355243011002 |
| 16 | P.O. Box 0001 |
|    | Los Angeles, CA  90096-0001 |
| 17 | |
| 18 | GC Services Limited Partnership |
|    | Acct. 372355243011002 |
| 19 | P.O. Box 46960 |
|    | St. Louis, MO  63146 |
| 20 | |
| 21 | Zwicker & Associates |
|    | Acct. 372355243011002 |
| 22 | 199 S. Los Robles Ave., Suite 410 |
|    | Pasadena, CA  91101 |
| 23 | |
| 24 | Bank of America World Points |
|    | Acct. 5329069810217578 |
| 25 | P.O. Box 15726 |
|    | Wilmington, DE  19886-5726 |
| 26 | |
| 27 | |
| 28 | |

13

665354.2 [0307032]
Case 2:09-bk-06979-RTBP    Doc 178    Filed 05/14/10    Entered 05/14/10 14:33:38    Desc
Main Document    Page 13 of 14

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

| | |
|---|---|
| 1 | First Source Advantage<br>Ref. 50050660 |
| 2 | 205 Bryant Woods South<br>P.O. Box 628 |
| 3 | Amherst, NY 14228 |
| 4 | Bank of America Visa |
| 5 | Acct. 4264287646848669<br>P.O. Box 15971 |
| 6 | Wilmington, DE 19850-5971 |
| 7 | Encore Receivable Management<br>Acct. 12418810 |
| 8 | 400 N. Rogers Rd. |
| 9 | P.O. Box 3330<br>Olathe, KS 66063-3330 |
| 10 | |
| 11 | Washington Mutual Bank Platinum Mastercard<br>Acct. 5418226504086246 |
| 12 | P.O. Box 660487<br>Dallas, TX 75266-0487 |
| 13 | |
| 14 | Law Offices of Harrison Ross Byck<br>229 Plaza Blvd., Suite 112 |
| 15 | Morrisville, PA 19067 |
| 16 | Home Depot Credit Services<br>Acct. 6035320192988572 |
| 17 | P.O. Box 6028<br>The Lakes, NV 88901-6028 |
| 18 | |
| 19 | Citicorp Credit Services, Inc.<br>Acct. 6035320192988572 |
| 20 | P.O. Box 653095<br>Dallas, TX 75625 |
| 21 | |
| 22 | Verde Valley Hospital<br>c/o Healthcare Collections |
| 23 | Acct. #F40296<br>P.O. Box 82910 |
| 24 | Phoenix, AZ 85071-2910 |
| 25 | _[signature]_ |
| 26 | |
| 27 | |
| 28 | |

14