Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Defendants/Respondents

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>            Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP<br><br>**RESPONSE TO ANDREW C. BAILEY'S OBJECTION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST TO PRODUCE DOCUMENTS**<br><br>**Hearing Date: Not yet set.**<br>**Hearing Time: Not yet set.** |

The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 ("BNY Mellon"); BAC Home Loans Servicing, LP ("BAC"); and Mortgage Electronic Registration Service ("MERS") (collectively, "Defendants/Respondents") hereby collectively file this response to the Objection to Defendants' Response to Plaintiff's First Set of Interrogatories and First Request to Produce Documents [Adversary Proceeding DE #32, Administrative Case DE #173] ("Objection")[1] filed by Andrew C. Bailey, the debtor and debtor-in-possession in the above-

---

[1] As set forth at footnote 1 of the Discovery Response, Bailey served virtually identical discovery requests on BNY Mellon in both the adversary proceeding and the administrative bankruptcy case, with the sole difference being Bailey's self reference as "Plaintiff" and "Debtor," respectively. Bailey has now filed his Objection in both the adversary proceeding and in the administrative bankruptcy case; the only differences between the two versions consist of

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1  captioned bankruptcy case and the plaintiff in the above-captioned adversary proceeding

2  ("Bailey").

3       The Objection, which relates to <u>Defendant Bank of New York Mellon's Response to</u>

4  <u>Debtor's/Plaintiff's First Set of Interrogatories and First Request for Production of Documents</u>

5  ("Discovery Response"), is procedurally improper and substantially fails to warrant any relief

6  whatsoever in favor of Bailey. Accordingly, the Objection must be overruled. Additionally,

7  because the Objection so profoundly fails to follow the procedural requirements set forth in

8  applicable rules and lacks the substantive integrity to justify relief in favor of Bailey, the

9  Defendants/Respondents are entitled to an award of reasonable attorneys' fees incurred in

10 connection herewith.

11      In support of this response, Defendants/Respondents state as follows:

12      1.      Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, as incorporated

13 by Rule 7037 of the Federal Rules of Bankruptcy Procedure, Bailey must certify that he has, in

14 good faith, conferred or attempted to confer with the Defendants/Respondents in an effort to

15 resolve any discovery disputes without court action, and such certification must accompany

16 Bailey's motion to compel discovery. Fed. R. Civ. P. 37(a)(1). Bailey has made no such attempt

17 to confer with the Defendants/Respondents regarding the issues raised in the Objection, and no

18 certification that Bailey has in good faith conferred or attempted to confer with the

19 Defendants/Respondents accompanies the Objection. Therefore, Bailey's Objection is premature

20 and the relief requested therein must be denied.

21      2.      The Objection is an improper avenue for Bailey to raise his dissatisfaction with

22 the responses he received to his discovery requests inasmuch as Bailey seeks to <u>object</u> to the

23 Discovery Response. The Federal Rules of Bankruptcy Procedure provide no mechanism for

24 Bailey to file with the Court an objection to the Discovery Response. Rather, Rule 37 of the

25 _____

26 (i) the elimination of the adversary proceeding number and (ii) the addition of several service
parties in the version of the Objection filed in the administrative bankruptcy case. To avoid any

27 doubt, and despite the redundancy, Defendants/Respondents file their collective response in the
adversary proceeding and in the administrative bankruptcy case, modifying only the caption and

28 the service list as appropriate in each.

2

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1  Federal Rules of Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of

2  Bankruptcy Procedure, allow Bailey to file a motion with the Court seeking an order compelling

3  disclosure or discovery.  Fed. R. Civ. P. 37.  The Objection merely complains about the

4  Discovery Response, but does not constitute a motion to compel discovery and is procedurally

5  improper.  Therefore, the relief requested in the Objection must be denied.

6       3.       To the extent that the Objection raises substantive issues to which a response is

7  required, the Defendants/Respondents assert the following:

8            a.       Bailey's objection that the Discovery Response is somehow flawed

9  because it was prepared by Defendants/Respondents' attorney is without merit.  It is common

10  practice for an attorney to prepare discovery responses, and to work with the client(s) to ensure

11  the responses are factually accurate.  That is precisely what occurred with respect to BNY

12  Mellon's Discovery Response – counsel prepared an initial draft, and BNY Mellon's

13  representative reviewed, modified as necessary to accurately reflect the facts stated therein, and

14  authorized the Discovery Responses.  Furthermore, the Defendants/Respondents have submitted

15  various declarations in support of seeking stay relief in the administrative bankruptcy case that

16  contain facts entirely consistent with the Discovery Response.  Therefore, all responses

17  contained in the Discovery Response are valid and admissible, and any objection on the basis

18  that they were prepared by an attorney is meritless.

19            b.       Bailey's objection that the Discovery Response is incomplete or otherwise

20  improper because only BNY Mellon responded to Bailey's discovery request is absurd.  Bailey

21  propounded its discovery requests upon BNY Mellon only.  To date, Bailey has not propounded

22  discovery upon the remaining Defendants/Respondents, and such Defendants/Respondents are

23  under no obligation to respond to discovery propounded solely upon BNY Mellon.[2]  Therefore,

24  only BNY Mellon was obligated to respond to Bailey's discovery requests.

