ANDREW C. BAILEY
c/o 2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*



2010 MAY 27 P 1:18

CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re:<br>ANDREW C. BAILEY<br>Debtor | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP |
|---|---|
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>Movants<br><br>Vs.<br>ANDREW C. BAILEY<br>Respondent | MEMORANDUM OF OBJECTION AND OPPOSITION TO "RENEWED" MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>(Related to dkt#178)<br><br>Subject Property:<br>2560 N. Page Springs Rd,<br>Cornville, AZ 86325 |

Debtor and Respondent Andrew C. Bailey Objects to and Opposes Movants' "Renewed" Motion For Relief From The Automatic Stay (the Motion). The Motion lacks merit for multiple reasons including but not limited to those set forth below. The Motion should be denied with prejudice.

The Motion is brought in the name of four separate parties. None of the moving parties has satisfied its burden of proof demonstrating foundation or standing to initiate or maintain a foreclosure proceeding. The Motion is supported by three Declarations, each of which is incompetent hearsay from persons with no first-hand personal knowledge. The Motion alleges that Debtor has no equity in the subject property, but provides no accounting or appraisal to support such an allegation. The Motion is based upon a presumption of default, but no accounting has been produced to support any such presumption. The Motion falsely alleges that the "trust property" is not necessary to an effective reorganization. The Motion improperly seeks a non-judicial foreclosure of Debtor's property. This proceeding is judicial, not non-judicial, because Debtor has objected to and opposed Movants' motions and has initiated an adversary proceeding which has not yet been heard.

Debtor's Objection and Opposition is supported by the following Memorandum of Points and Authorities, by the entire record in lead case # 2:09-bk-06979-PHX-RTBP, by the entire record in adversary proceeding case #: 2:09-ap-01728-RTBP including Debtor's 3rd Amended Complaint served contemporaneously with this pleading, each and all of which are incorporated herein by this reference:

MEMORANDUM OF POINTS AND AUTHORITIES

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor and Respondent Andrew C. Bailey is a resident of the State of Arizona living in and otherwise using and occupying his home located at 2560 North Page Springs Rd, Cornville, AZ 86325 (hereafter the "Property").

3. THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK (BNY) is and was, at all times material hereto, a New York corporation doing business in the State of Arizona.

4. CWALT, INC. ALTERNATIVE LOAN TRUST 2007- HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4 (CWALT) is a California entity unknown to Respondent.

5. BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS (BAC) is the alleged "originator" and "servicer" of the "subject loan".

6. There is no such entity as MORTGAGE ELECTRONIC REGISTRATION SERVICE. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (MERS) is allegedly the beneficiary of the "subject loan".

7. The following entities recently identified in a Pooling and Servicing Agreement may be additional parties in interest: (i) PARK GRANADA LLC, (ii) PARK MONACO INC., (iii) PARK SIENNA LLC, who appear to be "shadow entities" under the umbrella of Countrywide (they all share the same vice president who is or was also vice-president of Countrywide), and (iv) EMC MORTGAGE CORPORATION whose corporate status and ownership are not known to Debtor.

8. Some information on the parties to the securitization may be found at:
http://www.sec.gov/Archives/edgar/data/1389096/000090514807004757/efc7-1722_6225455ex991.htm

05/27/2010

9. The Motion is confusingly brought in the name of four separate legal entities. Each of the moving parties at different times has claimed beneficiary or holder status in various conflicting claims. Countrywide, MERS, BAC and most recently BNY have alleged or have executed documents alleging that they are the beneficiary or the holder in due course.

10. None of the moving parties has satisfied its burden of proof demonstrating foundation or standing to initiate or maintain a foreclosure proceeding or that it has any right to the relief sought.

11. A Motion for Stay Relief must explain the serial assignments resulting in the Movant becoming the holder of the note. *In re Hayes*, 393 B.R. 259, 269 (Bankr. D. Mass. 2008) ("The Court and the Debtor are entitled to insist that the moving party establish its standing in a motion for relief from stay through the submission of an accurate history of the chain of ownership of the mortgage."); *In re Maisel*, 378 B.R. 19, 22 (Bankr. D. Mass. 2007) ("'If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant.'") (quoting *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).

12. Debtor asserts his absolute right to proof of the entire chain of title through an unbroken and accurate chain of endorsements that are presented by endorsement. If there is a single error that establishes a fault in the chain, holder in due course status is lost. *Adams v. Madison Realty & Development, Inc.*, supra at 168, (3d Cir. 1988).

13. The Motion is supported by three Declarations, each of which is incompetent hearsay from persons with no first-hand personal knowledge. Debtor has formally objected to each of the Declarations in a separate pleading contemporaneous with this one.

-4-

14. On December 23, 2009, Debtor served adversary complaint 2:09-ap-01728-RTBP on Movants. The litigation is ongoing and unresolved and specifically questions ownership of title to the Property.

15. Debtor served his First Set of Interrogatories and First Request to Produce Documents on Movants on January 11, 2010 as set forth in Exhibit "E" in his First Amended Complaint filed on January 19, 2010 in 2:09-ap-01728-RTBP Doc #7.

