ANDREW C. BAILEY
c/o 2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re:<br>ANDREW C. BAILEY<br>Debtor | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP |
|---|---|
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br>Movants<br>Vs.<br>ANDREW C. BAILEY<br>Respondent | **OBJECTION TO DECLARATION OF MICHAEL CERCHIO IN SUPPORT OF MOVANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>(Related to dkt#182)<br><u>Subject Property:</u><br>**2560 N. Page Springs Rd,<br>Cornville, AZ 86325** |

**OBJECTION TO DECLARATION OF MICHAEL CERCHIO IN SUPPORT OF MOVANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The above-captioned Debtor and Respondent OBJECTS to the Declaration of Michael Cerchio in Support of Movants' Motion for Relief from the Automatic Stay (Docket # 182) on the grounds that the declaration is incompetent hearsay. The Declarant has no first-hand personal knowledge of the subject transaction.

- 1 -

Declarant states merely that he "has access to certain business records" and that "they are a record, by or from information transmitted by a person with knowledge thereof, and made pursuant to the regular practices of the relevant business activity". Declarant further alleges that "it is my understanding that the Debtor's Note is presently in the possession of BNY Mellon Trust Co., as the designated agent of BNY Mellon, trustee of the Trust" but provides no evidence or documentation to support his allegation.

Arizona Rule 802 and applicable state and federal law require that Declarations in support of Motions be made on first hand personal knowledge. As the Declaration is not based on personal knowledge, the statements in the Declaration can only be based on information and belief. Personal knowledge excludes matters based on information and belief. *See., e.g.,* Wang v. Allstate Ins. Co., 125 N.J. 2, 16 (1991); Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 153 (1988). The Michael Cerchio Declaration, which is based on alleged "access to certain business records" and alleged "understanding" is *per se* incompetent hearsay by someone without personal knowledge, and is thus incompetent to support the Motion as a matter of law and Arizona procedure.

WHEREFORE the Michael Cerchio Declaration should not be considered by this Court, must not be admitted into evidence, and should be stricken from the record.

Respectfully submitted this 27th day of May, 2010.

_____
Andrew C. Bailey, Debtor in Pro Per

| | |
|---|---|
| 1 | **Certificate of Notice** |
| 2 | Copy of the foregoing was |
| 3 | mailed on May 27, 2010 to: |
| 4 | |
| 5 | U.S. Trustee |
| | Office of the US Trustee |
| 6 | 230 N. First Avenue, Suite 204, |
| | Phoenix, AZ 85003 |
| 7 | |
| 8 | Larry Lee Watson |
| 9 | Office of the US Trustee |
| | 230 N. First Avenue, Suite 204, |
| 10 | Phoenix, AZ 85003 |
| 11 | |
| | Jennifer A. Giaimo |
| 12 | Office of the US Trustee |
| 13 | 230 N. First Avenue, Suite 204, |
| | Phoenix, AZ 85003 |
| 14 | |
| | Leonard McDonald, Esq |
| 15 | Tiffany & Bosco, PA |
| | 2525 East Camelback Road, Suite 300 |
| 16 | Phoenix, Arizona 85016 |
| 17 | |
| | Dean Prober, Esq |
| 18 | Polk, Prober & Raphael |
| | PO Box 4365 |
| 19 | Woodland Hills, CA 91365-4365 |
| 20 | |
| 21 | Kyle Hirsch, Esq |
| | Bryan Cave, LLP |
| 22 | Two North Central Ave. Suite 2200 |
| 23 | Phoenix, AZ 85004 |
| 24 | |
| 25 | |

- 3 -