ANDREW C. BAILEY
c/o 2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

~~RECEIVED~~
Filed sm
2010 MAY 27 P 1:18
CLERK
U.S. BANKRUPTCY
DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re:<br>ANDREW C. BAILEY<br>Debtor | Chapter 11<br>BK Case #: 2:09-bk-06979-PHX-RTBP |
|---|---|
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING LP; MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br>Movants<br>Vs.<br>ANDREW C. BAILEY<br>Respondent | **OBJECTION TO DECLARATION OF SUSAN ELSNER IN SUPPORT OF MOVANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>(Related to dkt#181)<br>**Subject Property:**<br>2560 N. Page Springs Rd,<br>Cornville, AZ 86325 |

**OBJECTION TO DECLARATION OF SUSAN ELSNER IN SUPPORT OF MOVANTS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

The above-captioned Debtor and Respondent OBJECTS to the Declaration of Susan Elsner in Support of Movants' Motion for Relief from the Automatic Stay (Docket # 181) on the grounds that the declaration is incompetent hearsay. The Declarant has no first-hand personal knowledge of the subject transaction.

- 1 -

05/27/2010

Declarant states merely that she "has access to certain business records" and that "they are a record, by or from information transmitted by a person with knowledge thereof, and made pursuant to the regular practices of the relevant business activity".

Declarant further alleges that she has "personally verified" that the Debtor's note is "presently in the possession of BNY Mellon Trust Co., as the designated agent of BNY Mellon, trustee of the Trust" but provides no evidence or documentation to support her allegation. The business records themselves must be produced.

Arizona Rule 802 and applicable law requires that Declarations in support of Motions be made on first hand personal knowledge. As the Declaration is not based on personal knowledge, the statements in the Declaration can only be based on information and belief. Personal knowledge excludes matters based on information and belief. *See., e.g.,* Wang v. Allstate Ins. Co., 125 N.J. 2, 16 (1991); Lamb v. Global Landfill Reclaiming, 111 N.J. 134, 153 (1988). The Susan Elsner Declaration, which is based on alleged "access to certain business records" and alleged "personal verification" is *per se* incompetent hearsay by someone without personal knowledge, and is thus incompetent to support the Motion as a matter of law and Arizona procedure.

**WHEREFORE** the Susan Elsner Declaration must not be considered by this Court, must not be admitted into evidence, and should be stricken from the record.

Respectfully submitted this 27th day of May, 2010.

_____
Andrew C. Bailey, Debtor in Pro Per

-2-

**Certificate of Notice**

Copy of the foregoing was mailed on May 27, 2010 to:

U.S. Trustee
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Larry Lee Watson
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Jennifer A. Giaimo
Office of the US Trustee
230 N. First Avenue, Suite 204,
Phoenix, AZ 85003

Leonard McDonald, Esq
Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

Dean Prober, Esq
Polk, Prober & Raphael
PO Box 4365
Woodland Hills, CA 91365-4365

Kyle Hirsch, Esq
Bryan Cave, LLP
Two North Central Ave. Suite 2200
Phoenix, AZ 85004
(Attorneys for Bank of New York Mellon, Countrywide Home Loans, BAC Home Loans Servicing, LP, MERS et al)

- 3 -