35

**ANDREW C. BAILEY**
c/o 2500 N. Page Springs Rd
Cornville, AZ 86325
928 634-4335
*Self-Represented Litigant*

**FILED**

JUN 2 1 2010

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

**In re:**
**ANDREW C. BAILEY**
Debtor

THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING LP f/k/a COUNTRYWIDE HOME LOANS SERVICING, LP; MORTGAGE ELECTRONIC REGISTRATION SERVICE,

                                    Movants

Vs.

ANDREW C. BAILEY

                                    Respondent

Chapter 11
BK Case #: 2:09-bk-06979-PHX-RTBP

**RESPONSE, DECLARATION AND SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOVANTS STAY LIFT MOTION**

**(Related to dkt #178)**
<u>Subject Property:</u>
**2560 N. Page Springs Rd, Cornville, AZ 86325**

Debtor and Respondent Andrew C. Bailey Responded to and Objected to Movants' Renewed Motion on May 27, 2010 (see doc# 186). The instant Response, Declaration and Supplemental Memorandum provide additional support and authority for Debtor's May 27 Memorandum of Objection to Movants' Renewed Motion for Relief from the Automatic Stay.

06/22/2010

This Response, Declaration and Supplemental Memorandum is supported by the following memorandum of Points and Authorities, Exhibit "A", and the entire record in lead case #: 2:09-bk-06979-PHX-RTBP and adversary case #: 2:09-ap-01728-RTBP all of which are incorporated herein by this reference:

**Introduction and Background**

1. This matter arises out of the action of four separate legal entities (collectively Movants), one of whom, MERS, is misnamed, who have unlawfully commenced a non-judicial foreclosure proceeding against the property of Debtor Andrew C. Bailey and co-owner Constance Baxter Marlow without proper authority or documentation.

2. Movants have not produced a "Genuine Original Promissory Note" and refuse to produce the Note in its unaltered or currently assigned or endorsed form.

3. Movants refuse to honor Debtor's statutory requests for debt validation pursuant to RESPA, TILA and the FDCPA. Debtor's Qualified Written Request and Debt Validation Letter were completely ignored. (Exhibit "A")

4. Movants are attempting to conceal alterations to or non-existence of the Note by concealing the Note and attempting to take Debtor's property through an unlawful non-judicial foreclosure proceeding.

5. Debtor questions the jurisdiction of the non-judicial court and foreclosure proceeding.

06/22/2010

6. Debtor questions the veracity of all the alleged paperwork to proceed with non-judicial foreclosure against him. The alleged paperwork will not hold up under the scrutiny of this Court and Best Evidence Rules strictly enforced by this Court.

7. Debtor invokes his rights pursuant to U.C.C.3-501(b)(2). Movants <u>must</u> exhibit the instrument.

8. Movants' Counsel, Bryan Cave LLP, cannot claim to be ignorant of the numerous nationwide lawsuits and decisions concerning improper foreclosure and other fraud committed by his clients (the Movants) in other jurisdictions. Bryan Cave LLP, Bank of America's law firm *inter alia*, is one of the country's biggest and richest law firms and "foreclosure mills" with branches throughout the country. Numerous decisions have gone against them and their associates.

9. There are four separate movant parties, confusingly, none of which has established its standing or authority to foreclose. Debtor has not seen another case in which four entities claim to act as one.

10. Debtor clearly understands that a lift stay action is a summary proceeding which considers three criteria, assuming first that the movant has standing and that the court has jurisdiction:

    i.   <u>No payments have been made on the obligation</u>:

Payments have certainly been made. Movants are improperly asking this Court to act upon an unsupported presumption of default. No accounting has been provided that might

06/22/2010

support such a presumption, despite Debtor's statutory and other requests and demands for such accounting. (Exhibit "A"; QWR & DVL *inter alia*)

### ii. Debtor has no equity in the property:

Equity is the difference between the fair market value of the collateral and the amount currently owed on the obligation. There has been no appraisal and no accounting. The obligation has been paid in whole or in part. It is impossible to know with certainty whether or not Debtor has equity in the property, but it is highly likely that he does.

### iii. The lender is not adequately protected:

The lender has never been identified. Movants (who do not include the lender) have no stake in the matter, put up no money, took no risk and therefore deserve no protection.

11. In support of their Renewed Motion, Movants submitted three purported Declarations, each from a person who has and asserts no personal knowledge of the matter. Debtor has objected to these Declarations in Docs # 187, 188, and 189 as self-serving hearsay.

**Declaration**

12. Debtor makes the following brief Declaration, partly in response to Movants' June 14, 2010 less-than-accurate statement in their Motion to Dismiss, in which Movants state: "Despite this Court's urging that Plaintiff retain legal counsel to help guide him through the legal process, Plaintiff continues to make wild assertions in search of relief that is unsupported by facts and law."

13. Debtor disagrees with this assessment as set forth below:

-4-

14. Debtor has personally consulted, both before and since the most recent hearing in the matter, with at least a dozen attorneys, paralegals, and other well-informed professionals, including banking industry professionals, both in Arizona and in California. Notably, not one of the individuals consulted has the slightest doubt that Debtor has a case, and that he is "on the right track". Debtor's attorney consultations unanimously affirmed the validity of his position and indeed, provided additional insight, information and guidance.

15. Debtor's "wild assertions" are shared by numerous professionals in the field, including dozens of federal and state judges, as illustrated by the case law cited to in the instant pleading.

16. A tiny sampling of such judges includes: Schack (NY), Boyko (Ohio), Bufford (CA), Young (Mass), Clinger (Arkansas), Federman (Missouri), Shiller (Suffolk County, NY), Shumate (Utah), Bailey (Florida), and judges in Idaho, Nebraska, Nevada, Kansas, and numerous other states.

