Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet:  rjmiller@bryancave.com
          kyle.hirsch@bryancave.com

Counsel for Movants

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP; and MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>Movants,<br><br>vs.<br><br>ANDREW C. BAILEY,<br><br>Respondent. | **REPLY IN SUPPORT OF RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY LOCATED AT 2560 N. PAGE SPRINGS ROAD, CORNVILLE, ARIZONA**<br><br><br>**Hearing Date: June 23, 2010**<br>**Hearing Time: 1:30 p.m.** |

The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 ("BNY Mellon"); BAC Home Loans Servicing, LP ("BAC"); and Mortgage Electronic Registration Service ("MERS") (collectively, "Movants") hereby collectively file this Reply in support of their renewed motion for relief from the automatic stay filed on May 14, 2010 at Docket Entry #178

670187.1 [0307032]

("Motion"), by and through which Movants seek relief from stay in order to take all steps necessary to commence, conduct, and complete a non-judicial foreclose sale of that certain real property located at 2560 North Page Springs Road, Cornville, Arizona ("Trust Property") in which the debtor and debtor-in-possession, Mr. Andrew Bailey ("Debtor"), asserts an ownership interest.

The Debtor filed his <u>Memorandum Of Objection And Opposition To "Renewed" Motion For Relief From The Automatic Stay</u> ("Opposition") on May 27 at Docket Entry #186, attempting to defeat the Motion through several completely irrelevant arguments and inadmissible factual assertions. For purposes of stay relief, Movants have properly satisfied their burden of proving that there is no equity in the Trust Property, and they have made a prima facie showing that the Trust Property is not necessary to an effective reorganization of the Debtor as defined by the Code and applicable case law. Because the Opposition fails to present any competent, admissible evidence that defeats Movants' legal position and factual assertions, the Motion should be granted at the preliminary hearing.

Movants are filing, concurrently herewith, the <u>Supplemental Declaration Of Jacqui Whitney</u> ("Supplemental Whitney Declaration") and their collective responses to the evidentiary objections filed by the Debtor.

**I.     MOVANTS HAVE ESTABLISHED THEIR RESPECTIVE RIGHTS IN AND TO THE LOAN AND THEIR AUTHORITY TO FORECLOSE.**

The Debtor incorrectly contends that the Movants failed to establish a clear, unbroken chain of title that establishes their respective right, title and interest in and to the Loan. Section II.B. of the Motion provides a detailed recitation of the chain of title of the Note and sets forth the respective positions of the Movants with respect thereto. The Whitney Declaration introduces a true and correct copy of the Note, which is endorsed from the original lender, Countrywide[1], to CHL. The Whitney Declaration and the Cerchio Declaration establish CHL's transfer of its right, title and interest in and to the Note to BNY Mellon, as trustee of the Trust.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

670187.1 [0307032]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

The Cerchio Declaration and the Eisner Declaration establish that BNY Mellon is the present holder in due course. The Whitney Declaration also evidences the fact that BAC is the servicer of the Note and that MERS is and has at all relevant times remained the beneficiary under the Deed of Trust.

Irrespective of the adequacy of Movants' evidence supporting the unbroken chain of title of the Note and their respective rights in and to the Loan, the Debtor cannot refute the authority to foreclose. Arizona's state and federal courts have resoundingly rejected the contention that a trust deed is not enforceable unless the trustee or beneficiary can demonstrate that he also is entitled to enforce the borrower's promissory note. No fewer than four recent decisions of the District Court of Arizona, which decisions are controlling on this Court, reject Plaintiff's position. *See Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187–88 (D. Ariz. 2009) ("Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings"); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (dismissing complaint based on "show me the note" theory); *Goodyke v. BNC Mortgage Inc.*, 2009 WL 2971086, *2 (D. Ariz. Sept. 11, 2009) ("Because [p]laintiffs' action involves the nonjudicial foreclosure of a real estate mortgage under Arizona statutes that do not require presentation of the original note before commencing foreclosure proceedings, Count Two fails to state a claim upon which relief may be granted"); *Garcia v. GMAC Mortgage LLC*, 2009 WL 2782791, *3 (D. Ariz. Aug. 31, 2009) (dismissing complaint asserting "original note" argument).

