Robert J. Miller (#013334)
Kyle S. Hirsch (#024155)
BRYAN CAVE LLP
Two N. Central Avenue, 22nd Floor
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Telecopier: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Counsel for Movants

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>ANDREW C. BAILEY,<br><br>    Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-06979-PHX-RTBP |
| THE BANK OF NEW YORK MELLON, as trustee of the CWALT, INC. ALTERNATIVE LOAN TRUST 2007-HY4 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY4; BAC HOME LOANS SERVICING, LP; and MORTGAGE ELECTRONIC REGISTRATION SERVICE,<br><br>    Movants,<br><br>vs.<br><br>ANDREW C. BAILEY,<br><br>    Respondent. | **CONSOLIDATED RESPONSE TO DEBTOR'S OBJECTIONS TO DECLARATIONS IN SUPPORT OF MOTION FOR RELIEF FROM STAY**<br><br><br><br>**Hearing Date: June 23, 2010**<br>**Hearing Time: 1:30 p.m.** |

The Bank of New York Mellon, in its capacity as trustee of the CWALT, Inc. Alternative Loan Trust 2007-HY4 Mortgage Pass-Through Certificates, Series 2007-HY4 ("BNY Mellon"); BAC Home Loans Servicing, LP ("BAC"); and Mortgage Electronic Registration Service ("MERS") (collectively, "Movants") hereby collectively file this consolidated response to the objections filed by debtor and debtor-in-possession, Mr. Andrew Bailey ("Debtor"), to the

declarations filed by Movants in support of their renewed motion for relief from the automatic stay filed on May 14, 2010 at Docket Entry #178 ("Motion").

The Debtor filed separate objections at Docket Entry Nos. 187, 188 and 189 ("Objections") to, respectively:

- the <u>Declaration Of Jacqui E. Whitney In Support Of Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> filed at Docket Entry #180 ("Whitney Declaration");

- the <u>Declaration Of Susan Elsner In Support Of Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> filed at Docket Entry #181 ("Elsner Declaration"); and

- the <u>Declaration Of Michael Cerchio In Support Of Motion For Relief From Stay Regarding Real Property Located At 2560 N. Page Springs Road, Cornville, Arizona</u> filed at Docket Entry #182 ("Cerchio Declaration" and, collectively with the Whitney Declaration and the Elsner Declaration, "Declarations").

Each of the Objections asserts that the testimony offered in support of the Motion consists of inadmissible hearsay pursuant to Federal Rule of Evidence 802. The Debtor further objects to the Whitney Declaration and the Elsner Declaration because the actual business records identified in the witness testimony were not produced therewith. The Debtor also objects to the Cerchio Declaration because he testifies to a specific fact based on his understanding. As set forth below, the Objections are completely without merit and should be overruled in their entirety.

**I.     TESTIMONY IS BASED ON PERSONAL KNOWLEDGE.**

The Debtor mistakenly asserts that the testimony in the Declarations is not based on "first-hand knowledge of the subject transaction." Each of the Declarations clearly states that the declarant has personal knowledge of the matters set forth therein. *See* Declarations, para. 2.

Additionally, a portion of the testimony in each of the Declarations is based on the personal knowledge gained through business records. The Debtor appears to argue that

2

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

670802.1 [0307032]
Case 2:09-bk-06979-RTBP   Doc 196   Filed 06/22/10   Entered 06/22/10 16:16:35   Desc
Main Document   Page 2 of 5

testimony based on personal knowledge consisting of information contained in business records is hearsay. However, information in business records, if properly authenticated, is not hearsay:

> (6) Records of Regularly Conducted Activity. – A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

The Declarations contain testimony that authenticate the business records and the information therein as exceptions from hearsay. Accordingly, testimony based on the personal knowledge of the declarant, which personal knowledge consists of information gained through business records that are not hearsay, is admissible.

## II.  ORIGINAL BUSINESS RECORDS PRODUCTION IS NO BASIS FOR OBJECTION.

The Debtor argues that the Elsner Declaration is somehow defective because testimony asserting possession of a document must be accompanied by the original document. No law supports this theory. The Elsner Declaration competently testifies, based on personal knowledge, that Bank of New York Trust Company, as the custodial agent for Bank of New York Mellon, is in possession of the original promissory note evidencing the indebtedness owing by the Debtor.

The Debtor similarly argues that the Whitney Declaration is somehow defective as lacking "certified evidence, accounting or documentation to support her allegations," requiring that "[t]he business records themselves must be produced." Like the Elsner Declaration, the Whitney Declaration contains competent testimony based on personal knowledge of the facts asserted therein. Moreover, the Whitney Declaration actually attaches, as Exhibits A and B thereto, true and correct copies of the promissory note and the deed of trust referenced therein.

3

670802.1 [0307032]
Case 2:09-bk-06979-RTBP    Doc 196    Filed 06/22/10    Entered 06/22/10 16:16:35    Desc
Main Document    Page 3 of 5

Accordingly, the Debtor has presented no sustainable objection based on production of original business records.

### III. CERCHIO'S UNDERSTANDING IS CONFIRMED BY THE ELSNER DECLARATION.

The Objections also urge that the Cerchio Declaration contains inadmissible testimony because it is based on Mr. Cerchio's "understanding." However, the very fact that Mr. Cerchio asserts based on his "understanding" is indeed verified by the Elsner Declaration – that the promissory note is in the possession of Bank of New York Mellon Trust Company. Accordingly, there is no valid basis for the objection.

### IV. RELIEF REQUESTED

For all the reasons set forth herein Movants ask the Court overrule the Objections in their entirety and grant such other and further relief as the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 22nd day of June, 2010.

**BRYAN CAVE LLP**

By: /s/ KSH, 024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004
Attorneys for Movants

COPY of the foregoing served via email
this 22nd day of June, 2010, upon:

Andrew C. Bailey
2500 N. Page Springs Rd.
Cornville, AZ 86325
andrew@cameronbaxter.net
Debtor in Pro Per

4

670802.1 [0307032]
Case 2:09-bk-06979-RTBP   Doc 196   Filed 06/22/10   Entered 06/22/10 16:16:35   Desc
Main Document   Page 4 of 5

| 1 | Larry Watson |
| - | --- |
| | Office of the United States Trustee |
| 2 | 230 N. First Ave., Suite 204 |
| | Phoenix, AZ 85004 |
| 3 | larry.watson@usdoj.gov |
| 4 | |
| 5 | /s/ Donna McGinnis |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000