25  _____

26  [2] Defendants/Respondents note that the discovery requests served by Bailey on BNY Mellon
were almost exclusively overbroad, vague, or otherwise objectionable.  Thus, to the extent

27  Bailey does serve discovery requests on the other Defendants/Respondents that are identical to
those served on BNY Mellon, there is a high likelihood that the responses will be substantially

28  similar as those contained in the Discovery Response, and for similar reasons.

3

668434.1 [0307032]

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1          c.      Bailey's objection that the Discovery Response is insufficient, incomplete,

2 or non-compliant also fails. As set forth in the Discovery Response, each of the interrogatories

3 and production requests are objectionable on several grounds, including, without limitation,

4 vagueness. To the extent BNY Mellon could, in good faith, provide a response or produce

5 responsive documents, BNY Mellon did so. Accordingly, and subject to the stated objections,

6 the Discovery Response and the documents produced therewith are appropriate and fully

7 responsive to the interrogatories and requests for production of documents propounded upon

8 BNY Mellon by Bailey. Furthermore, Bailey's Objection fails to reveal with any particularity

9 any defects in the Discovery Response. To the extent BNY Mellon obtains further information

10 or documentation responsive to Bailey's discovery request, and to the extent obligated to do so,

11 BNY Mellon will adhere to its duty to supplement its Discovery Response.

12          d.      Bailey's objection that the Discovery Response was not filed with the

13 Court and is improperly absent from the record is without merit. Bailey has not identified any

14 rule or requirement that discovery responses be filed with the Court. Such silence is revealing—

15 no such rule or requirement exists. In fact, Local Rule of Bankruptcy Procedure 5005-1(a)

16 expressly provides that answers to interrogatories and responses to requests for production "shall

17 not be filed with the court except that a 'Notice of Service' of the foregoing papers shall be

18 filed." BNY Mellon properly filed a "Notice of Service" [Adversary Proceeding DE # 23,

19 Administrative Case DE #162], which Bailey acknowledges in the Objection.

20        4.      Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure, as incorporated by Rule

21 7037 of the Federal Rules of Bankruptcy Procedure, provides for the payment of reasonable fees

22 incurred, including attorney's fees, in favor of a party that successfully opposes a discovery

23 motion. Fed. R. Civ. P. 37(a)(5)(B). Bailey has failed to properly present his dispute to the

24 Court, has failed to confer with the Defendants/Respondents as required, and has raised meritless

25 arguments (including raising issues that are easily defeated by referring to the applicable rules of

26 procedure). Bailey clearly does not like the discovery responses he received, but wasting the

27 Court's and the Defendants/Respondents' time and resources with the meritless and procedurally

28

668434.1 [0307032]

BRYAN CAVE LLP
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
(602) 364-7000

1  improper Objection is inexcusable under the circumstances. The Defendants/Respondents

2  should be awarded their reasonable attorneys' fees to compensate for such abuses and as a

3  sanction to deter similar conduct by Bailey in the future.

4  WHEREFORE, the Defendants/Respondents respectfully request the Court enter an

5  Order:

6  A.  Overruling the Objection in its entirety;

7  B.  Denying the relief requested in the Objection;

8  C.  Requiring Bailey to comply with the procedural rules regarding discovery;

9  D.  Awarding the Defendants/Respondents reasonable fees incurred in connection

10  with this response, including attorneys' fees, pursuant to Rule 37(a)(5)(B) of the Federal Rules of

11  Civil Procedure, as incorporated by Rule 7037 of the Federal Rules of Bankruptcy Procedure, as

12  an administrative expense priority claim; and

13  E.  Granting to the Defendants/Respondents such other and further relief as the Court

14  deems just and proper under the circumstances.

15  RESPECTFULLY SUBMITTED this 14th day of May, 2010.

16

17  **BRYAN CAVE LLP**

18

19  By: /s/ KSH, 024155
       Robert J. Miller

20     Kyle S. Hirsch
       Two North Central Avenue, Suite 2200

21     Phoenix, Arizona  85004
       Counsel for Defendants/Respondents

22

23

24

25

26

27

28

5

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

1    COPY of the foregoing served via **email**
2    this 14th day of May, 2010, upon:

3    Andrew C. Bailey
     2500 N. Page Springs Rd.
4    Cornville, AZ  86325
     Email:  andrew@cameronbaxter.net
5    Appearing in Pro Per

6    Larry Watson, Esq.
     Office of the United States Trustee
7    230 N. First Ave., Suite 204
8    Phoenix, AZ  85004
     Email:  larry.watson@usdoj.gov
9

10   Leonard McDonald, Esq.
     Tiffany & Bosco, PA
11   2525 East Camelback Road, Suite 300
     Phoenix, AZ  85016
12   Email:  LJM@tblaw.com

13   Dean Prober, Esq.
     Polk, Prober & Raphael
14   P.O. Box 4365
     Woodland Hills, CA  91365-4365
15   Email:  dprober@pralc.com

16
     Ronald Horwitz, Esq.
17   Janessa Koenig, Esq.
     Jaberg & Wilk, PC
18   3200 N. Central Avenue, Suite 2000
     Phoenix, AZ  85012
19   Email: rmh@jaburgwilk.com
            jek@jaburgwilk.com
20

21

22    /s/ Donna McGinnis

23

24

25

26

27

28

6

668434.1 [0307032]