16. The Motion alleges that Debtor has no equity in the subject property, but provides no accounting or appraisal to support such an allegation. Absent a full accounting, it is impossible to know what is owed on the obligation. Absent an independent appraisal it is impossible to know the current fair market value of the Property. The most recent appraisal, conducted by Countrywide's appraiser, gave a value of $542,000.

17. The Motion is based upon a presumption of default. No accounting has been produced to support such presumption. On information and belief, the obligation has been paid. The question is not whether Debtor made payments, it is whether payments are due after the allocation of third party insurance, credit default swap and guarantee payments.

18. Movants cannot declare a default when they refuse to give a full accounting. A default has been alleged but no accounting has been provided which would justify that allegation. No authority has been provided to validate the alleged default. [t]he party asserting a right to foreclose must be able to show a default. *In re Vargas*, 396 B.R. at 517-19.

19. The Motion falsely alleges that the "trust property" is not necessary to an effective reorganization. The Property is absolutely essential to an effective reorganization. The Property is one of the two contiguous homes that constitute the Debtor's bed and breakfast country inn and retreat center.

-5-

20. The Motion improperly seeks a non-judicial foreclosure of Debtor's property while ignoring the fact that Debtor has served and continues to serve complaints and amended complaints in this contested matter. This proceeding is judicial, not non-judicial, because Debtor has objected to and opposed Movants' various claims and motions.

21. The Motion alleges that Movants' interests in the Property are not adequately protected. Movants have not proved that they have any interest in the Property or that they have suffered any damage as a result of any default. They have provided no funding and they have risked nothing. On the contrary they have benefitted and accordingly they need and deserve no protection.

22. All of the foregoing is subject to discovery and analysis. Debtor has raised questions of material fact concerning the foregoing that cannot be settled in a summary fashion. Mere documents and uncertified copies of documents do not prove anything and cannot speak for themselves.

23. Debtor was unaware of any party to the "loan" contract other than Movant Countrywide (BAC) although such parties existed. The "loan" was subject to multiple complex undisclosed pre-existing and subsequent contracts and agreements with undisclosed parties. Debtor is not and was not a party to these contracts and agreements, and is not obligated to any of the terms and conditions thereof. Debtor has no obligation to Movants.

24. The "contract" purportedly evidenced by the documents is null and void, as are the documents purporting to be evidence of the contract, to wit the note and the deed of trust.

25. The Court lacks Constitutional and subject matter jurisdiction:

a. Parties in interest are not present who may be necessary and indispensable parties pursuant to FRCP Rule 19. [A] plaintiff must have Constitutional standing in order for a federal court to have jurisdiction." *In re Foreclosure Cases*, 521 F.Supp. 3d 650, 653 (S.D. Ohio, 2007) (citations omitted).

b. subject matter jurisdiction; "[T]he cases cited illustrate enormous problems in the loan servicing industry. These problems arise in the context of securitization and illustrate the difficulty of determining the name of the holder, the assignee of the mortgage, and the parties with both the legal right under Article 3 and the standing under the Constitution to enforce notes, whether in state court or federal court." *Excerpted comment from Uniform Commercial Code Committee, American Bankruptcy Institute, April 3, 2009. Washington, D.C*

26. Movant BNY alleges it is the "holder in due course" but BNY is not the holder in due course. BNY relies entirely upon an alleged pooling and servicing agreement which does not say or imply that BNY is the holder in due course. Under UCC Article 3, the argument presented is clearly insufficient. In Re: *U.S. Bank, N.A. v. Cook*, 2009 WL 35286 (N.D. Ill. January 6, 2009) [a] review of the evidence submitted by U.S. Bank showed only that it was the alleged trustee of the securitization pool. U.S. Bank relied exclusively on the "pooling and serving agreement" to show that it was the holder of the note. *Id.* Under UCC Article 3, the evidence presented in *Cook* was clearly insufficient. The same principles apply in the instant case.

27. There is no holder in due course as a consequence of the securitization of the alleged promissory note.

- 7 -

05/27/2010

**WHEREFORE**, for the foregoing reasons and for cause shown, Debtor requests that this Court deny the Motion with prejudice.

**NOTICE**

No trustee or examiner has been appointed in this Chapter 11 Case. Debtor has provided notice of this Motion to: (a) the United States Trustee; (b) counsel to Movants; (c) any party-in-interest that has requested notice pursuant to Rule 2002 of the Federal Rules. In light of the nature of the relief requested, Debtor submits that no further notice is required.

Respectfully submitted this 27th day of May, 2010

By: _____
Andrew C. Bailey, Debtor in Pro Per

**Certificate of Notice**

Copy of the foregoing was
mailed on May 27, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003


Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003


Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA 91365-4365


Kyle Hirsch, Esq
Bryan Cave, LLP
Two North Central Ave. Suite 2200
Phoenix, AZ 85004
(Attorneys for Bank of New York Mellon, Countrywide Home Loans, BAC Home Loans Servicing, LP, MERS et al)