17. Debtor is not fabricating his position out of thin air. He has studied the recent banking fraud, the "mortgage meltdown" and the consequent foreclosure crisis in depth. He has spent many hundreds of hours researching the phenomenon, has attended and documented professional presentations and attorney trainings, and has produced over ten hours of informational and training DVDs on the subject for both attorneys and laymen. Debtor has created an informational website to assist others in danger of losing their homes to improper foreclosure, and is making a documentary film on the subject.

18. Debtor is therefore neither uninformed nor misinformed in these matters. He has worked intensively for the past ten months educating himself. Debtor doubts that Movants' attorney has taken the extraordinary amount of time and effort necessary to re-educate himself, even perfunctorily.

06/22/2010

19. Debtor attempted to inform this Court and the various opposing counsel firms concerning the situation, in the hope that, perhaps, "the truth will set us free." Accordingly, on Nov 23, 2009, Debtor submitted to this Court a treatise consisting of a 680-page guidebook for attorneys, which also went directly to Judge Baum, and to the US Trustee. It was hand-delivered to each opposing law firm based in Phoenix including Movants' former attorneys. The treatise was mailed to the law firms who are based out of town. In all, seven copies were distributed. The treatise clearly provides the basis of Debtor's position.

20. Debtor has retained the services of a leading expert in the field of securitized home mortgages and mortgage fraud. The expert prepared a Declaration, which Debtor filed on January 22, 2010. (See Dkt #133, Ex "A" & "B")

21. Based on the foregoing, Debtor submits that his "wild assertions" have great and ever-growing support in judicial and other circles all over the country. Arizona has yet to speak in the matter, but the binding case law is unassailable, as set forth below:

**Memorandum of Points And Authorities**

22. A new and binding decision in this matter, in which the US Trustee opposed the relief, not the debtor, is: *In Re: Box vs BAC Home Loans Servicing LP.* Marty Eugene Box and Tammy Jean Box, Debtors. Case # 10-20086. United States Bankruptcy Court, (W. D.) Missouri. June 3, 2010. Order Denying Motion For Relief From Stay. Arthur B. Federman, Bankruptcy Judge. Judge Federman concludes: All I find here is that BAC has not proven that it holds the Note. Thus, it has not established that it is a party in interest or that it has standing to seek relief from the stay. ACCORDINGLY, the Motion for Relief from Stay filed by BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP is DENIED. (See also: Bellistri v. Ocwen Loan Servicing, LLC)

06/22/2010

23 . As held in *In Re Foreclosure Actions*, " A foreclosure plaintiff, especially one who is not identified on the note and/or mortgage at issue, must attach to its complaint *documentation* demonstrating that it is the owner and holder of the note and mortgage upon which suit is filed. In other words, a foreclosure plaintiff must provide that it is the owner and holder of the note and mortgage *as of the date the foreclosure action is filed.* Appropriate "documentation" includes, but is not limited to, trust and/or assignment documents *executed before the action was commenced*, or both as circumstances may require." 2007 WL 4034554 at *1 (N.D. Ohio 2007)

> See, for example: In Re: Foreclosure Cases: 3:07-cv-00286-TMR-MRM Standing: Federal courts have only the power authorized by Article III of the United States Constitution and the statutes enacted by Congress pursuant thereto. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). As a result, a plaintiff must have constitutional standing in order for a federal court to have jurisdiction. *Id.*

> Plaintiffs have the burden of establishing standing. *Loren v. Blue Cross & Blue Shield of Michigan*, No. 06-2090, 2007 WL 2726704 at *7 (6th Cir. Sept. 20, 2007). If they cannot do so, their claims must be dismissed for lack of subject matter jurisdiction. *Id.* (citing *Central States Southeast & Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care*, 433 F.3d 181, 199 (2d Cir. 2005)).

24 . In *Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S. D. Ohio), the Court refused to allow Deutsche Bank Nat'l Trust to proceed with foreclosure proceedings until they could show, by a preponderance of the evidence, that it owned the note and mortgage when the complaint was filed.

25. A court order issued by Fifth District Court Judge James L. Shumate May 22, 2010 in St. George, Utah has stopped all foreclosure proceedings in the State of Utah by Bank of America Corporation; Recontrust Company, N.A; BAC Home Loans Servicing, LP; Bank of America, FSB; The Court Order if it becomes permanent will force Bank of America and other mortgage companies with home loans in Utah to adhere to the Utah laws requiring

06/22/2010

lenders to register in the state and have offices where home owners can negotiate face-to-face with their lenders as the state lawmakers intended. (Utah Code ' 57-1 21(1)(a)(i).).

The complaint asserts, *inter alia*, that [n]either the lender, nor MERS, nor Bank of America, nor any other Defendant, has any remaining interest in the mortgage Promissory Note. The note has been bundled with other notes and sold as mortgage-backed securities or otherwise assigned and split from the Trust Deed. When the note is split from the trust deed, "the note becomes, as a practical matter, unsecured." <u>Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997).</u> A person or entity only holding the trust deed suffers no default because only the Note holder is entitled to payment.

Basically, "[t]he security is worthless in the hands of anyone except a person who has the right to enforce the obligation; it cannot be foreclosed or otherwise enforced." <u>Real Estate Finance Law (Fourth) §5.27 (2002).</u>

26. Movants failed to provide foundation, admissible evidence or certified documentation that supports their assertion of standing or authority to foreclose pursuant to UCC 3-501(b)(2).

> § 3-501. Presentment:
> (b) The following rules are subject to Article 4, agreement of the parties, and clearing-house rules and the like:
> (2) Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

27. Debtor hereby demands, pursuant to UCC 3-501(b)(2) that Movants present and exhibit the instrument for this Court's inspection and present to this Court reasonable evidence of their authority to exhibit the instrument.

28. If Movants refuse to present the instrument to this Court then Movants are in violation of UCC 3-501 and therefore have no standing in this matter.

29. Debtor hereby moves this Court to have Movants stipulate and admit on and for the record whether or not they are the creditor and whether or not they are the holder in due course in this matter.