Further, numerous courts have rejected the Debtor's argument even under the far more stringent rules governing judicial foreclosures. *See New England Savings Bank v. Bedford Realty Corp.*, 680 A.2d 301, 309–10 (Conn. 1996) ("the fact that [plaintiff] never possessed the lost promissory note is not fatal to its foreclosure of the mortgage"); *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 860 (Wis. 2004) (bank not required to produce note where it could prove debt by other evidence); *Ocwen Federal Bank FSB v. Russell*, 53 P.3d 312, 323 (Haw. Ct. App. 2002) (copy of the mortgage note, declaration from the loan servicer, report from the loan servicer's computer system, and a copy of the relevant assignment sufficient to establish right to foreclose);

3

670187.1 [0307032]

*Gonzales v. Tama*, 749 P.2d 1116, 1117–18 (N.M. 1988) (failure to prove note not fatal, where mortgage incorporated note by reference and was made at same time as note and as part of same transaction); *In re Dolata*, 306 B.R. 97, 130 (Bankr. W.D. Penn. 2004) (holding, under state law and multiple treatises, that "the production of an accompanying bond or note, as a matter of law, is not essential to a mortgagee's right of action on a mortgage"); *Resolution Trust Corp. v. Love*, 36 F.3d 972 (10th Cir. 1994) (applying UCC section 3-301 only to claim for deficiency judgment, in case where plaintiff could not produce original note but had already foreclosed the mortgage); *Commercial Fed. Savings & Loan Ass'n v. Grabenstein*, 437 N.W.2d 775, 777 (Neb. 1989) ("The possession and production of the note for cancellation is not an absolute requirement as a basis for a decree [of foreclosure]"); *Boehmer v. Heinen*, 9 N.W.2d 216, 217 (Neb. 1943) (plaintiff need not produce note, if plaintiff can establish by other evidence that plaintiff owns the note or debt it represents); *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997) (plaintiff need only produce some written evidence of secured debt).

While these decisions constitute only persuasive authority in this Court, they are strongly persuasive. In Arizona, trustee's sales are governed exclusively by A.R.S. §§ 33-801–821, which provide the "only procedure" for a valid trustee's sale. *Patton v. First Fed. Sav. & Loan Ass'n of Phoenix*, 118 Ariz. 473, 476, 578 P.2d 152, 155 (1978); *accord Chavez v. ReconTrust Co.*, 2008 WL 5210893, *3–4 (E.D. Cal. Dec. 11, 2008) (slip copy) (noting that statutory framework governing non-judicial foreclosures is exhaustive and should not be supplemented with additional requirements). These statutes do not require that a beneficiary or trustee be entitled to enforce the borrower's promissory note in order to hold a sale. Rather, they provide that

> [b]y virtue of his position, a power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold, in the manner provided in this chapter, after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security, or a breach or default of the trust deed. . . . The power of sale may be exercised by the trustee without express provision therefore in the trust deed.

A.R.S. § 33-807(A) (emphases added). This provision makes it plain that the existence of a trust deed securing an obligation confers inherent authority on the trustee to sell the trust

4

670187.1 [0307032]

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

property upon default, that such sales are governed only by the requirements set forth in the chapter regulating them, and that a sale may be held to remedy a breach of the trust deed itself—necessarily including any agreement in the trust deed to pay the underlying debt, not just the note the trust deed secures.[2]

Notwithstanding such argument, at the very least MERS is undeniably entitled to foreclose under the Deed of Trust. By signing the Deed of Trust, the Debtor agreed that "MERS is the beneficiary under this Security Instrument." [Deed Of Trust, at 2], which language is written in bold face. The Debtor further agreed that MERS "holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS . . . has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." [Deed Of Trust, at 3] The courts have upheld this language and repeatedly found that MERS has authority to initiate foreclosure proceedings. *See, e.g., In re Huggins*, 357 B.R. 180, 183–85 (Bankr. D. Mass. 2006); *Mortgage Electronic Registration Sys. Inc. v. Coakley*, 41 A.D.3d 674, 675 (N.Y. App. 2007); *Mortgage Electronic Registration Sys. Inc. v. Azize*, 965 So. 2d 151, 153–54 (Fla. App. 2007); *Mortgage Electronic Registration Sys. Inc. v. Revoredo*, 955 So. 2d 33, 34 (Fla. App. 2007); *In re Sina*, 2006 WL 2729544, at *1–2 (Minn. App. Sept. 26, 2006); *Mortgage Electronic Registration Sys. Inc. v. Ventura*, 2006 WL 1230265, at *1 (Conn. Super. April 20, 2006). Accordingly, MERS, at the very least, is entitled to relief to proceed with its foreclosure sale.