30. If Movants refuse to admit as to whether they are or are not the creditor and/or the holder in due course then Movants must be considered in contempt of court.

31. The uncertified copy of the alleged note offered as Exhibit "A" in Movants' November 12, 2009 Motion for Lift of Stay (at dkt # 82) carries no endorsement or allonge evidencing any sale, transfer or assignment of the alleged note.

32. Payments including third-party payments have been made and money has changed hands on Debtor's obligation.

33. No evidence has been offered that the "loan" is actually in the "Trust" or that the "Trust" actually exists or that Movants ever had or still retain any residual interest in such "Trust".

34. No evidence has been provided that the "loan" is in Alternative Loan Trust 2007-HY4 (the alleged "Trust")

35. No evidence has been provided that the Certificateholders in the Trust have authorized Movants to act in their behalf.

36. No Bond or Bond Indenture which might evidence such authorization has been

produced or offered.

37. Movants lack standing to seek relief, yet seek non-judicial relief from the Court in the form of a lift of stay which would be in effect an unjust summary judgment based on untested and opposed representations, allegations and documentation.

38. The matter is judicial, not non-judicial, because Debtor objected.

39. Accordingly, Debtor asserts his right to due process. Due process requires discovery, admitted evidence, sworn witnesses and a hearing.

40. Furthermore, Movants lack standing because the note was securitized. There must be an allegation that the mortgagee, allegedly Movants, (all four of them?) are the present holder and owner of the mortgage and note. Edason v. Central Farmers Trust Co., 129 So. 698 (Fla.1930); but see Graham v. Fitts, 43 So. 512 (Fla.1907). See also Hotel Management Co. v. Krickl, 158 So. 118 (Fla.1934); O'Malley v. Harris, 173 So. 355 (Fla.1937); Lakeland Prod. Credit Assn. v. Coachman, 5 So.2d 49 (Fla.1941); Willark House v. Espinosa, 328 So.2d 514 (Fla. 3 DCA 1976); Shapiro v. Family Bank, 538 So.2d 944 (Fla. 3 DCA 1989). Owner and Holder of Mortgage Note: Philogene v. ABN Amro Mortg. Group Inc., 948 So. 2d 45 (Fla. 4th DCA 2006); Mortgage Electronic Registration Systems, Inc. v. Revoredo, 955 So. 2d 33 (Fla. 3d DCA 2007); Mortgage Electronic Registration Systems, Inc. v. Azize, 965 So. 2d 151 (Fla. 2d DCA 2007).

41. By transferring ownership and holding of the mortgage promissory note to certificate holders of a publicly traded security, the transfer negated the ability of the trustee or servicing agent to sue as the owner or holder of the promissory note. A mortgage cannot be

06/22/2010

foreclosed on behalf of the owner and holder of a note who does not actually own or hold the note. There is a difference between what is required to enforce a note and what is required to enforce a mortgage in foreclosure. The promissory note as a note remains enforceable if it has not been paid, but not the mortgage. The note is not secured by the Property.

**WHEREFORE,** Debtor asks this Court to declare that Movants have no standing to foreclose, to deny Movants' Renewed Motion for Relief from the Automatic Stay - with prejudice - and to grant Debtor such other relief as this Court deems just and proper.

Respectfully submitted this 18th day of June, 2010.

Andrew C. Bailey, Debtor in Pro Per

06/22/2010

1
2
3 **Certificate of Notice**

4 Copy of the foregoing was
5 mailed on June 21 , 2010 to:

6

7 U.S. Trustee
Office of the US Trustee
8 230 N. First Avenue, Suite 204,
Phoenix, AZ 85003
9

10 Larry Lee Watson
Office of the US Trustee
11 230 N. First Avenue, Suite 204,
Phoenix, AZ 85003
12

13 Jennifer A. Giaimo
14 Office of the US Trustee
230 N. First Avenue, Suite 204,
15 Phoenix, AZ 85003

16 Leonard McDonald, Esq
17 Tiffany & Bosco, PA
2525 East Camelback Road, Suite 300
18 Phoenix, Arizona 85016

19

20 Kyle Hirsch, Esq
Bryan Cave, LLP
21 Two North Central Ave. Suite 2200
Phoenix, AZ 85004
22

23

24

25

Andrew C Bailey
c/o 2500 N. Page Springs Road
Cornville. AZ 86325

Gerard R. O'Meara Esq
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, AZ 85701-1620

December 10, 2009.

**Re: 2560 North Page Springs Road, Cornville, AZ 86325.**
**Countrywide Home Loans Account #164999184**

Dear Mr. O'Meara,

Please find attached, pursuant to the federal Real Estate Settlement Procedures Act, 12
U.S.C. Section 2605(e) and the Truth In Lending Act 15 U.S.C. section 1601, a Qualified
Written Request and Debt Validation Letter for the immediate attention of your client
THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee
for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage
Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest,
and any other party in interest you may represent directly or indirectly in this matter.

The referenced property is: 2560 North Page Springs Road, Cornville, AZ 86325.

Kindly note: On or about September 21, 2009, with reference to the same real property,
this same Qualified Written Request and Debt Validation Letter was sent to:

Dean Prober, Esq
POLK, PROBER & RAPHAEL
PO Box 4365
Woodland Hills
CA 91365-4365
(attorneys for BAC Home Loans Serving, LP)
(SEE ATTACHED)

No response has been received to date, in violation of Federal and State statute. A
Certificate of Non-Response follows.

As you know, I have filed for Chapter 11 bankruptcy protection during this period of
confusion concerning my recently disclosed relationship with your client, the identity of

Exhibit A

my creditor(s) or lender(s) (who may or may not be your client) and the amount still owing on the loan.

My originating "lender" was Countrywide Home Loans. Yavapai County records show MERS as the owner of my note. BAC Home Loans Servicing, LP has filed a Proof of Claim in the matter. This illustrates the inconsistent and confusing nature of my relationship with your client and its partners in the securitization scheme, which has, among other consequences, had the effect of clouding title and separating the security from the security instrument. Nowhere in the record is your company or "BAC Home Loans Servicing LP" mentioned.