## II. MOVANTS HAVE SUFFICIENTLY ESTABLISHED THAT THE DEBTOR HAS NO EQUITY IN THE TRUST PROPERTY.

The Debtor lacks equity in the Trust Property, as the outstanding amount of the indebtedness secured thereby (approx. $500,000) far exceeds the Debtor's admission as to the value of the Trust Property ($352,000). The Debtor's attempt to refute such facts is wrought

---

[2] The Deed Of Trust provides that "Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." [Deed of Trust, Doc. No. 1-1 at 34] There is no legitimate dispute that the Debtor has failed to make the last 24 months' required payments when due.

with pure speculation and inconsistent positions that render the Opposition meaningless on this issue.

### A. **Movants Have Properly Established The Amount Of The Indebtedness.**

Movants present declaration testimony, based on their business records, that as of April 28, 2010, the outstanding balance due and owing under the Note was no less than $491,698.93, consisting of $456,390.66 in outstanding unpaid principal, $29,227.20 in unpaid accrued interest (including interest accrued through May 10, 2010), $12,090 in fees, $4,756.57 in negative escrow, and $34.00 in other charges.

The Debtor does not refute that he has failed to make the required payments due under the Loan for more than two years, and the Debtor presents no evidence whatsoever supporting his contention that the amounts set forth by the Movants are incorrect. Rather, the Debtor baldly asserts, with absolutely no factual support, that third party insurance, credit default swap and guarantee payments have been received by Movants on account of the Loan and therefore the amount of the indebtedness is either far less or nonexistent. No such payments have been applied to the Loan, and the record entirely lacks any evidence that any such payments have been received by any of the Movants requiring allocation to the Loan.

The Debtor voluntarily and willingly borrowed $425,000, agreed to make interest and principal payments, and has not done so for more than 2 years. The Debtor cannot rely on the pure speculation that third parties have made payments that reduce his just and owing obligation. The Movants are entitled to seek collection of the full amount of the Loan first from the Trust Property, and if any deficiency remains, from the estate, and the stay should be lifted to allow Movants to proceed against the Trust Property accordingly.

### B. **The Debtor's Own Admissions And An Independent Assertion Of Value Reflect No Equity.**

The Debtor admits in his Schedules that the value of the Trust Property is $325,000. The Debtor now contends that the Court should consider the value of the Trust Property at the time of the Loan, which the Debtor contends was $542,000.

6
670187.1 [0307032]

The Debtor cannot have it both ways. He has admitted to this Court through his Schedule A that the value of the Trust Property, as of the Petition Date, was $325,000, and he is judicially estopped from asserting a materially higher property value as his needs so require. Although the Debtor's admission of value should resolve the issue, Movants submit through the concurrently filed Supplemental Whitney Declaration that as of December 2008, the value of the Trust Property was independently valued at no more than $310,000. Such valuation is not inconsistent with the Debtor's admission of value.

There is no legitimate, material dispute that the value of the Trust Property, for purposes of this stay relief hearing, is far below the outstanding value of the indebtedness. Based on the Debtor's admission, which is not inconsistent with an independent valuation made in December 2008, the value of the Trust Property is 66% of the amount of the indebtedness, representing an equity shortfall of more than $150,000. Movants have carried their burden, with no need for further evidence, that the Debtor lacks equity in the Property.

### III. NO REASONABLE PROSPECT OF REORGANIZING WITHIN A REASONABLE TIME.

This case has languished for more than one (1) year, and no plan of reorganization has been filed by the Debtor. While the Trust Property might be useful, it is inconsequential to the test of whether the Trust Property is ***necessary*** to an effect a reorganization ***that is in prospect***. *See United Savings Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375-76, 108 S.Ct. 626, 632-33 (1988). The Debtor presents no evidence, and no evidence exists in the record, that there is a plan of reorganization in prospect, that there is any possibility that the Debtor could propose a confirmable plan, or that the Trust property is necessary for reorganization. Absent such evidence, the Debtor cannot carry his burden and refute the Movants' prima facie showing that stay relief is justified.

7

670187.1 [0307032]

## IV. RELIEF REQUESTED

For all the reasons set forth herein and in the Motion, Movants ask the Court to grant the Motion in its entirety, without the need for an evidentiary hearing, and to enter an order for relief as more completely set forth in the Motion.

RESPECTFULLY SUBMITTED this 22nd day of June, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
    Robert J. Miller
    Kyle S. Hirsch
    Two North Central Avenue, Suite 2200
    Phoenix, Arizona 85004
    Attorneys for Movants

COPY of the foregoing served via email
this 22nd day of June, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
andrew@cameronbaxter.net
Debtor in Pro Per

Larry Watson
Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85004
larry.watson@usdoj.gov


/s/ Donna McGinnis

8

670187.1 [0307032]