Due process demands discovery followed by evidentiary hearings involving all of the stakeholders. Most of the required information is in the possession of your client and its partners in the securitization scheme, and will cost time and money to gain access to, if it is not disclosed voluntarily. It is to the advantage of all parties in interest that the requested information be disclosed as soon as possible, as required by the Federal RESPA and other statutes.

I am doing everything in my power to move this process forward. To this end, among other actions, I have retained the services of an expert witness and a team of professionals who are in the process of performing a full forensic analysis of the subject loan. I have filed a motion to enforce the federal RESPA requirements. I believe those requirements lay out the most time- and cost-effective strategy to clarify the disputed issues before the court.

Sincerely,

Andrew C Bailey

2 attachments
QWR
Letter to Proper

Andrew C Bailey
c/o 2500 N. Page Springs Road,
Cornville, AZ 86325.

THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee
for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage
Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest

C/O
Gerard R. O'Meara Esq
Gust Rosenfeld, PLC
1 South Church Avenue, Suite 1900
Tucson, AZ 85701-1620
(Attorneys of Record for the above)

Certified Mail #
Date: December 10, 2009.

## QUALIFIED WRITTEN REQUEST, COMPLAINT, DISPUTE OF DEBT AND VALIDATION OF DEBT LETTER, TILA REQUEST

**This letter is a "qualified written request" in compliance with and under the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e).**

Reference: Account # 164999184 (hereinafter the subject loan and is the reference for all questions and requests described below).

Dear Sir or Madam:

I am writing to you to complain about the accounting and servicing of this mortgage and my need for understanding and clarification of various sale, transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, reversals, actions, payments, analyses and records related to the servicing of this account from its origination to the present date.

To date, the documents and information I have, that you have sent me, and the conversations, if any, with your service representatives have been unproductive and have not answered my questions.

Needless to say, I am very concerned. With the news and court decisions lately regarding predatory lending and illegal and fraudulent foreclosures, you have left me feeling that there might be something you are trying to hide. I worry that potential fraudulent and deceptive practices by unscrupulous mortgage brokers; sales and transfers of mortgage servicing rights; deceptive and fraudulent servicing practices to enhance balance sheets; deceptive, abusive and fraudulent accounting tricks and practices may have also

06/22/2010

negatively affected any credit rating, mortgage account and/or the debt or payments that I am currently, or may be legally obligated to.

I hereby demand absolute 1st hand evidence from you of the original un-certificated or certificated security regarding account # 164999184. In the event you do not supply me with the very security it will be a positive confirmation on your part that you never really created and owned one.

I also hereby demand that a chain of transfer to you or from you to wherever the security is now be promptly sent to me as well. Absent the actual evidence of the security I have no choice but to dispute the validity of your lawful ownership, funding, entitlement right, and the current debt you say I owe. By debt I am referring to the principal balance you claim I owe; the calculated monthly payment, calculated escrow payment and any fees claimed to be owed by you or any trust or entity you may service or sub-service for.

To independently validate this debt, I need to conduct a complete examination, audit, review and accounting of this mortgage account from its inception through the present date. Upon receipt of this letter, please refrain from reporting any negative credit information (if any) to any credit-reporting agency until you respond to each of the requests.

I also request that you conduct your own investigation and audit of this account since its inception to validate the debt you currently claim I owe. I would like you to validate the debt so that it is accurate to the penny.

Please do not rely on previous servicing companies or originators' records, assurances or indemnity agreements and refuse to conduct a full audit and investigation of this account.

I am told by experts that potential abuses by you or previous servicing companies could have deceptively, wrongfully, unlawfully, and/or illegally:
Increased the amounts of monthly payments;
Increased the principal balance I owe;
Increased the escrow payments;
Increased the amounts applied and attributed toward interest on this account;
Decreased the proper amounts applied and attributed toward the principal on this account; and/or
Assessed, charged and/or collected fees, expenses and miscellaneous charges I am not legally obligated to pay under this mortgage, note and/or deed of trust.

I request you insure that I have not been the victim of such predatory servicing and lending practices.

To insure this, I have authorized a thorough review, examination, accounting and audit of mortgage account #164999184 by mortgage auditing and predatory servicing or lending experts. This exam and audit will review this mortgage account file from the date of

initial contact, application and the origination of this account to the present date written above.

Again, this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 section 2605(e) of the United States Code as well as a request under the Truth In Lending Act 15 U.S.C. section 1601. RESPA provides substantial penalties and fines for non-compliance or failure to answer my questions provided in this letter within sixty (60) days of its receipt.

In order to conduct the examination and audit of this loan, I need to have full and immediate disclosure including copies of all pertinent information regarding this loan. The documents requested and answers to my questions are needed by myself and others to ensure that this loan:

1- Was originated in lawful compliance with all federal and state laws, regulations including, but not limited to Title 62 of the Revised Statutes, RESPA, TILA, Fair Debt Collection Practices Act, HOEPA and other laws;

2- That the origination and/or any sale or transfer of this account or monetary instrument, was conducted in accordance with proper laws and was a lawful sale with complete disclosure to all parties with an interest;

3- That you disclose the claimed holder in due course of the monetary instrument/deed of trust/asset is holding such note in compliance with statutes, State and Federal laws and is entitled to the benefits of payments;

4- That all good faith and reasonable disclosures of transfers, sales, Power of Attorney, monetary instrument ownership, entitlements, full disclosure of actual funding source, terms, costs, commissions, rebates, kickbacks, fees etc. were and still are properly disclosed to me, including but not limited to the period commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

5- That each servicer(s) and/or sub-servicer(s) of this mortgage has serviced this mortgage in accordance with statute, laws and the terms of mortgage, monetary instrument/deed of trust, including but not limited to all accounting or bookkeeping entries commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

6- That each servicer and/or sub-servicer of this mortgage has serviced this mortgage in compliance with local, state and federal statutes, laws and regulations commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

7-That this mortgage account has been credited, debited, adjusted, amortized and charged correctly and disclosed fully commencing with the original loan solicitation through and including any parties, instruments, assignments, letters of transmittal, certificates of asset backed securities and any subsequent transfer thereof;

8-That interest and principal have been properly calculated and applied to this loan;

9-That any principal balance has been properly calculated, amortized and accounted for;

10-That no charges, fees or expenses, not obligated by me in any agreement, have been charged, assessed or collected from this account or any other related account arising out of the subject loan transaction.

In order to validate this debt and audit this account, I need copies of pertinent documents to be provided to me. I also need answers, <u>certified</u>, in writing, to various servicing questions. For each record kept on computer or in any other electronic file or format, please provide a paper copy of all information in each field or record in each computer system, program or database used by you that contains any information on this account or my name.

As such, please send to me, at the address above, copies of the documents requested below as soon as possible. Please also provide copies, front and back, of the following documents regarding account #164999184:

1-Any certificated or un-certificated security used for the funding of this account;

2-Any and all "Pool Agreement(s)" or "servicing agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any government sponsored entity, hereinafter GSE or other party;

3-Any and all "Deposit Agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

4-Any and all "Servicing Agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

5-Any and all "Custodial Agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

6-Any and all "Master Purchasing Agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

7-Any and all "Issuer Agreement(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

8-Any and all "Commitment to Guarantee" agreement(s) between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

9-Any and all "Release of Document" agreement(s) between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

10-Any and all "Master Agreement for Servicer's Principal and Interest Custodial Account" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

11-Any and all "Servicer's Escrow Custodial Account(s)" between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

12-Any and all "Release of Interest" agreement(s) between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and any GSE or other party;

13-Any Trustee agreement(s) between the nominal "lender" at the loan closing and any party or parties who could claim an interest in the loan closing or documents pertaining thereto and trustee(s) regarding this account or pool accounts with any GSE or other party;

Please also send me copies, front and back, of:

1-Any documentation evidencing any trust relationship regarding the Mortgage/Deed of Trust **and** any Note in this matter;

2-Any and all document(s) establishing any Trustee of record for the Mortgage/Deed of Trust **and** any Note;

3-Any and all document(s) establishing the date of any appointment of Trustee Mortgage/Deed of Trust **and** any Note, including any and all assignments or transfers or nominees of any substitute trustees(s);

4-Any and all document(s) establishing any Grantor for this Mortgage/Deed of Trust **and** any Note;

5-Any and all document(s) establishing any Grantee for this Mortgage/Deed of Trust **and** any Note;

6-Any and all document(s) establishing any Beneficiary for this Mortgage/Deed of Trust **and** any Note;

7-Any documentation evidencing the Mortgage/Deed of Trust is **not** a constructive trust or any other form of trust;

8-All data, information, notations, text, figures and information contained in your mortgage servicing and accounting computer systems including, but not limited to Alltel or Fidelity CPI system, or any other similar mortgage servicing software used by you, any servicers, or sub-servicers of this mortgage account from the inception of this account to the date written above.

9-All descriptions and legends of all Codes used in your mortgage servicing and accounting system so the examiners and auditors and experts retained to audit and review this mortgage account may properly conduct their work.

10-All assignments, transfers, allonges, or other documents evidencing a transfer, sale or assignment of this mortgage, deed of trust, monetary instrument or other document that secures payment by me to this obligation in this account from the inception of this account to the present date including any such assignment on MERS.

11-All records, electronic or otherwise, of assignments of this mortgage, monetary instrument or servicing rights to this mortgage including any such assignments on MERS.

12-All deeds in lieu, modifications to this mortgage, monetary instrument or deed of trust from the inception of this account to the present date.

13-The front and back of each and every canceled check, money order, draft, debit or credit notice issued to any servicers of this account for payment of any monthly payment, other payment, escrow charge, fee or expense on this account.

14-All escrow analyses conducted on this account from the inception of this account until the date of this letter.

15-The front and back of each and every canceled check, draft or debit notice issued for payment of closing costs, fees and expenses listed on any and all disclosure statements including, but not limited to, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, etc.

16-Front and back copies of all payment receipts, checks, money orders, drafts, automatic debits and written evidence of payments made by others or me on this account.

17-All letters, statements and documents sent to me by your company.

18-All letters, statements and documents sent to me by agents, attorneys or representatives of your company.

19-All letters, statements and documents sent to me by previous servicers, sub-servicers or others in your account file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicers, servicers, attorney or other representative of your company.

20-All letters, statements and documents contained in this account file or imaged by you, any servicers or sub-servicers of this mortgage from the inception of this account to the present date.

21-All electronic transfers, assignments and sales of the note/asset, mortgage, deed of trust or other security instrument.

22-All copies of property inspection reports, appraisals, BPOs and reports done on my property.

23-All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this mortgage account from the inception of this account to the present date.

24-All checks used to pay invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments or any expense which has been charged to this account from the inception of this account to the present date.

25-All agreements, contracts and understandings with vendors that have been paid for any charge on this account from the inception of this account to the present date.

26-All account servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, account histories, accounting records, ledgers, and documents that relate to the accounting of this account from the inception of this account to the present date.

27-All account servicing transaction records, ledgers, registers and similar items detailing how this account has been serviced from the inception of this account to the present date.

Further, in order to conduct the audit and review of this account, and to determine all proper amounts due, I need the following answers to questions concerning the servicing and accounting of this mortgage account from its inception to the present date. Accordingly, please provide me, in writing, the answers to the following questions:

In regards to Account Accounting and Servicing Systems:

1-Please identify for me each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date so that experts can decipher the data provided.

2-For each account accounting and servicing system identified by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the name and address of the company that designed and sold the system.

3-For each account accounting and servicing system used by you and any sub-servicers or previous servicers from the inception of this account to the present date, please provide the complete transaction code list for each system so that I, and others can adequately audit this account.

## In regards to Debits and Credits:

1-In a spreadsheet form or in letter form in a columnar format, please detail for me each and every credit on this account from the date such credit was posted to this account as well as the date any credit was received.

2- In a spreadsheet form or in letter form in a columnar format, please detail for me each and every debit on this account from the date such debit was posted to this account as well as the date any debit was received.

3-For each debit and credit listed, please provide me with the definition for each corresponding transaction code you utilize.

4-For each transaction code, please provide the master transaction code list used by you or previous servicers.

In regards to Mortgage and Assignments:

1-Has each sale, transfer or assignment of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in the county property records in the county and state in which my property is located from the inception of this account to the present date? Yes or No?

2-If not, why not? Please explain.

3-Is your company the servicer of this mortgage account or the holder in due course and beneficial owner of this mortgage, monetary instrument and/or deed of trust? Yes or No?

4-Have any sales, transfers or assignments of this mortgage, monetary instrument, deed of trust or any other instrument I executed to secure this debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of this account to the present date? Yes or No?

5-If yes, please detail for me the names of the seller, purchaser, assignor, assignee or any holder in due course to any right or obligation of any note, mortgage, deed of trust or security instrument I executed securing the obligation on this account that was not recorded in the county records where my property is located whether they be mortgage servicing rights or the beneficial interest in the principal and interest payments.

**In regards to Attorney Fees:**

For purposes of the questions below dealing with attorney fees, please consider attorney fees and legal fees to be one in the same.

1-Have attorney fees ever been assessed to this account from the inception of this account to the present date? Yes or No?

2-If yes, please detail each separate assessment, charge and collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

3-Have attorney fees ever been charged to this account from the inception of this account to the present date? Yes or No?

4- If yes, please detail each separate charge of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

5-Have attorney fees ever been collected from this account from the inception of this account to the present date? Yes or No?

6-If yes, please detail each separate collection of attorney fees to this account from the inception of this account to the present date and the date of such assessments to this account.

7-Please provide me with the name and address of each attorney or law firm that has been paid any fees or expenses related to this account from the inception of this account to the present date.

8-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of attorney fees.

9-Please detail and list for me in writing each separate attorney fee assessed from this account and for which each corresponding payment period or month such fee was assessed from the inception of this account to the present date.

10- Please detail and list for me in writing each separate attorney fee collected from this account and for which each corresponding payment period or month such fee was collected from the inception of this account to the present date.

11-Please detail and list for me in writing any adjustments in attorney fees assessed and on what date such adjustment was made and the reason for such adjustment.

12- Please detail and list for me in writing any adjustments in attorney fees collected and on what date such adjustment was made and the reason for such adjustment.

13-Has interest been charged on any attorney fees assessed or charged to this account? Yes or No?

14-Is interest allowed to be assessed or charged on attorney fees charged or assessed to this account? Yes or No?

15-How much total in attorney fees have been assessed to this account from the inception to the present date?

16-How much total in attorney fees have been collected from this account from the inception to the present date?

17-How much total in attorney fees have been charged to this account from the inception to the present date?

18-Please send me copies of all invoices and detailed billing statements from any law firm or attorney that has billed such fees that have been assessed or collected from this account from the inception to the present date.


## In regards to Suspense/Unapplied Accounts:

For purposes of this section, please treat the term suspense account and unapplied account as one in the same.

1-Have there been any suspense or unapplied account transactions on this account from the inception of this account until the present date? Yes or No?

2-If yes, please explain the reason for each and every suspense transaction that occurred on this account. If no, please skip the questions in this section dealing with suspense and unapplied accounts.

3-In a spreadsheet or in letter form in a columnar format, please detail for me each and every suspense or unapplied transaction, both debits and credits that has occurred on this account from the inception of this account to the present date.

06/22/2010

**In regards to Late Fees:**

For purposes of my questions below dealing with late fees, please consider the terms late fees and late charges to be one in the same.

1-Have you reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

2-Have any previous servicers or sub-servicers of this mortgage reported the collection of late fees on this account as interest in any statement to me or to the IRS? Yes or No?

3-Do you consider the payment of late fees as liquidated damages to you for not receiving payment on time? Yes or No?

4-Are late fees considered interest? Yes or No?

5-Please detail for me in writing what expenses and damages you incurred for any payment I made that was late.

6-Were any of these expenses or damages charged or assessed to this account in any other way? Yes or No?

7-If yes, please describe what expenses or damages were charged or assessed to this account.

8-Please describe for me in writing what expenses you or others undertook due to any payment I made, which was late.

9- Please describe for me in writing what damages you or others undertook due to any payment I made, which was late.

10-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of late fees.

11-Please detail and list for me in writing each separate late fee assessed to this account and for which corresponding payment period or month such late fee was assessed from the inception of this account to the present date.

12-Please detail and list for me in writing each separate late fee collected from this account and for which corresponding payment period or month such late fee was collected from the inception of this account to the present date.

13-Please detail and list for me in writing any adjustments in late fees assessed and on what date such adjustment was made and the reason for such adjustment.

14-Has interest been charged on any late fee assessed or charged to this account? Yes or No?

15-Is interest allowed to be assessed or charged on late fees to this account? Yes or No?

16-Have any late charges been assessed to this account? Yes or No?

17-If yes, how much in total late charges have been assessed to this account from the inception of this account to the present date?

18-Please provide me with the exact months or payment dates you or other previous servicers or sub-servicers of this account claim I have been late with a payment from the inception of this account to the present date.

19-Have late charges been collected on this account from the inception of this account to the present date? Yes or No?

20-If yes, how much in total late charges have been collected on this account from the inception of this account to the present date?

## In regards to Property Inspections:

For the purpose of this section property inspection and inspection fee refer to any inspection of property by any source and any related fee or expense charged, assessed or collected for such inspection.

1-Have any property inspections been conducted on my property from the inception of this account to the present date? Yes or No?

2-If your answer is no, you can skip the rest of the questions in this section concerning property inspections.

3-If yes, please tell me the date of each property inspection conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price charged for each property inspection.

5-Please tell me the date of each property inspection.

6-Please tell me the name and address of each company and person who conducted each property inspection on my property.

7-Please tell me why property inspections were conducted on my property.

8-Please tell me how property inspections are beneficial to me.

9-Please tell me how property inspections are protective of my property.

10-Please explain to me your policy on property inspections.

11-Do you consider the payment of inspection fees a cost of collection? Yes or No?

12-If yes, why?

13-Do you use property inspections to collect debts? Yes or No?

14-Have you used any portion of the property inspection process on my property to collect a debt or inform me of a debt, payment or obligation I owe? Yes or No?

15-If yes, please answer when and why?

16-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment or collection of property inspection fees.

17-Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? Yes or No?

18-If yes, why?

19-Have you labeled in any record or document sent to me a property inspection as a legal fee or attorney fee? Yes or No?

20-If yes, why?

21-Please detail and list for me in writing each separate inspection fee assessed to this account and for which corresponding payment period or month such fee was assessed from the inception of this account to the present date.

22- Please detail and list for me in writing each separate inspection fee collected from this account and for which corresponding payment period or month such fee was collected from the inception of this account to the present date.

23-Please detail and list for me in writing any adjustments in inspection fees assessed and on what date such adjustment was made and the reasons for such adjustment?

24- Please detail and list for me in writing any adjustments in inspection fees collected and on what date such adjustment was made and the reasons for such adjustment?

25-Has interest been charged on any inspection fees assessed or charged to this account? Yes or No?

26-If yes, when and how much was charged?

27-Is interest allowed to be charged on inspection fees charged or assessed to this account? Yes or No?

28-How much total in inspection fees has been assessed to this account from the inception of this account to the present date?

29-How much total in inspection fees has been collected on this account from the inception of this account to the present date?

30-Please forward to me copies of all property inspections made on my property in this mortgage account file.

31-Has any fee charged or assessed for property inspections been placed into an escrow account? Yes or No?

**In regards to BPO Fees:**

1-Have any BPOs (Broker Price Opinions) been conducted on my property? Yes or No?

2- If your answer is no, you can skip the rest of the questions in this section concerning BPOs.

3-If yes, please tell me the date of each BPO conducted on my property that is the secured interest for this mortgage, deed of trust or note.

4-Please tell me the price of each BPO.

5-Please tell me who conducted the BPO.

6-Please tell me why BPOs were conducted on my property.

7-Please tell me how BPOs are beneficial to me.

8-Please tell me how BPOs are protective of my property.

9-Please explain your policy on BPOs.

10-Have any BPO fees been assessed to this account? Yes or No?

11-If yes, how much in total BPO fees have been charged to this account?

12-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of a BPO fee from me.

13-Please send to me copies of all BPO reports that have been done on my property.

14-Has any fee charged or assessed for a BPO been placed into an escrow account? Yes or No?

### In regards to Force-Placed Insurance:

1-Have you placed or ordered any force-placed insurance policies on my property?

2-If yes, please tell me the date of each policy ordered or placed on my property that is the secured interest for this mortgage, deed of trust or note.

3-Please tell me the price of each policy.

4-Please tell me the agent for each policy.

5-Please tell me why each policy was placed on my property.

6-Please tell me how the policies are beneficial to me.

7-Please tell me how the policies are protective of my property.

8-Please explain to me your policy on force-placed insurance.

9-Have any force-placed insurance fees been assessed to this account? Yes or No?

10-If yes, how much in total force-placed insurance fees have been assessed to this account?

11-Have any force-placed insurance fees been charged to this account? Yes or No?

12-If yes, how much in total force-placed insurance fees have been charged to this account?

13-Please identify for me in writing the provision, paragraph, section or sentence of any note, mortgage, deed of trust or any agreement I signed that authorized the assessment, charge or collection of force-placed insurance fees from me.

14-Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

15-Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

16-Has the agency or carrier you used to place a forced-placed insurance on my property provided you any service, computer system, discount on policies, commissions, rebates or any form of consideration? If yes, please describe.

17-Do you maintain a blanket insurance policy to protect your properties when customer policies have expired? Yes or No?

18-Please send to me copies of all forced-placed insurance policies that have been ordered on my property from the inception of this account to the present date.


**In regards to Servicing:**

For each of the following questions listed below, please provide me with a detailed explanation in writing that answers each question. In addition, I need the following answers to questions concerning the servicing of this account from its inception to the present date.

1-Did the originator or previous servicers of this account have any financing agreements or contracts with your company or an affiliate of your company?

2-Did the originator or previous servicers of this account receive any compensation, fee, commission, payment, rebate or other financial consideration from your company or affiliate of your company for handling, processing, originating or administering this loan? If yes, please describe and itemize each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the originator of this account by your company or any affiliate.

3-Please identify for me where the originals of this entire account file are currently located and how they are being stored, kept and protected.

4-Where is the original monetary instrument or mortgage I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

5-Where is the original deed of trust or mortgage and note I signed located? Please describe its physical location and anyone holding this note as a custodian or trustee if applicable.

6-Since the inception of this account, has there been any assignment of my monetary instrument/asset to any other party? If the answer is yes, identify the names and addresses

of each and every individual, party, bank, trust or entity that has received such assignments.

7-Since the inception of this account, has there been any assignment of the deed of trust or mortgage and note to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments.

8- Since the inception of this account, has there been any sale or assignment of the servicing rights to this mortgage account to any other party? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has received such assignments or sale.

9-Since the inception of this account, have any sub-servicers serviced any portion of this mortgage account? If the answer is yes, identify the names and addresses of each and every individual, party, bank, trust or entity that has sub-serviced this mortgage account.

10-Has this mortgage account been made a part of any mortgage pool since the inception of this loan? If yes, please identify for me each and every account mortgage pool that this mortgage has been a part of from the inception of this account to the present date.

11-Has each and every assignment of my asset/monetary instrument been recorded in the county land records where the property associated with this mortgage account is located?

12-Has there been any electronic assignment of this mortgage with MERS (Mortgage Electronic Registration System) or any other computer mortgage registry service or computer program? If yes, identify the name and address of each and every individual, entity, party, bank, trust or organization or servicers that have been assigned to mortgage servicing rights to this account as well as the beneficial interest to the payments of principal and interest on this loan.

13-Have there been any investors (as defined by your industry) who have participated in any mortgage-backed security, collateral mortgage obligation or other mortgage security instrument that this mortgage account has ever been a part of from the inception of this account to the present date? If yes, identify the name and address of each and every individual, entity, organization and/or trust.

14-Please identify for me the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

15-Please provide me with copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements and any agreement related to this account from the inception of this account to the present date.

16-How much was paid for this individual mortgage account by you?

17-If part of a mortgage pool, what was the principal balance used by you to determine payment for this individual mortgage loan?

18-If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of this individual mortgage loan?

19-To whom did you issue a check or payment for this mortgage loan?

20-Please provide me with copies of the front and back of the canceled check.

21-Did any investor approve of the foreclosure of my property? Yes or No?

22-Has HUD assigned or transferred foreclosure rights to you as required by 12 USC 3754?

23-Please identify all persons who approved the foreclosure of my property.


Please provide me with the documents I have requested and a detailed answer to each of my questions within the lawful time frame. Upon receipt of the documents and answers, an examination and audit will be conducted that may lead to a further document request and answers to questions under an additional RESPA Qualified Written Request letter.

Copies of this Qualified Written Request, Validation of Debt, TILA and request for accounting and legal records, Dispute of Debt letter are being sent to FTC, HUD, Thrift Supervision, and all relevant state and federal regulators; and other consumer advocates; and my congressman.

It is my hope that you respond to and answer this RESPA request in accordance with law and answer the questions, providing thedocuments and validation of debt to the penny. Kindly disclose and correct any abuses or schemes uncovered and documented.

### Default Provisions under this QUALIFIED WRITTEN REQUEST

THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP or any agents, transfers, or assigns omissions of or agreement by silence of this RESPA REQUEST via certified rebuttal of any and all points herein this RESPA REQUEST, agrees and consents to including but not limited by any violations of law and/or immediate terminate/remove any and all right, title and interest (liens) in Andrew C. Bailey or any

property or collateral connected to THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP or account #164999184 and waives any and all immunities or defenses in claims and or violations agreed to in this RESPA REQUEST including but not limited by any and all:

1-Andrew C. Bailey's right, by breach of fiduciary responsibility and fraud and misrepresentation revocation and rescinding any and all power of attorney or appointment THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP may have or may have had in connection with account # 164999184 and any property and/or real estate connected with account #164999184.

2- Andrew C. Bailey's right to have any certificated or un-certificated security re-registered in Andrew C. Bailey's, and only Andrew C. Bailey's name.

3- Andrew C. Bailey's right of collection via THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP's liability insurance and/or bond.

4- Andrew C. Bailey's entitlement in filing and executing any instruments, as power of attorney for and by THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP including but not limited by a new certificated security or any security agreement perfected by filing a UCC Financing Statement with the Secretary of State in the State where Countrywide Home Loans and/or BAC Home Loans Servicing LP is located.

5- Andrew C. Bailey's right to damages because of THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's asset by THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP issuing to Andrew C. Bailey a certified check for the original value of Andrew C. Bailey's monetary instrument.

6- Andrew C. Bailey's right to have account # 164999184 completely set off because THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP's wrongful registration, breach of intermediary responsibility with regard to Andrew C. Bailey's monetary instrument/asset by THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP sending confirmation of set off of wrongful liability of Andrew C. Bailey and issuing a certified check for the difference between the original value of Andrew C. Bailey's monetary instrument/asset and what Andrew C. Bailey mistakenly sent to THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP as a payment for such wrongful liability.


THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP or any transfers, agents or assigns offering a rebuttal of this RESPA REQUEST must do so in the manner of this RESPA REQUEST in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as appointed agent for THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP in accordance with THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP's Articles of Incorporation, By Laws duly signed by a current and duly sworn under oath director(s) of such corporation/ Holding Corporation/ National Association. Any direct rebuttal with certified true and complete accompanying proof must be posted with the Notary address herein within sixty days. When no verified rebuttal of this RESPA REQUEST is made in a timely manner, a "Certificate of Non-Response" serves as THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing

LP's judgment and consent/agreement by means of silence with any and all claims and/or violations herein-stated in the default provisions or any other law.

Power of Attorney: When THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP fails by not rebutting to any part of this RESPA REQUEST, THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP agrees with the granting unto Andrew C. Bailey's unlimited Power of Attorney and any and all full authorization in signing and endorsing THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP's name upon any instruments in satisfaction of the obligations of this RESPA REQUEST/Agreement or any agreement arising from this agreement. Pre-emption of or to any Bankruptcy proceeding shall not discharge any obligations of this agreement. Consent and agreement with this Power of Attorney by THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP waives any and all claims of Andrew C. Bailey, and/or defenses and remains in effect until the satisfaction of all obligations by THE BANK OF NEW YORK MELLON fka THE BANK OF NEW YORK as Trustee for the Certificateholders, CWALT, Inc, Alternative Loan Trust 007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4, its assignees and/or successors in interest, Countrywide Home Loans and/or BAC Home Loans Servicing LP have been satisfied.

Sincerely,

Andrew C Bailey